```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
SECURITIES AND EXCHANGE COMMISSION,      :     17cv1789 (DLC)
                                         :
                  Plaintiff,             :     MEMORANDUM OPINION
                                         :         AND ORDER
          -v-                            :
                                         :
LEK SECURITIES CORPORATION, SAMUEL       :
LEK, VALI MANAGEMENT PARTNERS d/b/a      :
AVALON FA, LTD, NATHAN FAYYER and        :
SERGEY PUSTELNIK, a/k/a SERGE            :
PUSTELNIK                                :
                                         :
                  Defendants.            :
---------------------------------------- X
```

APPEARANCES

For the Securities and Exchange Commission:
David J. Gottesman
Robert A. Cohen
Olivia S. Choe
Sarah S. Nilson
U.S. Securities and Exchange Commission
100 F Street N.E.
Washington, DC 20549

For Avalon FA Ltd:
James M. Wines
Law Office of James M. Wines
1802 Stirrup Lane
Alexandria, VA 22308

For Avalon FA Ltd:
Steven Barentzen
Law Office of Steven Barentzen
375 Park Avenue, Suite 2607
New York, NY 10152

DENISE COTE, District Judge:

This motion arises out of an action by the SEC alleging that defendants Lek Securities Corporation, Samuel Lek, Vali

Management Partners d/b/a Avalon FA Ltd ("Avalon"), Nathan Fayyer, and Sergey Pustelnik engaged in layering and cross-market manipulation schemes in violation of the Securities Act of 1933 and the Securities Exchange Act of 1934.  On March 10, 2017, the Court entered an ex parte temporary restraining order ("TRO") with respect to the layering scheme, freezing certain Avalon assets.  At a conference on March 13, the parties requested that the preliminary injunction hearing be held on August 2, 2017.  On March 17, Avalon moved to modify the TRO to permit the release of funds in advance of the hearing to pay for attorney's fees and expenses and expert fees and expenses.  The SEC filed its opposition on March 23.  For the following reasons, Avalon's motion is denied.

## DISCUSSION

"The deterrent effect of an SEC enforcement action would be greatly undermined if securities law violators were not required to disgorge illicit profits."  SEC v. Manor Nursing Ctrs., Inc., 458 F.2d 1082, 1104 (2d Cir. 1972).  It is well settled that district courts have authority, "upon a proper showing," to temporarily freeze assets that Congress has "determined are appropriate for forfeiture."  SEC v. Unifund SAL, 910 F.2d 1028, 1041-42 (2d Cir. 1990); see also Manor Nursing, 458 F.2d at 1106.  To modify a temporary restraining order freezing assets to permit the payment of attorney's fees or expert fees, the

applicant must establish that "such a modification is in the interest of the defrauded investors." SEC v. Credit Bancorp Ltd., 99cv11395, 2010 WL 768944, at *4 (S.D.N.Y. Mar. 8, 2010) (citation omitted). The applicant must establish both that the funds he seeks to release are "untainted," and that there are "sufficient funds to satisfy any disgorgement remedy that might be ordered in the event a violation is established at trial." SEC v. Stein, 07cv3125, 2009 WL 1181061, at *1 (S.D.N.Y. Apr. 30, 2009). Applicants have no general right to use frozen assets to pay legal fees, even if those funds are the only way that they would be able to retain the attorney of their choice. Credit Bancorp, 2010 WL 768944, at *3; see also SEC v. Coates, 94cv5361, 1994 WL 455558, at *3 (S.D.N.Y. Aug. 23, 1994).

Avalon has not met its burden of establishing that a modification of the TRO is in the interest of investors. The amount of potential disgorgement for the alleged layering scheme -- which the SEC estimates at more than $21 million -- far exceeds the approximately $5.37 million in frozen assets. To avoid further depletion of funds, it is necessary to maintain the freeze order pending the preliminary injunction hearing.

Avalon principally argues that the SEC will be unable to show at the preliminary injunction hearing that Avalon or its co-defendants violated federal securities law. According to Avalon, the SEC is seeking "an unprecedented and unwarranted

3

expansion of 'manipulation' liability." As discussed at some length at the March 13 conference, the preliminary injunction hearing will address not only the factual basis for the SEC's lawsuit but also the validity of its theory of liability. The parties agreed that expert testimony was essential for the hearing, that expert reports should be exchanged in advance of the hearing, and that the preliminary injunction hearing would be held on August 2. Accordingly, it is premature to revisit the adequacy of the SEC's showing of a violation.

## **CONCLUSION**

Avalon's March 17, 2017 motion to access frozen funds is denied.

Dated:   New York, New York
         March 29, 2017

```
              _____
                       DENISE COTE
              United States District Judge
```