**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                        Plaintiff,<br><br>             v.<br><br>LEK SECURITIES CORPORATION, SAMUEL LEK, VALI MANAGEMENT PARTNERS d/b/a AVALON FA LTD, NATHAN FAYYER, and SERGEY PUSTELNIK a/k/a/ SERGE PUSTELNIK,<br><br>                                        Defendants. | 17-cv-01789 (DLC)<br><br>**ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Samuel Lek ("Mr. Lek") and Lek Securities Corporation ("LSC" and collectively the "Lek Defendants") make this answer to the complaint (the "Complaint") of Plaintiff Securities and Exchange Commission ("Plaintiff").

1.      The Lek Defendants admit that LSC is a broker-dealer based in New York and Mr. Lek is LSC's Chief Executive Officer, but deny the remaining allegations in Paragraph 1 of the Complaint.

2.      The Lek Defendants deny the allegations in Paragraph 2 of the Complaint.

3.      The Lek Defendants deny the allegations in Paragraph 3 of the Complaint.

4.      The Lek Defendants deny the allegations in Paragraph 4 of the Complaint.

5.      The Lek Defendants admit that Fayyer was a principal of Avalon, but deny the remaining allegations in Paragraph 5 of the Complaint.

6.      The Lek Defendants admit that LSC is a registered broker-dealer, Mr. Lek is the Chief Executive Officer of LSC, and Pustelnik was a registered representative of LSC from March 2011 to January 2015, but deny the remaining allegations in Paragraph 6 of the Complaint.

7.      The Lek Defendants deny the allegations in Paragraph 7 of the Complaint.

28675781.3

8.      The Lek Defendants admit that Pustelnik was an independent contractor at LSC, but deny the remaining allegations in Paragraph 8 of the Complaint.

9.      The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint related to Pustelnik's actions outside of his role at LSC, and therefore deny them.  The Lek Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10.     The Lek Defendants deny the allegations in Paragraph 10 of the Complaint.

11.     The Lek Defendants deny the allegations in Paragraph 11 of the Complaint.

12.     The Lek Defendants neither admit nor deny the allegations in Paragraph 12 of the Complaint as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 12.

13.     The Lek Defendants neither admit nor deny the allegations in Paragraph 13 of the Complaint as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 13.

14.     The Lek Defendants neither admit nor deny the allegations in Paragraph 14 of the Complaint as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 14.

15.     The Lek Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     The Lek Defendants deny the allegations in Paragraph 16 of the Complaint.

17.     The Lek Defendants admit that LSC is a broker-dealer based in New York, is registered with Plaintiff, and provides market access to its customers, but deny the remaining allegations in Paragraph 17 of the Complaint.

18.     The Lek Defendants admit that Mr. Lek founded LSC in 1990 and is LSC's Chief Executive Officer and Chief Compliance Officer.  The Lek Defendants also admit that Mr. Lek holds Series 3, 7, 8, 14, 24, 53, and 63 licenses in the securities industry and is an experienced options trader.  The Lek Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.     To the extent Paragraph 19 of the Complaint refers to documents, the Lek Defendants respectfully refer the Court to those documents for their contents.  The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and therefore deny them.

20.     The Lek Defendants admit that Sergey Pustelnik was an independent contractor at LSC and a registered representative at LSC from March 2011 to January 2015, that he agreed to be permanently barred from being associated with any FINRA member, and that he held Series 7, 24, 55, and 63 licenses in the securities industry.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and therefore deny them.

21.     To the extent Paragraph 21 of the Complaint refers to documents, the Lek Defendants respectfully refer the Court to those documents for their contents.  The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint, and therefore deny them.

22.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore deny them.

23.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore deny them.

24.     The Lek Defendants state that no response is required to the allegations in Paragraph 24 of the Complaint.  To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     The Lek Defendants state that no response is required to the allegations in Paragraph 25 of the Complaint.  To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore deny them.

27.     The Lek Defendants admit that Avalon's traders traded through sub-accounts within Avalon's account at LSC, but deny the remaining allegations in Paragraph 27 of the Complaint.

28.     The Lek Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore deny them.

30.     To the extent Paragraph 30 of the Complaint refers to documents, the Lek Defendants respectfully refer the Court to those documents for their contents.  The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint, and therefore deny them.

