UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

LEK SECURITIES CORPORATION,
SAMUEL LEK, VALI MANAGEMENT
PARTNERS dba AVALON FA LTD,
NATHAN FAYYER, and SERGEY
PUSTELNIK,

    Defendants.

Case No. 17-CV-1789(DLC)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-12-2017

## SECOND AMENDED STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCLOSURE OF SENSITIVE PERSONAL AND OTHER CONFIDENTIAL INFORMATION

THIS MATTER is before the Court on the request of the parties for entry of an amended stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c).

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") are engaged in discovery proceedings among themselves and third parties, that will include, among other things, the production of documents and the taking of depositions that may reveal sensitive personally identifiable information about individuals that should be protected from further disclosure or use and other confidential information; and

WHEREAS, the parties desire to protect the confidentiality of such information, and previously filed a stipulation and proposed protective order, which was entered by the Court on October 3, 2017 (ECF No. 103) (the "Original Order) and an amended stipulation and proposed

protective order, which was entered by the Court on November 29, 2017 (ECF No. 120) (the "Amended Order"); and

WHEREAS, the parties desire to further amend the Amended Order to address additional matters and to ensure the appropriate treatment of personal and confidential information in this action;

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

1. As used in this Order, the term "Sensitive Personal Information" shall include any one or more of the following categories of personal and private information:

   a. a social security number or an individual's taxpayer identification number;

   b. individuals' financial statements or account numbers for any bank account, credit card account, or brokerage account;

   c. tax returns;

   d. the birth date (except year) of any individual person; and

   e. the name of any individual person who, at the time of the filing of the Complaint in this action, was known to be less than 18 years old.

2. Sensitive Personal Information does not include information about an individual that is lawfully available to the general public.

3. As used in this Order, the term "BSA Information" shall include any document that comprises, includes, or reflects the existence or non-existence of a Suspicious Activity

Report ("SAR") filed with the U.S. Treasury Department's Financial Crimes Enforcement Network pursuant to the Bank Secrecy Act ("BSA") and its implementing regulations.

4. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that includes Sensitive Personal Information, BSA Information, or that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as provided hereunder.

5. The Party or third party producing or disclosing Discovery Material (each, a "Producing Party") may designate as Confidential material that it reasonably and in good faith believes consists of: (i) trade secret information or other confidential research, development, or other sensitive commercial information, (ii) information which the Producing Party is legally obligated by law or contract to keep confidential, and (iii) any other category of information given confidential status by the Court. Documents reflecting orders to buy or sell securities or executed purchases or sales of securities and reports or documents reflecting or containing expert witness analyses may not be designated as Confidential material unless they also contain information that the Producing Party reasonably and in good faith believes consists of information meeting the criteria of (i)–(iii) above.

6. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" the protected portion in a manner that will not interfere with legibility or audibility.

7. Documents containing Sensitive Personal Information or BSA Information need not be stamped as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to be treated as such pursuant to this Order.

8. Documents produced by one or more of the Defendants in the action prior to the entry of this Order shall not be deemed as though designated confidential pursuant to this Order unless (1) the Parties agree in writing to treat such documents as confidential or (2) the documents relate to the design of Lek Securities Corporation's proprietary Q6 system and/or relate exclusively to Lek Securities Corporation's non-Avalon customers. For purposes of subparagraph (2), "documents that relate to the design of Lek Securities Corporation's proprietary Q6 system" shall not be interpreted to include documents containing generalized descriptions of the Q6 controls and their functions, or generalized references to the thresholds used in the Q6 system or to the size of such thresholds.

9. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER;" or (b) notifying the reporter and all counsel of record, in writing, within 21 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 21-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

4

10. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material produced on or after the date of entry of this Order, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation within two business days of providing such notice.

11. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request, (b) a waiver of any privilege or protection, or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

12. No Party or person who has received documents containing BSA Information (whether before or after entry of this Order) shall use or disclose the BSA Information for any purpose at any time, except as may be ordered by this Court. Any person who receives actual or constructive notice of this Order shall maintain the confidentiality of the BSA Information.

