# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § Plaintiff, § § v. § LEK SECURITIES CORPORATION, § ET AL. § § § § Defendants. § | Civil Action No. 17-CV-01789 (DLC) |

**FINRA'S AMENDED OBJECTIONS AND RESPONSES TO
LEK'S NON-PARTY SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and the Local Rules for the Southern District of New York, non-party Financial Industry Regulatory Authority, Inc. ("FINRA"), by and through its undersigned counsel, hereby responds and objects to the subpoena served by Defendant Lek Securities Corporation and Samuel Lek (collectively, "Lek") on or about November 6, 2017.[1]

**GENERAL OBJECTIONS AND LIMITATIONS**

FINRA asserts the following objections to Lek's requests (individually, a "Request" and collectively, the "Requests"). The following objections apply to the Requests, as well as each and every definition and instruction.

    1.    FINRA's response to a Request that it has or will produce any responsive documents does not constitute a representation that there are any responsive documents. Such

---

[1] These responses and FINRA's production are being made pursuant to an agreement between FINRA's counsel and counsel for Lek, whereby these responses and a rolling production of documents responsive to the subpoena would begin on December 18, 2017.

response shall mean that after conducting a reasonable search, and subject to any and all objections, any non-privileged responsive documents, if any, will be or have been produced.

2. FINRA's decision to produce documents notwithstanding the objectionable nature of any of the definitions, instructions, or Requests should not be construed as (1) a stipulation that the material is relevant; (2) a waiver of FINRA's specific or general objections; or (3) an agreement that requests for similar discovery will be treated in a similar manner.

3. FINRA objects to the Requests to the extent they seek information that is already in the possession, custody, or control of Lek.

4. FINRA objects to the Requests to the extent they seek public or other information that is as easily accessible to Lek as to FINRA.

5. FINRA objects to the Requests to the extent they seek information and documents duplicative of what has already been produced by the Securities and Exchange Commission ("SEC") in this litigation.  To the extent the documents requested are already in the possession, custody or control of other parties to this action, FINRA, a non-party, should not be put through the undue burden and expense of producing or re-producing such documents.

6. FINRA objects to the Requests to the extent they are unreasonably cumulative, duplicative or seek information that can be obtained from some other source that is more convenient, less burdensome or less expensive.

7. FINRA objects to the Requests to the extent they seek to impose obligations upon FINRA beyond the scope of the Federal Rules of Civil Procedure or the Local Rules for the Southern District of New York.

8. FINRA objects to the Requests to the extent they call for or could be construed to call for the disclosure of proprietary, trade secret or other commercially protected information for which no necessity or relevance under the Federal Rules of Civil Procedure has been shown.

9. FINRA objects to the Requests to the extent they seek confidential or proprietary information, trade secrets, surveillance design information, or other surveillance or investigative information, the disclosure of which may damage the business of FINRA, breach any duty, regulatory requirement, or violate any agreement or order pursuant to which FINRA is precluded from disclosing such information.

10. FINRA objects to the Requests to the extent they seek disclosure of any questionnaires, procedures, guidelines, criteria, training or other descriptive materials or files relating to investigative techniques or modalities for surveillance of securities markets and persons engaged in securities activities. Disclosure of investigative techniques or modalities used nationwide would enable individuals to perpetrate wrongful acts in a manner calculated to evade detection, thereby compromising the effectiveness of FINRA's statutorily-delegated regulatory authority.

11. FINRA objects to the Requests to the extent they seek surveillance design information that is part of FINRA's regulatory function and is protected from disclosure by, without limitation, the investigative privilege.

12. FINRA objects to the Requests to the extent they seek information protected by the attorney-client privilege or any other applicable constitutional, statutory, or common-law privilege or protection, including, without limitation, the investigative privilege. FINRA further objects to the Requests to the extent they seek information protected from discovery by the work product doctrine including the mental impressions, conclusions, opinions, or legal theories of an

attorney or persons acting at the direction of an attorney, on the ground that such information is exempt from discovery.

