1750 K Street, NW, Suite 700  (p) 202.289.4333  steven@barentzenlaw.com
Washington, DC 20006  (f) 202.888.6268

Law Office of Steven Barentzen

April 12, 2018

Honorable Denise L. Cote
United States District Court
500 Pearl Street
New York, NY 10007

Re: Securities and Exchange Commission v. Lek Securities Corp., et al.
<u>Case No. 17 CV 1789 (DLC)</u>

Your Honor:

On behalf of Defendants Avalon FA Ltd and Nathan Fayyer (the "Avalon Defendants") and Sergey Pustelnik, we write to respond to the SEC's April 10, 2018 letter seeking various forms of relief. First, the Avalon Defendants and Mr. Pustelnik oppose the SEC's request for additional time to complete expert discovery. The SEC's purported basis for needing this extension is that it expects Defendants to have more experts than it anticipated, and that it needs more time to prepare expert replies and take the deposition of Defendant's experts. But neither of these excuses provide the "good cause" necessary for extending the expert discovery deadline.

Everyone in this case has operated under a very tight schedule. That the SEC failed to anticipate the number of experts in this case, first when the Court entered the initial Scheduling Order, and again when that Schedule Order was renegotiated and extended, is no one's fault but its own. The Avalon Defendants and Mr. Pustelnik, who are under-staffed and under-resourced, have been able to meet all Court imposed deadlines. Their earlier request for a reasonable extension to the discovery deadline to allow proper review of the millions of documents produced in this case and to prepare for over twenty depositions was denied. It would be unfair and prejudicial to have denied that request, but to extend the SEC's time for expert discovery when its case for an extension is not only far weaker, but also belated.

Moreover, there is no basis to permit the SEC to submit reply expert reports. Such replies are not provided for in the Federal Rules. Rule 26(a)(2) which the SEC relies on, like the Scheduling Order, provides for rebuttal expert reports only. Even if the Rules did provide for a reply, and they do not, the SEC should have asked for that either when the initial Scheduling Order was issued or when that Order was renegotiated and reissued. It is too late now.

If the Court were to extend the expert discovery deadline, a significant portion of that time should be allocated to extend Defendants' time to submit their rebuttal expert reports. The SEC was required to provide Defendants with both its expert reports and all of the related expert disclosures by March 16, 2018. While the expert reports were timely produced, the SEC failed to complete disclosure of over 200 gigabytes of data, computer code and other materials considered and relied upon by its experts until 10 days later on March 26, 2018.[1] The SEC has failed to

---

[1] In its letter accompanying its March 16 expert report (Ex. A), the SEC indicated that it intended to produce the materials required under Fed. R. Civ. P. Rule 26 "on a rolling basis." Neither the Federal Rules nor the Scheduling Order provide for the SEC to unilaterally extend its time produce the materials required under Rule 26(a)(2)(B)(ii).

Admitted in DC, NY and MD

provide any reason for its failure to comply with the Scheduling Order, much less good cause. This delay in providing the expert disclosures has prejudiced Defendants' ability to prepare their rebuttal reports, which already had to be done on a tight schedule. The Court should either prohibit the SEC from relying at trial on the testimony of any expert whose disclosures were untimely produced, or at a very bare minimum, extend Defendants' time to submit rebuttals 10 days, the same amount of time by which the SEC was late.

Further, if the Court were inclined to extend expert discovery it must also extend the June 15, 2018 due date for summary judgment motions. It would be completely unfair and prejudicial to extend the SEC's time to complete expert discovery at the expense of squeezing out essentially all of Defendants' time to prepare summary judgment motions.

Defendants also oppose the remainder of the SEC's requests. Professor Hendershott's deposition should not be limited to two hours. Professor Hendershott is the SEC's sole witness on "layering," the SEC's main claim in this case. His expert report is long and complicated and purports to analyze hundreds of thousands of trades. While he was previously deposed in the context of the SEC's motion for a preliminary injunction, that was prior to discovery, and as this Court noted at that time (ECF Docket No. 99 at 2), did not prejudice Defendants' rights to depose him during the trial phase of the case: "The Court: Well, if this case goes to trial, you'll have ample opportunity to examine professor – or Dr. Hendershott at that time."

