**NORTON ROSE FULBRIGHT**

June 11, 2018

**Via ECF**

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10017-1312

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
United States

Direct line +1 212 318 3211
Fax +1 212 318 3400
steve.dollar@nortonrosefulbright.com

Re:   *SEC v. Lek Securities Corporation, et al.*, Case No. 17-cv-01789 (DLC)

Your Honor:

Defendants Lek Securities Corp. and Samuel Lek respectfully request that the Court clarify that its Scheduling Order does not permit Plaintiff Securities and Exchange Commission ("SEC") to designate an entirely new expert on the deadline for reply reports, 98 days after the Scheduling Order's deadline for designation of experts for which the SEC bears the burden of proof.

The SEC informed defendants on the evening of June 7 that it intends to serve reports from a previously undisclosed expert on June 22, the deadline for the SEC to serve reply reports in response to defendants' rebuttal expert reports. Ex. 1 at 1. The SEC does not argue that defendants' rebuttal experts exceeded the subject matter of the SEC's initial expert witness reports, but instead asserts it has the right to designate a new "industry and trading expert" because defendants "provided rebuttal reports from persons purportedly serving as industry or trading experts." *Id.* The SEC's anticipated use of a new expert plainly violates the Scheduling Order, and the SEC's stated reasons directly conflict with its past disclosure of two claimed trading experts. The tardy disclosure is highly prejudicial to defendants. It also raises serious questions about the SEC's statements to the Court when it requested an extension to serve replies. The parties met and conferred without resolution on June 8.

The SEC's disclosure of a new expert is unauthorized and violates the Scheduling Order. Pursuant to the Order, "[e]xpert reports and disclosure of expert testimony conforming to the requirements of Rule 26(a)(2)(B), Fed. R. Civ. P., by the party bearing the burden on an issue must be served by March 16, 2018." Dkt. No. 98 at 2. The SEC undisputedly bears the burden of proving that trading by Avalon constituted manipulation in violation of the securities laws, and timely identified and disclosed two purported experts, Hendershott and Pearson, on that subject. Nevertheless, during the June 8 meet and confer, the SEC admitted its new expert will address issues on which the SEC bears the burden of proof.[1]

The Court's authorization of "[r]eplies to rebuttal expert reports" does not permit disclosing new experts. Dkt. No. 177 at 2. Prior to service of defendants' rebuttal expert reports, the SEC requested and was granted the ability to serve reply reports. In seeking that relief, the SEC made

---

[1] To the extent the SEC's new expert offers rebuttal testimony on matters for which the SEC does not bear the burden of proof, such disclosure would also be untimely. *See* Dkt. No. 177 at 2 ("Identification of rebuttal experts and disclosure of their expert testimony must occur by May 11, 2018").

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Hon. Denise L. Cote  
June 11, 2018  
Page 2

**NORTON ROSE FULBRIGHT**

no request to identify additional experts, and, during the telephone conference on the SEC's request, Your Honor made clear the reason for allowing the replies was so "the testimony of experts will be confined at trial to the scope of their expert reports." Dkt. No. 178 at 3:21-4:3.

The SEC has not argued, nor could it, that defendants' rebuttal expert reports go beyond the subject matter addressed in the reports of the SEC's two original, timely-disclosed experts. In its email and during the meet and confer, the SEC provided no justification for its planned late disclosure of a new expert other than defendants having "provided rebuttal reports from persons purportedly serving as industry or trading experts" and the SEC's desire to do the same. Ex. 1 at 1. But the SEC's already-disclosed experts, Hendershott and Pearson, hold themselves out as trading experts. Ex. 2 ¶ 2 ("My expertise and research interests focus on . . . high-frequency trading."); Ex. 3 ¶ 5 ("Large parts of my teaching, research, and consulting involves . . . options trading."). And purportedly based on their self-identified expertise, they offered opinions on trading, including how the markets operate (Exs. 2 ¶ 12; 3 ¶¶ 16-24), what constitutes "legitimate" trading, (Exs. 2 ¶ 18; 3 ¶¶ 34, 89-92), whether certain of Avalon's trading was consistent with the allegedly manipulative strategies described in the complaint (Exs. 2 ¶¶ 16-44; 3 at ¶¶ 32-99), and the effects of those strategies on the markets, (Exs. 2 ¶¶ 11, 45-47; 3 at ¶¶ 15, 100-04). Thus, the SEC has already identified experts it believes are capable of offering opinions on the trading in question.

The SEC's late disclosure of a new expert would unquestionably prejudice defendants by turning the parties' burdens in expert discovery contemplated by Fed. R. Civ. P. 26 and the Scheduling Order on their head. Allowing the SEC to identify a new expert in replying to rebuttal reports, especially on the eve of expert depositions, is "inherently unfair." *See Oracle America, Inc. v. Google Inc.*, No. C 10-03561, 2011 WL 5572835, at *2-4 (N.D.Cal. Nov. 15 2011) (striking reply expert reports of a new expert who did not serve an opening report).

The SEC's conduct also raises serious questions about the SEC's candor with the Court. The SEC waited four weeks after service of rebuttal reports to inform defendants of its intentions to use a new expert. In the interim, the SEC sought and received an extension of the deadline for reply reports—purportedly based on deficiencies in defendants' expert production—without giving the Court or defendants any indication that it would use the additional time to hire a new expert and prepare his reports. *See* Dkt. No. 180. The SEC's failure to state the whole reason it sought additional time, by itself, justifies preclusion. *See Sandata Techs. v. Infocrossing, Inc.*, No. 05 CIV. 09546, 2007 WL 4157163, at *8–9 (S.D.N.Y. Nov. 16, 2007) (excluding reports as "untimely, unauthorized, and created under false pretenses" when extension obtained on other grounds was "utilized by [the expert] to prepare the two unauthorized reply reports.").

In light of the foregoing, we respectfully request that the Court clarify that the SEC may not designate an entirely new expert at the reply deadline and prevent the SEC from doing so.

Respectfully submitted,

*/s/ Steve Dollar*

Steve Dollar  
cc:   All Counsel of Record