

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 F St. N.E.
Washington, D.C. 20549

David J. Gottesman
Deputy Chief Litigation Counsel
(202) 551-4470
GottesmanD@sec.gov

**DIVISION OF ENFORCEMENT**

June 12, 2018

VIA ECF

Honorable Denise L. Cote
United States District Court
500 Pearl Street
New York, NY 10007

      Re:  <u>SEC v. Lek Securities Corp. et al.</u>, Case No. 17 CV 1789 (DLC)

Dear Judge Cote:

      We write in response to the two letters dated June 11, 2018 from counsel for defendants regarding the SEC's identification of a counter-expert witness (ECF Nos. 188-189).

      The SEC submitted its expert reports on March 16, 2018. The SEC designated two experts (Terrence Hendershott, Ph.D., and Neil Pearson, Ph.D.), who are distinguished professors at leading universities and experts on finance and market microstructure (Hendershott) and options (Pearson). They each conducted econometric studies of the relevant trading, and found patterns of activity by defendant Avalon consistent with the two manipulative schemes described in the SEC's Complaint.

      The defendants submitted rebuttals by four expert witnesses on May 11, 2018.[1] Only one of those experts, David Ross, performed econometric analyses purporting to rebut the analyses of Professors Hendershott and Pearson. Two other rebuttals were submitted by Alan Grigoletto and Haim Bodek,[2] who purport to rely upon their experience as traders to challenge the SEC's experts' explanations of how the markets function and their opinions about the trading in this case.[3]

      Professors Hendershott and Pearson are plainly familiar with how the securities markets work and will submit replies responding to the defense experts' opinions. But it is important for the SEC to have a trader expert to directly counter Mr. Bodek's and Mr. Grigoletto's arguments that they know how the markets work because of their purported experience as traders. Accordingly, *after* receiving the reports of Mr. Bodek and Mr. Grigoletto, the SEC retained a trader expert, Lawrence Pines, ***solely as a counter-expert*** to the defense trader experts – i.e., to reply to Mr. Bodek and Mr. Grigoletto and, if necessary, to testify only in the SEC's rebuttal case. The

---

[1] The Lek Defendants filed one expert witness report on March 16, 2018, related to the sufficiency of Lek's control systems. That report is not relevant here.

[2] The fourth expert, Ronald Filler, is a law professor. He apparently worked in the securities industry many years ago, although it is unclear whether he relies on that background for his opinions, which are primarily legal. Although the SEC refers herein to the persons identified by the defendants as "experts," the SEC reserves the right to move to exclude any of the defense experts on *Daubert* grounds or otherwise.

[3] For example, Mr. Bodek challenges one of Professor Hendershott's analyses as a "simplistic ***academic*** representation," pointing to his own "***direct experience***." Bodek Layering Report, ¶ 118 (emphasis added). Similarly, Mr. Grigoletto disputes the validity of some of Professor Hendershott's analyses, claiming that he (Grigoletto) has "never seen these analyses in my decades ***as a trader***…." Grigoletto Report, ¶ 54 (emphasis added); *see also id*. ¶ 61(claiming that Professor Pearson "ignores the ***realities of how trading actually happens***" (emphasis added)).

defendants argue that the SEC should have disclosed Mr. Pines earlier. But the SEC's need to present a trader expert only arose because certain defense experts claim that their trading experience shows something unique about the market. Thus, the SEC offers Mr. Pines to reply to those opinions, from his perspective as a trader. This is the very sort of reply authorized by the Court.

The defendants cite a number of cases, but they are either distinguishable or, in fact, weigh in favor of the SEC's position here. Lek, for example, cites *Sandata Tech., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163, at *5, 8 (S.D.N.Y. Nov. 16, 2007), to suggest that the SEC "fail[ed] to state the whole reason it sought additional time." ECF No. 188, at 2. But in *Sandata*, a party submitted two reply reports *after* the court had already "specifically denied" the party's request to do so – one during the deposition of the expert who had authored the reply, and one several days thereafter. The party had also asked the court for additional time to prepare for a deposition, without mentioning that it would be submitting reply reports.

No such fact pattern exists here. The SEC expressly sought and received permission to submit reply reports. ECF Nos. 169-171. And the most recent extension of the expert discovery schedule was primarily the result of Lek's failure to timely produce computer code and other required expert disclosures. ECF Nos. 180, 182-183, 186. Professors Hendershott and Pearson needed and are using the additional time to sort through the defense's econometric analysis and to respond to the defense expert reports. The fact that the SEC has also retained Mr. Pines to prepare a reply does not somehow invalidate the SEC's stated reasons for the enlargement. Defendants have no basis to question the SEC's candor before the Court.

Avalon cites *Oracle Am., Inc. v. Google, Inc.*, 2011 WL 5572835, at *2-3 (N.D. Cal. Nov. 15, 2011), for the proposition that it would be "unfair" to permit a reply expert report to be submitted by a new expert who had not served an opening report. ECF No. 188, at 2. But in *Oracle*, the court held, as a "matter of case management," that the plaintiff, who sought to present a new expert on reply, had failed to "identif[y] any issue . . . whose rebuttal ***might require or be enhanced by some specialty***" of the new expert (emphasis added). Here, the SEC has made precisely that showing: Mr. Pines's specialty is trading, and he will reply upon that specialty to respond to the opinions that defendants' experts offer based upon their alleged trading experience.

Unsurprisingly, courts have permitted parties to identify new experts to reply in similar situations. *See, e.g.*, *Duval v. U.S. Xpress Enters., Inc.*, 2005 WL 6021864, at *4 (N.D.N.Y. Oct. 13, 2005) (plaintiff failed to make initial expert disclosure on liability, defendants disclosed their expert on liability thereafter, plaintiff was permitted to introduce new expert in rebuttal); *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2015 WL 4451579, at *4 (N.D. Cal. Jul. 20, 2015) (allowing newly disclosed expert, stating, "[i]t is not always possible for a party fully and accurately to predict the full scope of its adversary's expert testimony. To adopt defendants' interpretation would foreclose the possibility of a party responding to unanticipated expert testimony.").

Defendants have failed to show prejudice arising from the SEC's identification of Mr. Pines as a reply expert, particularly since Mr. Pines's reply report will be limited to rebutting arguments made by the defendants' own experts, and defendants will have an opportunity to depose Mr. Pines during expert discovery. ECF No. 189-1. The Court should deny their requests to preclude the SEC from submitting a reply report by Mr. Pines or calling him, if necessary, in its rebuttal case.

Respectfully submitted,<br>
/s/ David J. Gottesman<br>
Deputy Chief Litigation Counsel<br>
Division of Enforcement

cc (via ECF):  All counsel of record