UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :    17cv1789 (DLC)
SECURITIES & EXCHANGE COMMISSION,         :
                                          :    MEMORANDUM OPINION
                    Plaintiff,            :    AND ORDER
                                          :
              -v-                         :
                                          :
LEK SECURITIES CORPORATION, SAMUEL LEK,   :
VALI MANAGEMENT PARTNERS d/b/a AVALON     :
FA, LTD., NATHAN FAYYER, and SERGEY       :
PUSTELNIK a/k/a SERGE PUSTELNIK,          :
                                          :
                    Defendants.           :
                                          :
------------------------------------------X

APPEARANCES

For the plaintiff:
David J. Gottesman
Olivia S. Choe
Sarah S. Nilson
U.S. Securities and Exchange Commission
100 F Street N.E.
Washington, District of Columbia 20549

For defendants Lek Securities Corporation and Samuel Lek:
Steve M. Dollar
David B. Schwartz
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019

Kevin J. Harnisch
Norton Rose Fulbright US LLP
799 9th Street N.W., Suite 1000
Washington, District of Columbia 20001

Ronald D. Smith
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201

For defendants Vali Management Partners d/b/a Avalon FA, Ltd.,
Nathan Fayyer, and Sergey Pustelnik:
James M. Wines
Law Office of James M. Wines
1802 Stirrup Lane
Alexandria, Virginia 22308

Steven Barentzen
Law Office of Steven Barentzen
17 State Street, Suite 400
New York, New York 10004

DENISE COTE, District Judge:

On October 8, 2018, defendants Avalon FA Ltd., Nathan Fayyer, and Sergey Pustelnik (the "Avalon Defendants") and defendants Lek Securities Corporation and Samuel Lek (the "Lek Defendants") filed, under seal, motions to compel production of documents relating to one of the SEC's witnesses. For the following reasons, the motions are denied.

## Background

This action was filed in March 2017. Discovery is now complete and briefing on the Lek Defendants' motion for summary judgment is ongoing. On September 20, 2018, the SEC moved to require the defendants to file any motion to compel relating to one of its witnesses under seal. The defendants opposed this request by letters also filed on September 20. Letters were filed under seal on September 25 further explaining the parties' positions. A conference was held on October 2, after which an

Order was issued granting the SEC's request to proceed under seal and setting a schedule for the motions to compel.[1]

The motions to compel were filed on October 8. The defendants seek further documents and a third deposition of a witness. The motions became fully submitted on October 22. On October 18, the SEC requested a protective order to cover a document it submitted under seal as an exhibit. This motion was granted on October 19. On October 22, the Lek Defendants objected to the protective order and asked the Court to reconsider its decision to seal these motion papers.

**Discussion**

The motions to compel are governed by Rule 26(b)(1), Fed. R. Civ. P., which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. In addition, a party may cross-examine a witness about specific instances of a witness's conduct if such conduct is probative of the witness's character for truthfulness or untruthfulness. See

---

[1] In order to avoid having to redact portions of this Opinion, this Opinion does not refer to the relevant individuals or entities by name.

Fed. R. Evid. 608(b).

The motions to compel relate to an allegation that one of the SEC's witnesses harassed a former romantic partner ("Partner") and to discipline and court actions related to this alleged harassment. The alleged harassment, court actions, and discipline took place over twelve years ago. The relationship between the witness and the Partner ended over fifteen years ago.

The defendants argue that the witness made untruthful statements in connection with three passages in the witness's deposition testimony. The deposition testimony was (1) that a temporary restraining order was denied,[2] (2) that no employees at a former employer or the current employer of the witness had filed complaints against the witness, and (3) that the witness was not aware of having been disciplined by any employer. The parties have submitted, also under seal, the relevant records.

With regard to the witness's testimony that a temporary restraining order was "denied" there is no reasonable basis to find that the witness was untruthful. A temporary restraining order was issued and reissued on the basis of an ex parte application, and then denied at a hearing. It is not false to

---

[2] It was the witness who disclosed during the deposition that the Partner had applied for a temporary restraining order.

describe those proceedings by stating that a temporary restraining order was denied.

With regard to the second question, the defendants do not contend that the deposition testimony was inaccurate in any respect. Instead, they contend that the errata sheet submitted after the deposition contained an error. In response to defense counsel's questions about the witness's current and prior employer, the witness testified during the deposition that the witness did not believe any employees at those two employers had filed complaints against the witness. The witness later submitted an errata sheet to add that the Partner had once filed a complaint with the witness's current employer. The errata sheet also added that, although the Partner was not an employee of the prior employer at the time the Partner filed the complaint, the Partner had once worked there. The Avalon Defendants contend that this errata sheet statement is untruthful because, they assert, the complaint was filed by a person related to the Partner, not by the Partner. The documents submitted by the Avalon Defendants to support that argument do not actually address the witness's understanding of the origin of the complaint. In any event, the deposition testimony was truthful, and this argument about volunteered supplemental information on an errata sheet is remote in the

extreme from any relevant issue of credibility.

Finally, the witness was asked, "Have you ever been disciplined in any way by any [employer] that you have worked for?" The witness answered, "Not that I know of." The errata sheet for the deposition notes that the witness received a letter of admonition. The reason given for this change is: "After my deposition, review of records refreshed my recollection." The records submitted by the SEC reveal that the witness's employer issued a letter of admonition in 2006, which was removed from the witness's file in 2016.

The motions to compel are denied for two reasons.[3] First, this line of questioning -- about strife in the witness's personal life that occurred over a decade ago -- was inappropriate. The relationship between the witness and the Partner has no bearing whatsoever on the issues at stake in this litigation, or the witness's capacity to give relevant, reliable, and helpful trial testimony. Compounding the harassment reflected in this inappropriate line of questioning, the defendants now seek to throw this material into the public record and to insert it into the trial on the ground that the answers (to questions that they should never have asked) are

---

[3] This application to reopen discovery could also be denied as untimely, but this Opinion reaches the merits of the request.

false.

Second, the defendants have not shown that the answers given were untruthful or that the truthfulness of those answers are appropriate issues to explore at trial. The witness's statement in response to the first and second lines of questioning at the deposition were accurate and truthful. The debate about the accuracy of the errata sheet that supplemented the record regarding the second question -- whether the Partner or the Partner's relative was the person who filed the complaint that the witness voluntarily disclosed -- is a complete red herring. The argument over who filed the complaint or over the precision of the witness's recollection about who filed the complaint over twelve years ago has nothing at all to do with the issues at stake in this litigation or with the credibility of the witness. Allowing further discovery relating to the source of the complaint and what the witness was told about the source of the complaint -- issues collateral to the already collateral issue of remote and private conduct -- would be entirely inappropriate.

The witness's recollection was mistaken as to the third question. The witness promptly reviewed documents regarding the third question and advised the defendants of additional information in the errata sheet. The bottom line is that an

event that took place over twelve years ago between the witness and a former romantic partner does not have any relevance to the witness's credibility now, and the witness's answers during the deposition do not alter that fact.

## Conclusion

The October 8, 2018 motions to compel are denied. The motion papers and applications connected to this motion shall remain sealed.

Dated:     New York, New York
           October 26, 2018

                                    _____
                                           DENISE COTE
                                    United States District Judge