```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,      :     17cv1789 (DLC)
                                         :
                          Plaintiff,     :     ORDER
                                         :
              -v-                        :
                                         :
LEK SECURITIES CORPORATION, SAMUEL       :
LEK, VALI MANAGEMENT PARTNERS d/b/a      :
AVALON FA, LTD., NATHAN FAYYER, and      :
SERGEY PUSTELNIK a/k/a SERGE             :
PUSTELNIK,                               :
                                         :
                          Defendants.    :
                                         :
----------------------------------------X
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/2019

DENISE COTE, District Judge:

On November 19, 2018, defendants Lek Securities Corporation and Samuel Lek (the "Lek Defendants") filed a motion to exclude or limit the testimony of two summary witnesses offered by the Securities and Exchange Commission ("SEC"). An Order dated November 20 stayed briefing on that motion pending resolution of the Lek Defendants' August 24 motion for summary judgment.

An Opinion and Order dated March 28, 2019 denied the Lek Defendants' motion for summary judgment. Three Opinions and Orders dated March 14, March 21, and April 8, 2019 resolved the parties' motions to exclude expert testimony pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). An Order dated March 29 scheduled briefing on the Lek Securities' motion for partial reconsideration of the March 14 Opinion.

It is hereby

ORDERED that the parties are instructed to contact the chambers of Magistrate Judge Gorenstein prior to **April 12, 2019** in order to pursue settlement discussions under his supervision.

IT IS FURTHER ORDERED that the SEC shall respond to the Lek Defendants' November 19 motion by **May 3, 2019**. The Lek Defendants' reply, if any, shall be filed by **May 10**. At the time any reply is filed, the moving party shall supply Chambers with two (2) courtesy copies of all motion papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York.

IT IS FURTHER ORDERED that the Joint Pretrial Order must be filed by **July 12, 2019**. As described in greater detail in this Court's Individual Practices in Civil Cases, the following documents must be filed with the Pretrial Order: Voir Dire, Requests to Charge and a Memorandum of Law addressing all questions of law expected to arise at trial. Any responsive papers are due one week thereafter. Counsel will provide the Court with two (2) courtesy copies of all pretrial documents at the time of filing.

IT IS FURTHER ORDERED that this case is placed on the **July 22, 2019** trial ready calendar. Counsel must be ready to proceed on 24 hours notice. Counsel may contact the Deputy Clerk, Gloria Rojas, to learn where your case stands on the calendar.

IT IS FURTHER ORDERED that the following procedures shall govern the conduct of the trial.

1. All exhibits must be pre-marked.

2. At the start of the trial each party will present the Court with the following documents:

    (a) Three copies of a complete exhibit list.

    (b) A set of pre-marked exhibits assembled sequentially i) in a looseleaf binder, or ii) in separate manila folders labelled with the exhibit numbers and placed in a suitable container or box for ready reference.

    (c) The exhibits should include copies of the sections of any depositions that are intended to be offered into evidence, expert reports, and any charts or summaries of evidence.

3. Counsel should be available every day at 9:00 a.m. (except for the first day of trial) in order to discuss with the Court any legal or evidentiary issues expected to arise during the day.

4. Testimony will generally be taken between 9:30 and 5:00 from Monday through Thursday. There will be a mid-morning, a mid-afternoon and a lunch break from 12:45 p.m. to 2 p.m.

5. There should be no sidebars during jury trials. Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court in advance of the time that the jury will be hearing the evidence.

6. If counsel intend to distribute copies of documentary exhibits to the jury, make a separate copy for each juror.

7. Counsel should make certain that they have custody of all original exhibits. The Court does not retain them and the Clerk is not responsible for them.

Dated: New York, New York
April 9, 2019

*(signature)*
DENISE COTE
United States District Judge