UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :       17cv1789 (DLC)
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :          ORDER
                Plaintiff,           :
                                     :
        -v-                          :
                                     :
LEK SECURITIES CORPORATION, SAMUEL   :
LEK, VALI MANAGEMENT PARTNERS d/b/a  :
AVALON FA, LTD., NATHAN FAYYER, and  :
SERGEY PUSTELNIK a/k/a SERGE         :
PUSTELNIK,                           :
                                     :
                Defendants.          :
                                     :
-------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED. 4-11-209

DENISE COTE, District Judge:

On December 7, 2018, this Court ruled that documents and

issues that defendants Avalon FA, Ltd., Nathan Fayyer, and

Sergey Pustelnik (the "Avalon Defendants") seek to use at trial

to impeach a witness offered by plaintiff United States

Securities and Exchange Commission ("SEC") "will not be the

subject of examination at trial" and "will not be the subject of

discovery."  A Memorandum Opinion and Order of October 26, 2018

had previously denied the defendants' request to compel

production of the documents in question.  See SEC v. Lek Sec.

Corp., No. 17cv1789(DLC), 2018 WL 5981952, at *3 (S.D.N.Y. Oct.

26, 2018) (the "2018 Opinion").  The December 7 ruling ordered

all defendants to "cease and desist all attempts to access this

information by any means whatsoever."

On December 21, the Avalon Defendants filed a motion for reconsideration of the December 7 ruling, attaching the very documents to which the December 7 ruling was addressed. An Order dated December 21 stayed further briefing on the December 21 motion for reconsideration.

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

The Avalon Defendants' motion for reconsideration is denied. The Avalon Defendants have harassed the SEC witness by pursuing these documents and inquiring into these matters. As explained in the 2018 Opinion, evidence concerning these events in the witness's personal life have "no bearing whatsoever" on the issues to be tried or the witness's ability to give reliable testimony at trial. Lek Sec. Corp., 2018 WL 5981952, at *2. A review of the documents provided by the Avalon Defendants does not change that conclusion.

2

The motion papers and applications connected to this motion

shall remain under seal.

SO ORDERED:

Dated:     New York, New York
           April 11, 2019

                                    _____
                                    DENISE COTE
                                    United States District Judge

3