

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 F St. N.E.
Washington, D.C. 20549

**DIVISION OF ENFORCEMENT**

David J. Gottesman
Deputy Chief Litigation Counsel
(202) 551-4470
GottesmanD@sec.gov

May 10, 2019

<u>VIA ECF</u>

Honorable Denise L. Cote
United States District Court
500 Pearl Street
New York, NY 10007

    Re:  <u>Securities and Exchange Commission v. Lek Securities Corp. et al.</u>
           Case No. 17 CV 1789 (DLC)

Dear Judge Cote:

      Pursuant to Paragraphs 1.A and 1.E of the Court's Individual Practices, the SEC requests a resetting of the date for the trial of this case in order to accommodate the schedules of trial witnesses. Accordingly, the SEC requests that the trial begin on November 12 or 18, 2019. The defendants have informed us that they do not oppose this request (the Lek Defendants have agreed, subject to the issue set forth in note 1, below). No previous extensions have been requested.

      In an order entered on April 10, 2019, this Court placed this case on the July 22, 2019 trial ready calendar. The SEC anticipates that trial of this case will take approximately three weeks. The SEC has consulted with its likely trial witnesses regarding their schedules. A number of them, including one of the SEC's expert witnesses, have scheduling conflicts during the anticipated trial period, including long-planned foreign travel that cannot be rescheduled.

      These scheduling conflicts are further complicated by the fact that – given the highly complex nature of this case – it will be especially important to call witnesses in a particular sequence, rather than when they happen to be available. For example, one of the SEC's key witnesses will be out of the country during the first week of trial, but the SEC respectfully submits that it will be necessary for this witness to testify early in the trial in order for his testimony to be most helpful to the jury. Another key witness, whose testimony might only be meaningful to the jury if presented later in the trial – after substantial other evidence has been presented – will be out of the country during the second and third weeks of the anticipated trial period. The SEC respectfully submits that these witness scheduling issues will make it difficult to present the case in a sequence and manner that would be most helpful to the jury.

      The SEC has consulted with both its likely witnesses and counsel for the defendants regarding potential alternative dates.  The earliest date on which all parties and their witnesses are available is November 12.[1]  A trial beginning on November 12 or November 18 would accommodate the witnesses' schedules.  Accordingly, the SEC respectfully requests that the Court enter an order moving the start date for trial of this case to November 12 or November 18.

      Additionally, the SEC anticipates that a number of issues will be presented to the Court with respect to admissibility of evidence and other pre-trial issues.  Accordingly, the SEC respectfully requests that the pre-trial order be due approximately 30 days before the trial, so that there will sufficient time for briefing and resolution of these issues.

      Therefore, the SEC respectfully requests that the Court reset the trial date, as set forth above.[2]

      Respectfully submitted,

      /s/  David J. Gottesman
      Deputy Chief Litigation Counsel
      Division of Enforcement

cc (via ECF):  All counsel of record

---

[1] Counsel for the Lek Defendants indicated their expert witnesses have other cases in which they may need to testify during the relevant period in November or December, so they may need to present those defense witnesses earlier, during the SEC's case.  The SEC does not object to reasonable accommodations for those witnesses' other trial schedules.

[2] The SEC notes that the parties engaged in a settlement conference with Magistrate Judge Gorenstein on May 7, 2019, and settlement discussions among the parties are continuing.