UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>              v.<br><br>LEK SECURITIES CORPORATION, SAMUEL LEK, VALI MANAGEMENT PARTNERS d/b/a AVALON FA LTD, NATHAN FAYYER, and SERGEY PUSTELNIK a/k/a/ SERGE PUSTELNIK,<br><br>                              Defendants. | 17-cv-01789 (DLC) |

# DEFENDANTS LEK SECURITIES CORPORATION AND SAMUEL LEK'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO REOPEN EXPERT DISCOVERY

Richard D. Owens
Nicholas L. McQuaid
Alysha M. Naik
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Tel:       (212) 906-1200
Fax:       (212) 751-4864
richard.owens@lw.com
nicholas.mcquaid@lw.com
alysha.naik@lw.com

Steve M. Dollar
David B. Schwartz
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019
Tel.:      (212) 318-3000
Fax:       (212) 318-3400
steve.dollar@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

Kevin J. Harnisch (*pro hac vice*)
799 9th Street NW, Suite 1000
Washington, District of Columbia 20001

Ronald D. Smith (*pro hac vice*)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201

*Attorneys for Defendants Lek Securities Corporation and Samuel Lek*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .....................................................................................................................................1

I.    FEDERAL RULE OF CIVIL PROCEDURE 16, RATHER THAN 37, GOVERNS AMENDING THE EXPERT DISCOVERY SCHEDULE ............................................. 1

II.    THE LEK DEFENDANTS WERE DILIGENT IN DISCLOSING PROPOSED EXPERTS SPATT AND CANGIANO ........................................................................................ 2

    A.    The Lek Defendants Disclosed Spatt and Cangiano As Soon as Practicable ......................2

    B.    Spatt and Cangiano Will Be Helpful to the Jury....................................................................4

III.    THE SEC WILL NOT SUFFER PREJUDICE IF THE COURT ALLOWS SPATT AND CANGIANO TO BE DISCLOSED AS EXPERTS ....................................................... 5

CONCLUSION........................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Bastys v. Rothschild*,
 154 F. App'x 260 (2d Cir. 2005) ................................................................................................7

*Complaint of Kreta Shipping, S.A.*,
 181 F.R.D. 273 (S.D.N.Y. 1998) ...............................................................................................2

*Highland Capital Mgmt., L.P. v. Schneider*,
 551 F. Supp. 2d 173 (S.D.N.Y. 2008)........................................................................................4

*Lory v. Gen. Elec. Co.*,
 179 F.R.D. 86 (N.D.N.Y. 1998).................................................................................................2

*Millenium Expressions, Inc. v. Chauss Mktg., Ltd.*,
 No. 02 Civ. 7545 (RMB), 2006 WL 288353 (S.D.N.Y. Feb. 6, 2006).......................................7

*Paulus v. Holimont, Inc.*,
 315 F.R.D. 13 (W.D.N.Y. 2016).........................................................................................2, 3, 7

*R.B. Ventures, Ltd. v. Shane*,
 No. 91 CIV. 5678, 2000 WL 520615 (S.D.N.Y. May 1, 2000)..................................................5

*Rubik's Brand Ltd. v. Flambeau, Inc.*,
 329 F.R.D. 55 (S.D.N.Y. 2019) .................................................................................................1

*Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*,
 118 F.3d 955 (2d Cir. 1997)....................................................................................................3, 6

*U.S. v. Bilzerian*,
 926 F.2d 1285 (2d Cir. 1991).....................................................................................................4

*Venite v. St. Luke's/Roosevelt Hosp.*,
 No. 01 CIV. 4067 (SAS), 2002 WL 1461493 (S.D.N.Y. July 3, 2002) .....................................6

*Wolak v. Spucci*,
 217 F.3d 157 (2d Cir. 2000).......................................................................................................8

## RULES

Fed. R. Civ. P.
    16 ............................................................................................................................. 1, 2
    16(b)(4) ................................................................................................................... 1, 2
    37 ............................................................................................................................. 1, 2
    37(b) ............................................................................................................................ 2
    37(c)(1) ........................................................................................................................ 2

Defendants Lek Securities Corporation ("LSC") and Samuel Lek (together, the "Lek Defendants") respectfully submit this Reply Memorandum of Law in support of their Motion to Reopen Expert Discovery to allow the disclosure of Professor Chester Spatt and Mr. James Cangiano as defense expert witnesses and set a schedule accordingly for the submission of their reports, their depositions, and any motions related to Spatt and Cangiano to follow thereafter.