31.     The Lek Defendants admit that Pustelnik and Mr. Lek reached an agreement pursuant to which Pustelnik would bring customers to LSC, but deny the remaining allegations in Paragraph 31 of the Complaint.

32.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore deny them.

33. The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore deny them.

34. The Lek Defendants admit that Pustelnik was a registered representative associated with LSC from March 2011 to January 2015 and served as one of the registered representatives on Avalon's account, but deny the remaining allegations in Paragraph 34 of the Complaint.

35. The Lek Defendants deny the allegations in Paragraph 35 of the Complaint.

36. The Lek Defendants deny the allegations in Paragraph 36 of the Complaint.

37. The Lek Defendants deny the allegations in Paragraph 37 of the Complaint.

38. The Lek Defendants deny the allegations in Paragraph 38 of the Complaint.

39. The Lek Defendants deny the allegations in Paragraph 39 of the Complaint.

40. The Lek Defendants deny the allegations in Paragraph 40 of the Complaint.

41. The Lek Defendants deny the allegations in Paragraph 41 of the Complaint.

42. The Lek Defendants neither admit nor deny the allegations set forth in Paragraph 42 of the Complaint to the extent the allegations set forth a conclusion of law as to which no response is required.  To the extent a response is required, the Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore deny them.

43. The Lek Defendants deny the allegations in Paragraph 43 of the Complaint.

44. The Lek Defendants deny the allegations in Paragraph 44 of the Complaint.

45. The Lek Defendants deny the allegations in Paragraph 45 of the Complaint.

46. The Lek Defendants deny the allegations in Paragraph 46 of the Complaint.

47. The Lek Defendants deny the allegations in Paragraph 47 of the Complaint.

48. The Lek Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     The Lek Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     The Lek Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     The Lek Defendants neither admit nor deny the allegations set forth in Paragraph 51 of the Complaint to the extent the allegations set forth a conclusion of law as to which no response is required.  To the extent a response is required, the Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and therefore deny them.

52.     The Lek Defendants respectfully refer the Court to the document referenced in Paragraph 52 of the Complaint for its contents, and deny the remaining allegations in Paragraph 52 of the Complaint.

53.     The Lek Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     The Lek Defendants respectfully refer the Court to the documents referenced in Paragraph 54 of the Complaint for their contents, and deny the remaining allegations in Paragraph 54 of the Complaint.

55.     The Lek Defendants respectfully refer the Court to the documents referenced in Paragraph 55 of the Complaint for their contents, and deny the remaining allegations in Paragraph 55 of the Complaint.

56.     The Lek Defendants respectfully refer the Court to the documents referenced in Paragraph 56 of the Complaint for their contents, and deny the remaining allegations in Paragraph 56 of the Complaint.

57.     The Lek Defendants respectfully refer the Court to the document referenced in Paragraph 57 of the Complaint for its contents, and deny the remaining allegations in Paragraph 57 of the Complaint.

58.     The Lek Defendants admit that for a period of time LSC deducted a portion of the legal expenses it incurred due to regulatory inquiries and investigations concerning Avalon's trading from Pustelnik's compensation, and deny the remaining allegations in Paragraph 58 of the Complaint.

59.     The Lek Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     The Lek Defendants neither admit nor deny the allegations set forth in Paragraph 60 of the Complaint to the extent the allegations set forth a conclusion of law as to which no response is required.  To the extent a response is required, the Lek Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     The Lek Defendants respectfully refer the Court to the document referenced in Paragraph 61 of the Complaint for its contents, and deny the remaining allegations in Paragraph 61 of the Complaint.

62.     The Lek Defendants respectfully refer the Court to the document referenced in Paragraph 62 of the Complaint for its contents, and deny the remaining allegations in Paragraph 62 of the Complaint.

63.     The Lek Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     The Lek Defendants respectfully refer the Court to the documents referenced in Paragraph 64 of the Complaint for their contents, and deny the remaining allegations in Paragraph 64 of the Complaint.

65.     The Lek Defendants respectfully refer the Court to the documents referenced in Paragraph 65 of the Complaint for their contents, and deny the remaining allegations in Paragraph 65 of the Complaint.