13. Except to the extent otherwise provided herein, Sensitive Personal Information and Confidential Discovery Material produced in this action, whether before or after entry of this Order, shall not be used or disclosed except as provided hereunder.

14. Except as otherwise provided herein, Sensitive Personal Information and Confidential Discovery Material:

    a. Shall be used only for the purposes of this litigation;

    b. Shall not be used for any business or commercial purposes;

5

c. Shall not be disclosed to any third party, published, or otherwise made public in any form except as permitted by Paragraphs 14(d), 15, 16, and 19 below;

d. May be disclosed only to the following persons, on an as-needed basis in the course of the litigation, with reasonable precautions taken to ensure the confidentiality of the information:

   i. A Party;

   ii. Counsel for any Party and employees and agents of counsel who have responsibility for the preparation and trial of this action, including but not limited to attorneys as well as secretarial, clerical, administrative, paralegal, legal, or student personnel or contractors, and any person or entity with whom a Party contracts to reproduce or manage documents;

   iii. Deposition and trial witnesses and others whom counsel in good faith have a reasonable expectation may be a deposition or trial witness in the action; provided that such persons shall first be advised of the existence and content of this Stipulation and Protective Order and shall execute a Declaration of Confidentiality in the form attached hereto as Exhibit A;

   iv. A document's author(s), recipient(s), or others to whom the document's author(s) or recipient(s) sent a copy;

   v. Independent (non-employee) consultants, expert witnesses, or advisors retained by any Party or counsel for any Party to assist in

the preparation and trial of this action; provided that such persons shall first be advised of the existence and content of this Stipulation and Protective Order and shall execute a Declaration of Confidentiality in the form attached hereto as Exhibit A, except to the extent that Sensitive Personal Information or Confidential Discovery Material has already been disclosed to such persons, in which case such persons shall be advised of the existence and content of this Stipulation and Protective Order and shall execute a Declaration of Confidentiality in the form attached hereto as Exhibit A, at the earliest practicable time;

vi. The Court, members of the jury, and court personnel, including any Judge or Magistrate assigned to the action, their staff, as well as court reporters or stenographers engaged to record depositions, hearings or trial testimony, and their employees;

vii. Such other persons as hereafter may be authorized by written consent of all the Parties, the original producing party or non-party, or the Court upon motion of any Party or for any other reason.

15. Disclosing Parties shall retain and preserve all completed and signed Declarations of Confidentiality received from persons identified in Paragraphs 14(iii) and 14(v) for the duration of this action and any appeals arising therefrom, or until further order of the Court.

16. In filing Confidential Discovery Material with the Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall follow Rule 4(A) of the Court's Individual

Practice in Civil Cases. Before a Party files any Confidential Court Submission under seal, however, the filing Party must confer with the Party who produced the Confidential Discovery Material contained in the Confidential Court Submission, and the Parties should cooperate to avoid sealed filings to the extent practicable.

17. Any Party who objects to any designation of confidentiality may at any time serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, the Parties can address their dispute to the Court pursuant to Rule 2(C) of the Court's Individual Practices in Civil Cases.

18. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

19. Nothing in this Order shall limit the right of the SEC to make Routine Uses of Information as set forth in SEC Forms 1661 or 1662 except it may not disclose Confidential Discovery Material to the press or the public (*e.g.*, pursuant to paragraph 18 of the Routine Uses) without the consent of the Producing Party.

20. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

21. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding the foregoing, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material, except that archival copies of documents containing BSA Information may not be retained. The Securities and Exchange Commission may retain Confidential Discovery Material produced in this action to the extent necessary to comply with its record keeping obligations under applicable law. Any materials so retained that contain or constitute Confidential Discovery Material remain subject to this Order.