13.     FINRA objects to the Requests to the extent they seek the production of information or knowledge not within its possession, custody or control, on the ground that such discovery exceeds the scope of discovery permissible under the Federal Rules of Civil Procedure.

14.     The general objections stated herein are incorporated by reference into each and every response herein, as if fully set forth below.  No such objection is waived by answering the Request in whole or in part.  Any response provided herein is subject to and limited by the general objections stated herein.

15.     FINRA expressly reserves the right to supplement, modify, amend, correct or clarify its responses and objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     FINRA objects generally to the definitions and instructions propounded by Lek. By attempting to produce documents responsive to the Requests in the subpoena as it understands them, FINRA in no way accedes to the definitions and instructions set forth by Lek. Nothing in these objections and responses should be construed as an admission or acknowledgment by FINRA as to the accuracy or reasonableness of the definitions and instructions.

2.     FINRA objects to each definition or instruction that is inconsistent with or seeks to impose upon FINRA an obligation beyond that required by the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.  FINRA will respond to the Requests in a manner consistent with the Federal Rules of Civil Procedure.

3. FINRA objects to the definitions of "You" and "Your" as overbroad and unduly burdensome to the extent the definitions would require FINRA to provide information not within its possession, custody or control, or to search for and provide information protected by the attorney-client privilege, work product doctrine, or any other applicable constitutional, statutory, or common-law privilege or protection, including, without limitation, the investigative privilege.

4. FINRA objects to Instruction No. 10 to the extent that it obligates FINRA to produce documents in a particular format. FINRA, a non-party, will produce documents in a format that complies with the Federal Rules of Civil Procedure, and that will not require undue burden or expense.

5. FINRA objects to Instruction No. 13 to the extent it sets the relevant time period as September 1, 2010 through present, as this period is unduly broad and overly burdensome.

## OBJECTIONS AND RESPONSES TO REQUESTS

**REQUEST NO. 1**: All documents, including, but not limited to, internal emails, instant messages, and other communications and communications with the SEC, an Exchange, or any other party, concerning possible manipulative trading, including "layering," "spoofing," or "cross-market manipulation" (as described in the SEC's Complaint), involving the Avalon Defendants or the Lek Defendants.

**RESPONSE**: FINRA objects to this Request as overly broad, unduly burdensome and inconsistent with the Federal Rules of Civil Procedure. FINRA further objects to this Request to the extent it calls for information irrelevant to this litigation, and to the extent it seeks documents that are privileged or exempt from discovery under the attorney-client privilege, work product doctrine, or any other applicable constitutional, statutory, or common-law privilege or protection, including the investigative privilege and 15 U.S.C. § 78x(f)(3).

Subject to and without waiving any of the above objections, after conducting a reasonable search, FINRA will produce non-privileged, responsive documents that the SEC has not already produced to Lek in connection with this litigation, in a manner consistent with the Federal Rules of Civil Procedure and in a format that will not require undue burden or expense.

**REQUEST NO. 2**:  All complaints to FINRA concerning possible manipulative trading, including "layering," "spoofing," or "cross-market manipulation" (as described in the SEC's Complaint), involving the Avalon Defendants or the Lek Defendants.

**RESPONSE**:   FINRA objects to this Request as overly broad, unduly burdensome and inconsistent with the Federal Rules of Civil Procedure.  FINRA further objects to this Request to the extent it calls for information irrelevant to this litigation, and to the extent it seeks documents that are privileged or exempt from discovery under the attorney-client privilege, work product doctrine, or any other applicable constitutional, statutory, or common-law privilege or protection, including the investigative privilege.

Subject to and without waiving any of the above objections, after conducting a reasonable search, FINRA will produce non-privileged, responsive documents that the SEC has not already produced to Lek in connection with this litigation, in a manner consistent with the Federal Rules of Civil Procedure and in a format that will not require undue burden or expense.

**REQUEST NO. 3**: All documents, including internal training materials prepared by or with the participation of the Fraud Surveillance Group within the Office of Fraud Detection and Market Intelligence (OFDMI) and/or the Market Regulation department, concerning the definition of or methods for identifying "layering," "spoofing," or "cross-market manipulation" (as described in the SEC's Complaint).