Moreover, Professor Hendershott has repeatedly supplemented his Report since his deposition, including, most recently on March 16, 2018. Experts like Professor Hendershott are routinely deposed for more than one day. Indeed, in this case the SEC got two full days to depose Mr. Pustelnik, who previously had been deposed for two days by the SEC during its investigation. Professor Hendershott is a paid witness and will not be inconvenienced by testifying for the entire time provided by the Federal Rules. On the other hand, arbitrarily limiting that time to two hours would be extremely prejudicial to Defendants.

Finally, Defendants oppose the SEC's proposed order of depositions. In this case, as in virtually every other case, the order of depositions should be the same as the order of expert disclosures – first the primary experts then the rebuttal experts. This is fair to everyone and provides all parties sufficient and equal time to prepare their experts for deposition. The SEC is seeking an obvious improper advantage. The SEC argues that it needs additional expert discovery for use in its expert replies. However, as noted above, there is no basis for the SEC's proposed reply reports. The Court should not afford the SEC the requested undue tactical advantage.

Respectfully submitted,

Steven K. Barentzen

---

The SEC did not complete the production required by the Scheduling Order and the federal rules until two "supplemental" productions on March 20 (Ex. B) and March 26, 2018 (Ex. C).

# EXHIBIT A



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
444 South Flower Street, Suite 900
Los Angeles, CA 90071
Facsimile: (213) 443-1905

**DIVISION OF ENFORCEMENT**

Sarah S. Nilson
Senior Counsel
(323) 965-3871
NilsonS@sec.gov

March 16, 2018

**VIA EMAIL**

Mr. Steven M. Dollar
Mr. David B. Schwartz
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10103

Mr. Kevin Harnisch
Norton Rose Fulbright US LLP
799 9th St. N.W.
Ste. 1000
Washington, DC 20001

Mr. James M. Wines
Law Office of James M Wines
1802 Stirrup Lane
Alexandria, VA 22308

Mr. Steven Barentzen
The Law Office of Steven Barentzen
1750 K Street, Suite 700
Washington, DC 20006

Re: **SEC v. Lek Securities Corp. et al.,
Case No. 17-CV-1789(DLC)**

Dear Counsel:

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), 26(b)(4)(C), and Judge Cote's August 3, 2017 Pretrial Scheduling Order, we are enclosing the following materials:

- Second Supplemental Expert Report of Terrence Hendershott, Ph.D. and exhibits; and

- Expert Report of Neil Pearson, Ph.D., exhibits, and appendices ("Pearson Report").

This production is in addition to the April 3, 2017 Expert Report and June 23, 2017 Supplemental Report of Terrence Hendershott, Ph.D., and attached exhibits and appendices, as well as the expert disclosure materials produced on April 3, 2017.

We anticipate producing additional materials in the excepted categories of information under Rule 26(b)(4)(C) on a rolling basis. *See* Fed. R. Civ. P. Rule 26(b)(3)(A) and (B). We assert work product protection over materials not within these excepted categories, including, for example, draft reports and communications with counsel.

We have made a good faith attempt to remove or redact any privileged materials from this and prior SEC productions. The inclusion of any privileged materials within this or prior productions made by the SEC was inadvertent, and we ask that you refrain from reviewing any such materials and notify us immediately.

We reserve the right to supplement or submit additional expert opinions in accordance with any further schedule the Court establishes for expert witness disclosure and discovery.

Sincerely,

Sarah S. Nilson

Enclosures

# EXHIBIT B



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
444 South Flower Street, Suite 900
Los Angeles, CA 90071
Facsimile: (213) 443-1905

**DIVISION OF ENFORCEMENT**

Sarah S. Nilson
Senior Counsel
(323) 965-3871
NilsonS@sec.gov

March 20, 2018

**VIA EMAIL**

Mr. Steven M. Dollar
Mr. David B. Schwartz
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10103

Mr. Kevin Harnisch
Norton Rose Fulbright US LLP
799 9th St. N.W.
Ste. 1000
Washington, DC 20001

Mr. James M. Wines
Law Office of James M Wines
1802 Stirrup Lane
Alexandria, VA 22308

Mr. Steven Barentzen
The Law Office of Steven Barentzen
1750 K Street, Suite 700
Washington, DC 20006

Re:     **SEC v. Lek Securities Corp. et al.,
        Case No. 17-CV-1789(DLC)**

Dear Counsel:

We are providing supplemental materials regarding our expert witnesses. This will include materials included with this letter, and a small amount of additional materials which we anticipate producing within the next week.