## PRELIMINARY STATEMENT

The Lek Defendants respectfully move that the Court exercise its broad discretion over the pre-trial schedule and reopen expert discovery to permit the disclosure of Spatt and Cangiano as defense expert witnesses. The Lek Defendants were diligent in disclosing them, their testimony will assist the jury in evaluating the SEC's case in chief and the Lek Defendants' affirmative defenses, and the SEC will not be prejudiced by the Court granting this motion. The recent adjournment of the trial date to October 21, 2019 provides sufficient time for Spatt and Cangiano to submit their expert reports, be deposed, and for the parties to litigate any challenges to their qualifications or expected testimony, and the Court should therefore allow the Lek Defendants the opportunity to disclose their proposed expert witnesses.

## ARGUMENT

**I.    FEDERAL RULE OF CIVIL PROCEDURE 16, RATHER THAN 37, GOVERNS AMENDING THE EXPERT DISCOVERY SCHEDULE**

Whether a discovery schedule may be amended is soundly within a judge's broad discretion. *See* Fed. R. Civ. P. 16(b)(4). The Lek Defendants have shown that good cause justifies reopening expert discovery because of (1) the diligence they have demonstrated in pursuing expert discovery, (2) the importance and relevance of Spatt's and Cangiano's testimony, (3) the adequacy of their prior opportunity to seek discovery, (4) the lack of prejudice to the SEC, and (5) the imminence of trial. (*See* Lek Defendants' Brief (Dkt. 391) at 10-15 (citing *Rubik's Brand Ltd. v.*

*Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019).)  The SEC spends the bulk of its Opposition focused on irrelevant issues related to discovery sanctions under Rule 37,[1] not on whether good cause exists to reopen expert discovery.  (*See* Dkt. 393 at 14-24 (applying sanctions analysis pursuant to Fed. R. Civ. P. 37(b) and supporting case law[2]).)  As part of its Rule 16 analysis, (*id.* at 10-14), the SEC focuses on (1) the Lek Defendants' diligence in complying with expert discovery obligations; and (2) the potential prejudice suffered by the SEC, both of which are addressed below.  The SEC does not, however, address a number of the other relevant factors, all of which point to a finding of good cause, including the importance or relevance of Spatt's and Cangiano's testimony.

## II. THE LEK DEFENDANTS WERE DILIGENT IN DISCLOSING PROPOSED EXPERTS SPATT AND CANGIANO

### A. The Lek Defendants Disclosed Spatt and Cangiano As Soon as Practicable

The Lek Defendants disclosed Spatt and Cangiano as soon as the pre-trial schedule allowed for it.  The Court issued its initial *Daubert* decisions regarding Ross and Grigoletto on March 14, 2019 (Opinion and Order, March 14, 2019 (Dkt. 349)) and Begelman on April 8, 2019 (Opinion and Order, April 8, 2019 (Dkt. 355).)  The Lek Defendants timely filed motions for reconsideration

---

[1] The SEC's Rule 37 arguments are a straw man.  The Lek Defendants are explicitly seeking permission from the Court to disclose their proposed experts Spatt and Cangiano.  (*See* Dkt. 391 at 1, 15.)  In light of the Court's broad authority to manage discovery, seeking judicial authorization to modify the discovery schedule does not violate the Federal Rules of Civil Procedure, much less justify sanctions.