66.     The Lek Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     The Lek Defendants admit the allegations in Paragraph 67 of the Complaint.

68.     The Lek Defendants admit that LSC provided Avalon with market access to conduct trading, but deny the remaining allegations in Paragraph 68 of the Complaint.

69.     The Lek Defendants admit that LSC and Mr. Lek took steps to attempt to prevent manipulative trading through the firm, but deny the remaining allegations in Paragraph 69 of the Complaint.

70.     The Lek Defendants admit that LSC implemented a layering control through its proprietary Q6 program in February 2013, but deny the remaining allegations in Paragraph 70 of the Complaint.

71.     The Lek Defendants neither admit nor deny the allegations set forth in Paragraph 71 of the Complaint to the extent the allegations set forth a conclusion of law as to which no response is required.  To the extent a response is required, the Lek Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     The Lek Defendants respectfully refer the Court to the document referenced in Paragraph 72 of the Complaint for its contents, and deny the remaining allegations in Paragraph 72 of the Complaint.

73.     The Lek Defendants admit that Pustelnik represented to LSC that Avalon was not engaged in layering, but deny the remaining allegations in Paragraph 73 of the Complaint.

74.     The Lek Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     The Lek Defendants neither admit nor deny the allegations set forth in Paragraph 75 of the Complaint to the extent the allegations set forth a conclusion of law as to which no response is required.  To the extent a response is required, the Lek Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     The Lek Defendants neither admit nor deny the allegations set forth in Paragraph 76 of the Complaint to the extent the allegations set forth a conclusion of law as to which no response is required.  To the extent a response is required, the Lek Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     The Lek Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     The Lek Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     The Lek Defendants neither admit nor deny the allegations set forth in Paragraph 79 of the Complaint to the extent the allegations set forth a conclusion of law as to which no response is required.  To the extent a response is required, the Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint, and therefore deny them.

80.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint related to Pustelnik's actions outside of his role at LSC, and therefore deny them.  The Lek Defendants deny the remaining allegations in Paragraph 80 of the Complaint.

81.     The Lek Defendants respectfully refer the Court to the documents referenced in Paragraph 81 of the Complaint for their contents, and deny the remaining allegations in Paragraph 81 of the Complaint.

82.     The Lek Defendants respectfully refer the Court to the documents referenced in Paragraph 82 of the Complaint for their contents, and deny the remaining allegations in Paragraph 82 of the Complaint.

83. The Lek Defendants respectfully refer the Court to the documents referenced in Paragraph 83 of the Complaint for their contents, and deny the remaining allegations in Paragraph 83 of the Complaint.

84. The Lek Defendants respectfully refer the Court to the documents referenced in Paragraph 84 of the Complaint for their contents, and deny the remaining allegations in Paragraph 84 of the Complaint.

85. The Lek Defendants deny the allegations in Paragraph 85 of the Complaint.

86. The Lek Defendants deny the allegations in Paragraph 86 of the Complaint.

87. The Lek Defendants deny the allegations in Paragraph 87 of the Complaint.

88. The Lek Defendants neither admit nor deny the allegations set forth in Paragraph 88 of the Complaint to the extent the allegations set forth a conclusion of law as to which no response is required.  To the extent a response is required, the Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, and therefore deny them.

89. The Lek Defendants deny the allegations in Paragraph 89 of the Complaint.

90. The Lek Defendants deny the allegations in Paragraph 90 of the Complaint.

91. The Lek Defendants deny the allegations in Paragraph 91 of the Complaint.

92. The Lek Defendants neither admit nor deny the allegations set forth in Paragraph 92 of the Complaint to the extent the allegations set forth a conclusion of law as to which no response is required.  To the extent a response is required, the Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint, and therefore deny them.

93. The Lek Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     The Lek Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     The Lek Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     The Lek Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     The Lek Defendants neither admit nor deny the allegations set forth in Paragraph 97 of the Complaint to the extent the allegations set forth a conclusion of law as to which no response is required.  To the extent a response is required, the Lek Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     The Lek Defendants respectfully refer the Court to the documents referenced in Paragraph 98 of the Complaint for their contents, and deny the remaining allegations in Paragraph 98 of the Complaint.