22. If, in connection with this action, a Producing Party inadvertently or mistakenly produces or discloses Discovery Materials subject to a claim of attorney-client privilege, attorney work product protection, the joint defense privilege, the common interest privilege, and/or other privilege or protection ("Inadvertently Produced Information"), then pursuant to Federal Rule of Evidence 502(d), the production or disclosure of the Inadvertently Produced Information shall not operate as a waiver in the pending case or any other federal or state proceeding. Specifically, the provisions of Federal Rule of Evidence 502(b)(2) and (b)(3) are inapplicable to the inadvertent production of Privileged Material under this Order. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

23. If a Producing Party notifies a receiving party of a claim of Inadvertently Produced Information, within seven (7) days of service of the notice (or such other time as the parties mutually agree), the receiving party must take reasonable steps to return, sequester, or destroy all copies of the Inadvertently Produced Information, and any memoranda or notes that reflect the allegedly privileged information, and shall provide a certification of counsel that they have taken such steps.

24. If a receiving party receives Discovery Materials that obviously appear to be subject to attorney-client privilege, work product doctrine, the joint defense privilege, and/or other applicable privilege, the receiving party must refrain from examining the Discovery Materials any more than is necessary to ascertain if the materials are privileged and shall immediately notify the Producing Party in writing that he or she possesses Discovery Material that appears to be privileged.

25. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

26. This Order shall not:

    a. Prejudice in any way the right of a Party to seek a Court determination of whether any particular Sensitive Personal Information, BSA Information, or Confidential information in a document or transcript should be subject to the terms of this Order;

    b. Prevent a Party or non-party's disclosure of its own Sensitive Personal Information or Confidential information; or

c. Prejudice in any way the right of any Party to apply to the Court for a further protective order relating to any other confidential information or information of a sensitive, personal nature.

27. The confidentiality obligations imposed by this Order shall remain in effect even after the final disposition of this litigation unless the Court orders otherwise.

Dated: December 11, 2017

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT JUDGE

Stipulated and agreed to:

Dated: December 11, 2017

_____
David J. Gottesman
Robert A. Cohen
Olivia S. Choe
Sarah S. Nilson
U.S. Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549
Tel: (202) 551-4470 (Gottesman)
GottesmanD@sec.gov
*Attorneys for Plaintiff*

Dated: December 8, 2017

_____
James M. Wines
Law Office of James M Wines
1802 Stirrup Lane
Alexandria, VA 22308
Tel: (202) 297-6768

Steven Karl Barentzen
The Law Office of Steven Barentzen
1575 Eye Street NW, Suite 300
Washington, DC 20005
Tel: (202) 289-4333
Fax: (202) 289-8450
*Attorneys for the Avalon Defendants*

11

Dated: December 7, 2017

/s/ Stephen Mark Dollar

Stephen Mark Dollar
David Barry Schwartz
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 318-3211 (Dollar)

Kevin Harnisch
Norton Rose Fulbright US LLP
799 9th St., NW, Ste. 1000
Washington, DC 20001
Tel: (202) 662-0200 (Harnisch)
*Attorneys for the Lek Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION :<br><br>Plaintiff, :<br><br>v. :<br><br>LEK SECURITIES CORPORATION, SAMUEL LEK, :<br>VALI MANAGEMENT PARTNERS dba AVALON<br>FA LTD, NATHAN FAYYER, and SERGEY :<br>PUSTELNIK, :<br><br>Defendants. :<br>: | Case No. 17-CV-1789(DLC) |

**DECLARATION OF CONFIDENTIALITY**

I hereby acknowledge that I am to receive, or have received, documents or information pursuant to the terms of the Second Amended Stipulation and Protective Order Governing Disclosure of Sensitive Personal and Other Confidential Information ("Order") in the above-captioned case.

I acknowledge receipt of a copy of the Order and certify that I have read it. I agree to be bound by the terms and restrictions set forth in the Order.

I agree to submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to any proceedings relating to or arising from this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Print Name)

_____
(Date)