**RESPONSE**:  FINRA objects to the Request in that it seeks surveillance design information that is part of FINRA's regulatory function and is protected from disclosure by, without limitation, the investigative privilege.  FINRA further objects to this Request to the extent it calls for the disclosure of proprietary, trade secret or other commercially protected information for which no necessity or relevance under the Federal Rules of Civil Procedure has been shown, and to the extent it seeks confidential or proprietary information, trade secrets, surveillance design information, or other surveillance or investigative information, the disclosure of which may damage the business of FINRA, breach any duty, regulatory requirement, or violate any agreement or order pursuant to which FINRA is precluded from disclosing such information.  FINRA also objects to the Request to the extent it seeks disclosure of any questionnaires, procedures, guidelines, criteria, training or other descriptive materials or files relating to investigative techniques or modalities for surveillance of securities markets and persons engaged in securities activities, as disclosure of such techniques or modalities would potentially enable individuals engaging in wrongful conduct to evade detection.

Subject to and without waiving any of the above objections, after conducting a reasonable search, FINRA will produce non-privileged, responsive documents in a manner consistent with the Federal Rules of Civil Procedure and in a format that will not require undue burden or expense.

**REQUEST NO. 4**:  All documents, including internal training materials prepared by or with the participation of the Fraud Surveillance Group within the Office of Fraud Detection and Market Intelligence (OFDMI) and/or the Market Regulation department, concerning "layering," "spoofing," or "cross-market manipulation" (as described in the SEC's Complaint) in connection with Cross-Market Supervision Report Cards.

**RESPONSE**:  FINRA objects to the Request in that it seeks surveillance design information that is part of FINRA's regulatory function and is protected from disclosure by, without limitation, the investigative privilege.  FINRA further objects to this Request to the extent it calls for the disclosure of proprietary, trade secret or other commercially protected information for which no necessity or relevance under the Federal Rules of Civil Procedure has been shown, and to the extent it seeks confidential or proprietary information, trade secrets, surveillance design information, or other surveillance or investigative information, the disclosure of which may damage the business of FINRA, breach any duty, regulatory requirement, or violate any agreement or order pursuant to which FINRA is precluded from disclosing such information.  FINRA also objects to the Request to the extent it seeks disclosure of any questionnaires, procedures, guidelines, criteria, training or other descriptive materials or files relating to investigative techniques or modalities for surveillance of securities markets and persons engaged in securities activities, as disclosure of such techniques or modalities would potentially enable individuals engaging in wrongful conduct to evade detection.

Subject to and without waiving any of the above objections, after conducting a reasonable search, FINRA will produce non-privileged, responsive documents in a manner consistent with the Federal Rules of Civil Procedure and in a format that will not require undue burden or expense.

**REQUEST NO. 5**:  Documents sufficient to identify any order and/or execution imbalance ratios that FINRA identifies as consistent with "layering" or "spoofing" (as described in the SEC's Complaint) in connection with Cross-Market Supervision Report Cards.

**RESPONSE**:  FINRA objects to the Request in that it seeks surveillance design information that is part of FINRA's regulatory function and is protected from disclosure by, without limitation,

8

the investigative privilege. FINRA further objects to this Request to the extent it calls for the disclosure of proprietary, trade secret or other commercially protected information for which no necessity or relevance under the Federal Rules of Civil Procedure has been shown, and to the extent it seeks confidential or proprietary information, trade secrets, surveillance design information, or other surveillance or investigative information, the disclosure of which may damage the business of FINRA, breach any duty, regulatory requirement, or violate any agreement or order pursuant to which FINRA is precluded from disclosing such information. FINRA also objects to the Request to the extent it seeks disclosure of any questionnaires, procedures, guidelines, criteria, training or other descriptive materials or files relating to investigative techniques or modalities for surveillance of securities markets and persons engaged in securities activities, as disclosure of such techniques or modalities would potentially enable individuals engaging in wrongful conduct to evade detection.

**REQUEST NO. 6**: All documents, including emails, instant messages, and minutes of calls, concerning internal or external discussions concerning the definition of or methods for identifying "layering," "spoofing," or "cross-market manipulation" (as described in the SEC's Complaint).