We are making available (by FTP) the following materials with this letter:

- Documents Bates-labeled Z-007066325 – Z-007077107, which includes materials within category 5 of Exhibit 3 to the March 16, 2018 Expert Report of Neil D. Pearson, Ph.D. ("Pearson Report"); and

- Data from Wharton Research Data Services and Market Data Express, Bates-labeled Z-007077108 – Z-007079054, identified in categories 2 and 3 of Exhibit 3 to the Pearson Report.

Please note that the Lime Brokerage trade data, identified in category 4 of Exhibit 3 to the Pearson Report, was previously produced to you at documents labeled Z-006567770 and Z-006567772.

We anticipate that within the next week we will be making a small additional production of materials, which will primarily consist of invoices for Professors Pearson and Hendershott.

The SEC asserts work product protection over materials not within the excepted categories of Federal Rule of Civil Procedure 26(b)(4)(C), including, for example, draft reports and communications with counsel. We further object to producing non-substantive communications with the expert witnesses, given that the burden of segregating such documents from among the privileged materials would be unduly burdensome, not sufficiently relevant to any claim or defense, and therefore not proportional to the needs of the case.

We have made a good faith attempt to remove or redact any privileged materials from this and prior SEC productions. The inclusion of any privileged materials within this or prior productions made by the SEC was inadvertent, and we ask that you refrain from reviewing any such materials and notify us immediately.

Sincerely,

/s/

Sarah S. Nilson

Enclosures (via FTP)

# EXHIBIT C



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
444 South Flower Street, Suite 900
Los Angeles, CA 90071
Facsimile: (213) 443-1905

**DIVISION OF ENFORCEMENT**

Sarah S. Nilson
Senior Counsel
(323) 965-3871
NilsonS@sec.gov

March 26, 2018

**VIA EMAIL**

Mr. Steven M. Dollar
Mr. David B. Schwartz
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10103

Mr. Kevin Harnisch
Norton Rose Fulbright US LLP
799 9th St. N.W.
Ste. 1000
Washington, DC 20001

Mr. James M. Wines
Law Office of James M Wines
1802 Stirrup Lane
Alexandria, VA 22308

Mr. Steven Barentzen
The Law Office of Steven Barentzen
1750 K Street, Suite 700
Washington, DC 20006

Re:   **SEC v. Lek Securities Corp. et al.,
Case No. 17-CV-1789(DLC)**

Dear Counsel:

We are making available (by FTP) a production of supplemental materials regarding our expert witnesses. These materials are being provided as follows:

- Pursuant to our March 22, 2018 agreement with counsel for the Lek Defendants, computer code related to the March 16, 2018 Expert Report of Neil D. Pearson ("Pearson Report"). Please note that the materials in the raw data and NBBO and TAQ data folders are inputs for the code[1]; the underlying data was previously produced, but we are providing it in a format that workw with the code;

---

[1] In addition, the Data Import file previously provided with the Hendershott code on November 3, 2017 operates as an input for the Pearson code.

- Per the request of Avalon counsel, a spreadsheet containing information obtained from the delayed quotes section of the Chicago Board of Options Exchange's website, Bates-labeled Z-007079315, cited in footnote 9 of the Pearson Report;

- Per the request of Avalon counsel, a data dictionary for the previously produced OPRA data, Bates-labeled Z-007079316 – Z-007079320; and

- NBBO and TAQ data, Bates-labeled Z-007079306 – Z-007079314, related to the March 15, 2018 Second Supplemental Expert Report of Terrence Hendershott, which were inadvertently excluded from our prior production.

We are not aware of any additional materials that remain to be produced.

We have made a good faith attempt to remove or redact any privileged materials from this and prior SEC productions. The inclusion of any privileged materials within this or prior productions made by the SEC was inadvertent, and we ask that you refrain from reviewing any such materials and notify us immediately.

Sincerely,

/s/

Sarah S. Nilson

Enclosures (via FTP)