[2] The "good cause" showing required to reopen discovery under Fed. R. Civ. P. 16(b)(4) is distinct from the heightened standard under Rule 37 requiring a failure to disclose discovery be either "substantially justified" or "harmless."  *See* Fed. R. Civ. P. 37(c)(1); *Paulus v. Holimont, Inc*., 315 F.R.D. 13, 17 (W.D.N.Y. 2016) (describing "harmlessness" as the "absence of prejudice").  Even if the Court did an analysis under Rule 37, however, it should rule in favor of the Lek Defendants.  *See, e.g., Complaint of Kreta Shipping, S.A.*, 181 F.R.D. 273, 277 (S.D.N.Y. 1998) (considering factors such as "the prejudice or surprise" to party seeking sanctions; its ability "to cure the prejudice"; whether the additional discovery would "disrupt the orderly and efficient trial of the case"; and "bad faith or willfulness in failing to comply with the district court's scheduling order"); *see also Lory v. Gen. Elec. Co.*, 179 F.R.D. 86 (N.D.N.Y. 1998) (preclusion of plaintiff's economic loss expert was too severe a sanction for plaintiff's failure to comply with time limit for disclosure of expert, where the noncompliance was limited to a single instance, all other discovery had proceeded apace and without significant interruption, the noncompliance did not cause an adjournment of either the deadline for filing dispositive motions or the scheduled trial date, and defendant suffered no prejudice from the noncompliance).

of those decisions on March 28, 2019 (Lek Defendants' Motion for Reconsideration, March 28, 2019 (Dkt. 353)) and April 22, 2019 (Lek Defendants' Motion for Reconsideration, April 22, 2019 (Dkt. 366)), which in turn were largely denied on May 8, 2019. (Opinion and Order, May 8, 2019 (Dkts. 374-375).) Within two days, the SEC requested that the trial date be extended by four months. (Letter from the SEC, May 10, 2019 (Dkt 376) at 1.) At that time, the initial trial-ready date was July 22, 2019, and the Lek Defendants were ready to proceed. (Dkt. 378.)

The Lek Defendants could not have reasonably found and proffered new experts between May 8, 2019 and July 22, 2019—the respective dates when the motions for reconsideration were largely denied and trial was set to begin—pursuant to a workable scheduling order that included time for the submission of Spatt's and Cangiano's expert reports, their depositions, and any additional motions. Instead, immediately following the June 10, 2019 conference, the Lek Defendants sought new experts based on guidance from this Court's *Daubert* decisions,[3] who were available both to draft reports and prepare for trial throughout Summer and Fall 2019. The Court determined that Hendershott's area of expertise "bears directly on the issues on which he is opining in this case." (Dkt. 349 at 41.) The determinations included Hendershott's research focus in "the field of market microstructure, including strategies employed in high-frequency trading and how those strategies affect securities prices." (*Id.*) Similarly, the Court determined that "Pearson is an expert in the field of derivative financial instruments…" (*Id.* at 46.) It took the Lek Defendants a little over a month to find an expert with similar credentials[4] who had the time to expeditiously

---

[3] The SEC does not cite to any authority in which a party was found to lack diligence in disclosing additional experts simply because the Court excluded the testimony of its original proffered experts. *See, e.g., Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (finding lower court did not abuse discretion by precluding testimony of new expert witness plaintiff proffered after a fee dispute arose with original expert witness because, among other things, the court had given plaintiff an opportunity to enter both of the original expert's reports into evidence); *Paulus*, 315 F.R.D. at 14-15 (excluding expert where party already had one testifying expert and had argued that original expert was "not as persuasive" as the untimely disclosed expert).

[4] The SEC even cites Spatt in its expert reports. Spatt's 1995 article published in *The Journal of Finance* titled "An Empirical Analysis of the Limit Order Book and the Order Flow in the Paris Bourse" is cited by Hendershott in his

- 3 -

prepare an expert report in response to Hendershott's and Pearson's statistical analyses of Avalon's trading data—which the SEC itself describes as "highly technical and complex." (Dkt. 393 at 20.)

The Lek Defendants engaged in similar efforts to find a compliance expert who would be helpful to the jury per the Court's guidance in its Begelman *Daubert* opinions. (*See* Dkt. 355; Dkt. 391 at 4-5, 12.) Per the Court's guidance, the Lek Defendants sought an expert, Cangiano, who has broad expertise in surveillance, including of broker dealers, and who has already conducted "research into how other broker-dealers surveil for market manipulation." (Dkt. 355 at 10.)