99.     The Lek Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    The Lek Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    The Lek Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    The Lek Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    The Lek Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    To the extent Paragraph 104 of the Complaint refers to documents, the Lek Defendants respectfully refer the Court to those documents for their contents.  The Lek Defendants deny the remaining allegations in Paragraph 104 of the Complaint.

105.    The Lek Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    The Lek Defendants deny the allegations in Paragraph 106 of the Complaint.

107.    The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint, and therefore deny them.

108.    The Lek Defendants deny the allegations in Paragraph 108 of the Complaint.

109.     To the extent Paragraph 109 of the Complaint refers to documents, the Lek Defendants respectfully refer the Court to those documents for their contents.  The Lek Defendants neither admit nor deny the allegations set forth in Paragraph 109 of the Complaint to the extent the allegations set forth a conclusion of law as to which no response is required.  To the extent a response is required, the Lek Defendants deny the allegations in Paragraph 109 of the Complaint.

110.     The Lek Defendants deny the allegations in Paragraph 110 of the Complaint.

111.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint, and therefore deny them.

112.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint, and therefore deny them.

113.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint, and therefore deny them.

114.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint, and therefore deny them.

115.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint, and therefore deny them.

116.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint, and therefore deny them.

117.     The Lek Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint related to Pustelnik's actions outside of his role at LSC, and therefore deny them.  The Lek Defendants deny the remaining allegations in Paragraph 117 of the Complaint.

118.    The Lek Defendants respectfully refer the Court to the documents referenced in Paragraph 118 of the Complaint for their contents, and deny the remaining allegations in Paragraph 118 of the Complaint.

119.    The Lek Defendants deny the allegations in Paragraph 119 of the Complaint.

120.    The Lek Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

122.    The Lek Defendants state that Paragraph 122 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 122 of the Complaint.

123.    The Lek Defendants state that Paragraph 123 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 123 of the Complaint.

124.    The Lek Defendants state that Paragraph 124 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 124 of the Complaint.

125.    The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

126.    The Lek Defendants state that Paragraph 126 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required.

To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 126 of the Complaint.

127.    The Lek Defendants state that Paragraph 127 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 127 of the Complaint.

128.    The Lek Defendants state that Paragraph 128 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 128 of the Complaint.

129.    The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

130.    The Lek Defendants deny the allegations in Paragraph 130 of the Complaint.

131.    The Lek Defendants deny the allegations in Paragraph 131 of the Complaint.

132.    The Lek Defendants deny the allegations in Paragraph 132 of the Complaint.

133.    The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

134.    The Lek Defendants state that Paragraph 134 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 134 of the Complaint.

135.    The Lek Defendants state that Paragraph 135 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required.

To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 135 of the Complaint.

136.     The Lek Defendants state that Paragraph 136 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 136 of the Complaint.

137.     The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

138.     The Lek Defendants state that Paragraph 138 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 138 of the Complaint.

139.     The Lek Defendants state that Paragraph 139 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 139 of the Complaint.

140.     The Lek Defendants state that Paragraph 140 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 140 of the Complaint.

141.     The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

142.     The Lek Defendants deny the allegations in Paragraph 142 of the Complaint.

143.     The Lek Defendants deny the allegations in Paragraph 143 of the Complaint.

144.     The Lek Defendants deny the allegations in Paragraph 144 of the Complaint.

145.     The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

146.     The Lek Defendants state that Paragraph 146 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 146 of the Complaint.

147.     The Lek Defendants state that Paragraph 147 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 147 of the Complaint.

148.     The Lek Defendants state that Paragraph 148 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 148 of the Complaint.

149.     The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

150.     The Lek Defendants deny the allegations in Paragraph 150 of the Complaint.

151.     The Lek Defendants deny the allegations in Paragraph 151 of the Complaint.

152.     The Lek Defendants deny the allegations in Paragraph 152 of the Complaint.

153.     The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

154.    The Lek Defendants deny the allegations in Paragraph 154 of the Complaint.

155.    The Lek Defendants deny the allegations in Paragraph 155 of the Complaint.

156.    The Lek Defendants deny the allegations in Paragraph 156 of the Complaint.

157.    The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

158.    The Lek Defendants state that Paragraph 158 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    The Lek Defendants state that Paragraph 159 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 159 of the Complaint.