**RESPONSE**: FINRA objects to the Request in that it seeks surveillance design information that is part of FINRA's regulatory function and is protected from disclosure by, without limitation, the investigative privilege. FINRA further objects to this Request to the extent it calls for the disclosure of proprietary, trade secret or other commercially protected information for which no necessity or relevance under the Federal Rules of Civil Procedure has been shown, and to the extent it seeks confidential or proprietary information, trade secrets, surveillance design information, or other surveillance or investigative information, the disclosure of which may

damage the business of FINRA, breach any duty, regulatory requirement, or violate any agreement or order pursuant to which FINRA is precluded from disclosing such information. FINRA also objects to the Request to the extent it seeks disclosure of any questionnaires, procedures, guidelines, criteria, training or other descriptive materials or files relating to investigative techniques or modalities for surveillance of securities markets and persons engaged in securities activities, as disclosure of such techniques or modalities would potentially enable individuals engaging in wrongful conduct to evade detection.

Subject to and without waiving any of the above objections, after conducting a reasonable search, FINRA will produce non-privileged, responsive documents in a manner consistent with the Federal Rules of Civil Procedure and in a format that will not require undue burden or expense.

**REQUEST NO. 7**: All documents concerning Terrence Hendershott's role at FINRA.

**RESPONSE**: FINRA objects to this Request to the extent it seeks surveillance design information that is part of FINRA's regulatory function and is protected from disclosure by, without limitation, the investigative privilege. FINRA further objects to this Request to the extent it seeks documents that are privileged or exempt from discovery under the attorney-client privilege, work product doctrine, or any other applicable constitutional, statutory, or common-law privilege or protection.

Subject to and without waiving any of the above objections, after conducting a reasonable search, FINRA will produce non-privileged, responsive documents, in a manner consistent with the Federal Rules of Civil Procedure and in a format that will not require undue burden or expense.

**REQUEST NO. 8**:  All communications between FINRA, including but not limited to, Thomas Gira and any other member of the Market Regulation department, and Terrence Hendershott concerning "layering," "spoofing," "cross-market manipulation" (as described in the SEC's Complaint), the definition of layering, the definition of spoofing, methods for identifying layering, methods for identifying spoofing, order and/or execution imbalance ratios used in connection with identifying layering or spoofing, the Avalon Defendants, or the Lek Defendants.

**RESPONSE**:   FINRA objects to this Request to the extent it seeks surveillance design information that is part of FINRA's regulatory function and is protected from disclosure by, without limitation, the investigative privilege.

Subject to and without waiving any of the above objections, after conducting a reasonable search, FINRA will produce non-privileged, responsive documents, in a manner consistent with the Federal Rules of Civil Procedure and in a format that will not require undue burden or expense.

**REQUEST NO. 9**:  All communications between FINRA, including, but not limited to, communications involving Gene DeMaio and/or Max Tourtelot, and the SEC concerning the subject matter of the SEC Lawsuit.

**RESPONSE**:   FINRA objects to this Request as overly broad, unduly burdensome and inconsistent with the Federal Rules of Civil Procedure.  Additionally, the Request is vague.  To the extent the Request seeks communications between FINRA and the SEC concerning layering, spoofing or cross-market manipulation involving the Lek Defendants or Avalon Defendants, FINRA objects to the Request on grounds of the investigative privilege, work product doctrine and 15 U.S.C. § 78x(f)(3).

11

Dated: January 17, 2018

                                    BAKER BOTTS L.L.P.

                                    By: _____
                                    Richard B. Harper
                                    Jessica F. Rosenbaum
                                    30 Rockefeller Plaza
                                    New York, New York 10112
                                    Tel.: (212) 408-2675
                                    Fax: (212) 259-2475
                                    richard.harper@bakerbotts.com

                                    *Attorneys for Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2018, a true and correct copy of FINRA's Amended Objections and Responses to Lek's Non-Party Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises, was served on Steve Dollar of Norton Rose Fulbright US LLP, via e-mail.

_____
Richard B. Harper