### B. Spatt and Cangiano Will Be Helpful to the Jury

It is in the best interest of both parties and the Court to have expert witnesses assist jurors in understanding what the SEC concedes is a "highly complex case." (Dkt. 393 at 22.) Expert testimony is particularly appropriate in complex cases in which a jury will likely need assistance understanding unfamiliar concepts, evaluating ordinary practices in the securities industry, and applying standards of accepted practice to individual behavior. *See U.S. v. Bilzerian*, 926 F.2d 1285, 1294-95 (2d Cir. 1991); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 180 (S.D.N.Y. 2008).

Spatt's testimony will help the jury understand and decide issues beyond the scope of a layperson. "In securities cases, federal courts have admitted expert testimony to assist the trier of fact in understanding trading patterns, securities industry regulations, and complicated terms and concepts inherent in the practice of the securities industry." *Highland*, 551 F. Supp. 2d at 178. "'Particularly in complex cases involving the securities industry, expert testimony may help a jury understand unfamiliar terms and concepts.'" *Id*. Similarly, Cangiano's testimony will help the jury assess LSC's

---

reply expert report to the rebuttal of Ross's layering report, dated June 22, 2018 (Dkt. 244-9 at 19). Pearson cites Spatt's 2005 article published in the *Journal of Financial Markets* titled "Market Microstructure: A Survey of Microfoundations, Empirical Results, and Policy Implications" in his expert report dated March 16, 2018 (Dkt. 244-5 at 48).

compliance programs in light of industry practices and assist it in determining what can reasonably be expected of a broker-dealer in the highly complex circumstances of this case. Such industry custom and practice is the "sort of 'specialized knowledge' which commonly falls outside the experience of jurors" and is admissible as long as "the expert's opinion 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'" *R.B. Ventures, Ltd. v. Shane*, No. 91 CIV. 5678, 2000 WL 520615, at *2 (S.D.N.Y. May 1, 2000). By contrast, not allowing the Lek Defendants the opportunity to proffer Spatt and Cangiano as expert witnesses will harm the jury's ability to thoroughly evaluate evidence essential to the SEC's case in chief and the Lek Defendants' defenses, thereby limiting the ability of the Lek Defendants to present their most effective case at trial.

### III. THE SEC WILL NOT SUFFER PREJUDICE IF THE COURT ALLOWS SPATT AND CANGIANO TO BE DISCLOSED AS EXPERTS

Contrary to the SEC's claims, it will not suffer prejudice—much less "severe[] prejudice" (Dkt. 393 at 18)—based on the Lek Defendants' disclosure of Spatt and Cangiano as expert witnesses. Rather than being "blindsided" or "sandbagged," (*id.*) the SEC has received sufficient notice of the Lek Defendants' proposal, which realistically requires modest additional work from the SEC and will not delay the trial further than the recent adjournment the SEC requested.

The history of this case shows that the SEC cannot seriously contend that the proposed disclosures will result in prejudice. The Lek Defendants accommodated the depositions of Hendershott and Pines with less notice, more effort, and reduced preparation time than the SEC would face with either Spatt or Cangiano.[5] Given the SEC's own positions and actions previously in this matter, its current claims of prejudice and harm ring very hollow.[6]

---

[5] The SEC's Opposition is silent as to the burden Defendants faced by having to depose Hendershott a month after the SEC identified him as its expert. (Scheduling Order, Mar. 15, 2017 (Dkt. 18) at 1-3.) As to Pines, the SEC disclosed him as a reply expert witness and produced his report nearly 100 days after the close of expert discovery and the Lek Defendants took his deposition 18 days later. (See Scheduling Order, April 17, 2018 (Dkt. 177) at 1-2, Endorsed Letter from the SEC, June 12, 2018 (Dkt. 191).)

[6] Contrary to the SEC's claims, (Dkt. 393 at 22 n.11), although it sought court approval to file reply reports, it never requested permission from the Court to designate Pines as an entirely new reply expert witness. (*See* Dkts. 169,

The subject matter of Spatt's and Cangiano's proposed testimony mitigates any potential prejudice because the testimony will not substantially alter the parameters of the SEC's case in chief or the Lek Defendants' applicable defenses.[7] In fact, the SEC argues that the testimony "covers the same topics as the expert testimony the Lek Defendants previously disclosed" through Ross's and Begelman's expert reports.[8] (*See* Dkt. 393 at 15-16.) The SEC does not challenge that Spatt's and Cangiano's testimony will supplement the existing factual and expert testimony generated in this case. (*See id.* at 23.) As such, the SEC's claim that it cannot "easily anticipate the nature of the new analyses" Spatt and Cangiano will perform or "the particular opinions they will offer" fails as (1) the Lek Defendants previewed both of the proposed experts' qualifications and testimony in their moving brief (*see* Dkt. 391 at 5-9); and (2) the SEC has had months of discovery and pre-trial preparation concerning the facts and analyses that will underlie Spatt's and Cangiano's testimony.