160.    The Lek Defendants state that Paragraph 160 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 160 of the Complaint.

161.    The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

162.    The Lek Defendants deny the allegations in Paragraph 162 of the Complaint.

163.    The Lek Defendants deny the allegations in Paragraph 163 of the Complaint.

164.    The Lek Defendants deny the allegations in Paragraph 164 of the Complaint.

165.   The Lek Defendants incorporate and reassert their responses to Paragraphs 1 through 120 of the Complaint as though set forth fully herein.

166.   The Lek Defendants state that Paragraph 166 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 166 of the Complaint.

167.   The Lek Defendants state that Paragraph 167 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 167 of the Complaint.

168.   The Lek Defendants state that Paragraph 168 of the Complaint relates to a Claim for Relief that is not asserted against the Lek Defendants and therefore no response is required. To the extent a response may be required, the Lek Defendants deny the allegations in Paragraph 168 of the Complaint.

Answering the "Wherefore" Paragraph of the Complaint, the Lek Defendants deny that Plaintiff is entitled to any part of the judgment or relief requested and deny that they are liable to Plaintiff in any manner or amount whatsoever.

## AFFIRMATIVE DEFENSES

The Lek Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of their investigation or preparation for trial it becomes appropriate.

By designating these matters as "defenses," the Lek Defendants do not suggest either that the Plaintiff does not bear the burden of proof as to such matters or that such matters are not

elements that the Plaintiff must establish in order to make out a prima facie case against the Lek Defendants.

The Lek Defendants adopt and incorporate by reference any and all other defenses and/or affirmative defenses asserted or to be asserted by any other Defendant or party-in-interest to the extent that the Lek Defendants may share in such defenses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Lek Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Mr. Lek, LSC, Vali Management Partners d/b/a Avalon FA Ltd, Nathan Fayyer, Sergey Pustelnik, and/or any of the Avalon traders acted in good faith.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Pustelnik's knowledge or intent cannot be imputed to the Lek Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because LSC implemented reasonable policies and procedures to prevent manipulative trading.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because LSC maintained and enforced a reasonable and proper system of supervision and internal control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because LSC was not a control person of Pustelnik for his purported activities at issue in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed on the grounds that the Lek Defendants reasonably and justifiably relied on the representations of Vali Management Partners d/b/a Avalon FA Ltd, Nathan Fayyer, Sergey Pustelnik, and/or any of the Avalon traders.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed on the grounds that the Lek Defendants' actions were caused, in whole or in part, by the fraud of Vali Management Partners d/b/a Avalon FA Ltd, Nathan Fayyer, Sergey Pustelnik, and/or any of the Avalon traders.

## NINTH AFFIRMATIVE DEFENSE

The causes of actions alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing the claims and actions set forth in the Complaint, in whole or in part, by reason of the equitable principle of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing the claims and actions set forth in the Complaint, in whole or in part, by its lack of diligence.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate, minimize, or avoid any damages, any recovery must be reduced in whole or in part.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification, waiver and estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## JURY TRIAL DEMANDED

The Lek Defendants demand a trial by jury.

**WHEREFORE**, having fully answered, the Lek Defendants respectfully requests entry of judgment:

(a)     against Plaintiff and in favor of the Lek Defendants as to all Causes of Action against the Lek Defendants;

(b)     dismissing with prejudice all Causes of Action against the Lek Defendants;

(c)     awarding the Lek Defendants the costs of defending this action, including attorneys' fees, costs, and disbursements; and

(d)     granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
            September 8, 2017

NORTON ROSE FULBRIGHT US LLP

By:  /s/  Steve M. Dollar
Steve M. Dollar
David B. Schwartz
1301 Avenue of the Americas
New York, NY  10103
Tel. (212) 318-3000
Fax. (212) 318-3400
steve.dollar@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

Kevin J. Harnisch (*pro hac vice*)
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Tel. (202) 662-4520
Fax (202) 662-4643
kevin.harnisch@nortonrosefulbright.com

*Attorneys for Defendants Lek Securities*
*Corporation and Samuel Lek*

28675781.3