Despite the SEC's protestations to the contrary, the disclosure of Spatt and Cangiano requires modest additional effort on its part. The Lek Defendants anticipated that the SEC would need time to review Spatt's and Cangiano's reports, depose them, and, if it chooses, assert *Daubert* challenges to both experts—all of which has been built into the proposed amended discovery

---

177.) In fact, the SEC never even asked the Lek Defendants if they were opposed, but simply sent an email announcing that they would disclose Pines. The latest possible date the SEC offered for deposing Pines fell less than a month after the SEC provided Pines' report and in the midst of a condensed time period during which the parties needed to depose eight expert witnesses. Accordingly, by the SEC's own standards, a month is more than enough time to prepare for and take an expert deposition, even in the context of significant other activity. Further, the SEC had previously sought and obtained an extension of the deadline for expert reply reports without informing the Court or the Lek Defendants that it would use the additional time to hire Pines and prepare his report. (*See* Dkt. No. 180.)

[7] By contrast, case law cited by the SEC to support its claim that it "would be severely prejudiced by having to adjust at the last minute" its case theories (Dkt. 393 at 21) concerned proposed testimony that "would have redrawn the boundaries of the case," *Softel*, 118 F.3d at 962, or fundamentally altered the parties' sources of evidence. *See Venite v. St. Luke's/Roosevelt Hosp.*, No. 01 CIV. 4067 (SAS), 2002 WL 1461493, at *3 (S.D.N.Y. July 3, 2002) (motion seeking untimely disclosure of new expert witness denied as neither party had proffered expert testimony and assumed each would rely on lay testimony).

[8] Puzzlingly, the SEC also argues that it will be "severely prejudiced" because Spatt and Cangiano may "seek to offer new theories in defense of the Lek Defendants." (Dkt. 393 at 21.)

schedule. (*See id.* at 9.) In its Opposition, the SEC argues that it will undertake significant *additional* work, including: (1) "identify[ing], develop[ing], and disclos[ing] a rebuttal expert witness" to Cangiano (Dkt. 393 at 19); (2) having Hendershott and Pearson take at least "**six full weeks to absorb, analyze, and respond** . . . to any new reports filed by Spatt and Cangiano"[9] (*id.* at 20) (emphasis added); and (3) altering its theories and "presentation of its own case" (*id.* at 21). Much of the contemplated work is unnecessary.[10] For example, when given the opportunity, the SEC did not offer a rebuttal expert in response to Begelman, the Lek Defendants' original compliance expert. (*See id.* at 19, n.10.) In addition, given the similarity of the proposed subject matter to other expert testimony, the SEC does not need to draft rebuttal reports when it may simply question its own expert witnesses and cross-examine Spatt and Cangiano at trial. If anything, not having rebuttal reports would prejudice the Lek Defendants—*not the SEC*—who would not be able to anticipate the SEC's counterarguments or trial strategy as effectively.

Ultimately, the SEC creates a non-existent dilemma for the Court: either deny the pending motion or burden the SEC and delay the trial start date. The Court need not make such a choice.

In reality, the SEC has had ample time to prepare for trial and could accommodate modifying the discovery schedule, as both parties have done repeatedly. The SEC's request in May 2019 to adjourn the trial start date was not predicated on it needing additional time to prepare, but instead on scheduling conflicts for its expert witnesses. (Dkt. 376 at 1.) The SEC reiterated

---

[9] This would be in addition to the *seven reports* Hendershott has already authored in this case. (*See, e.g.*, Endorsed Letter from Avalon Defendants, July 3, 2018 (Dkt. 194) at 1.)

[10] The SEC largely relies on cases in which the court concluded that the additional work was necessary or essential for the non-moving party's case—not to mention those in which expert witnesses were not first excluded. *See Millenium Expressions, Inc. v. Chauss Mktg., Ltd.*, No. 02 Civ. 7545 (RMB), 2006 WL 288353, at *2 (S.D.N.Y. Feb. 6, 2006) (prejudice where party would "likely find it necessary to retain their own expert to rebut the plaintiff's evidence"); *Paulus*, 315 F.R.D. at 15 (finding introduction of new expert not harmless as defendant "would not have sufficient time to prepare for cross-examination of the witness" and "had no opportunity to conduct discovery to counter [Plaintiff's expert]'s report."); *Bastys v. Rothschild*, 154 F. App'x 260, 263 (2d Cir. 2005) (refusing to excuse belated expert disclosure where it would prejudice the defendants who had not retained any expert witnesses because plaintiff had not done so either).

this basis during the June 10, 2019 conference.  In its Opposition, the SEC claims it "is already far along in its preparation for trial" (Dkt. 393 at 1), but presumably it was at least as far along on June 10, 2019, when the trial date was still July 22, 2019.  Although the SEC complains that the Lek Defendants did not indicate their intent to reopen expert discovery until July 15 (*id.* at 18) and depositions of Spatt and Cangiano would take place sometime after August 23 (Dkt. 391 at 9), the SEC is not "hard pressed" either by time or resources to depose the two proposed experts.  *See, e.g.*, *Wolak v. Spucci*, 217 F.3d 157, 161 (2d Cir. 2000).

The SEC also takes issue with both Spatt and Cangiano conducting independent analyses. (Dkt. 393 at 9, 16.)  But that is exactly what the Court advised.  The Court highlighted the importance of "an[] independent analysis of either the Avalon trading or of the Layering Loops identified by Hendershott…" in a rebuttal expert's report.  (Dkt. 374 at 6.)  More importantly, the SEC fails to explain why this independent analysis, which will be based on evidence that has long been available to the SEC and its experts in discovery, and is analyzing the same topics as the Lek Defendants' previous experts, prejudices the SEC.

Finally, although the Lek Defendants dispute that "the SEC deserves to have the trial take place as scheduled"—particularly so quickly after it insisted that the Court's scheduled trial date ***must*** be postponed—or that it would be "unfair to disrupt" its witnesses' "personal and professional lives" by a further delay (Dkt. 393 at 24), granting the Lek Defendants' motion to reopen expert discovery will not extend the trial date.

## **CONCLUSION**

For the foregoing reasons, the Lek Defendants respectfully request that the Court reopen expert discovery to allow for the disclosure of Spatt and Cangiano as defense expert witnesses and set a schedule accordingly for the submission of their reports by August 23, their depositions thereafter as soon as requested by the SEC, and briefing on any related motions.

Dated: August 1, 2019
         New York, New York

Respectfully submitted,

**LATHAM & WATKINS LLP**

/s/ Richard D. Owens
Richard D. Owens
Nicholas L. McQuaid
Alysha M. Naik
885 Third Avenue
New York, NY 10022
Tel:   (212) 906-1200
Fax:   (212) 751-4864
Email: richard.owens@lw.com
       nicholas.mcquaid@lw.com
       alysha.naik@lw.com

**NORTON ROSE FULBRIGHT US LLP**

/s/ Steve M. Dollar
Steve M. Dollar
David B. Schwartz
1301 Avenue of the Americas
New York, New York 10019
Tel.:   (212) 318-3000
Fax:   (212) 318-3400
Email: steve.dollar@nortonrosefulbright.com
       david.schwartz@nortonrosefulbright.com

Kevin J. Harnisch (*pro hac vice*)
799 9th Street NW, Suite 1000
Washington, District of Columbia 20001-4501
Tel.:   (202) 662-4520
Fax:   (202) 662-4643
Email: kevin.harnisch@nortonrosefulbright.com

Ronald D. Smith (*pro hac vice*)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel.:    (214) 855-8000
Fax:   (214) 855-8200
Email: ron.smith@nortonrosefulbright.com

*Attorneys for Defendants Lek Securities Corporation and Samuel Lek*