UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                      :        17cv1789 (DLC)
SECURITIES AND EXCHANGE COMMISSION,   :
                                      :        OPINION AND ORDER
                    Plaintiff,        :
                                      :
          -v-                         :
                                      :
LEK SECURITIES CORPORATION, SAMUEL    :
LEK, VALI MANAGEMENT PARTNERS d/b/a   :
AVALON FA, LTD., NATHAN FAYYER, and   :
SERGEY PUSTELNIK a/k/a SERGE          :
PUSTELNIK,                            :
                                      :
                    Defendants.       :
                                      :
--------------------------------------X

APPEARANCES

For plaintiff U.S. Securities and Exchange Commission:
David J. Gottesman
Olivia S. Choe
Sarah S. Nilson
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549

For defendants Lek Securities Corporation and Samuel Lek:
Richard D. Owens
Nicholas L. McQuaid
Alysha M. Naik
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022

Steve M. Dollar
David B. Schwartz
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10103

Kevin J. Harnisch
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001

Ronald D. Smith
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201

DENISE COTE, District Judge:

On July 16, 2019, the Lek Defendants[1] moved on the eve of trial to reopen discovery in this complex securities action to allow for the disclosure of two new experts, Professor Chester Spatt ("Spatt") and Mr. James Cangiano ("Cangiano").  It is far too late in the day to reopen discovery.  The Lek Defendants' motion comes more than a year after the close of expert discovery, several months after the filing of a series of Daubert Opinions, and more than a month after a conference at which the Court scheduled trial in this case to begin on October 21.  The Lek Defendants' motion would also severely prejudice the plaintiff, the U.S. Securities and Exchange Commission ("SEC").  For these reasons and the reasons that follow, it is denied.

---

[1] The Lek Defendants are Lek Securities Corporation ("Lek Securities") and its principal Samuel Lek.

## Background

The SEC sued the Lek Defendants, Avalon FA Ltd. ("Avalon"), and other Avalon Defendants[2] on March 10, 2017.  Lek Securities is a broker-dealer based in New York.  Avalon is a foreign day-trading firm whose traders are largely based in Eastern Europe and Asia.  Because Avalon is not a registered broker-dealer, it relies on registered firms like Lek Securities to conduct trading in U.S. securities markets.

Initial Disclosure of SEC Theories:  March 10, 2017 to June 23, 2017

In its complaint, the SEC alleged that traders at Avalon engaged in two schemes -- a layering scheme and a Cross-Market Strategy -- to manipulate the securities markets and that they did so through trading at Lek Securities.  It included a detailed description of each of the two schemes and gave examples of how they worked at Lek Securities.  The SEC's claims against the Lek Defendants are principally for aiding and abetting the Avalon Defendants' violations of Sections 10(b) and 9(a) of the Exchange Act and Section 17(a) of the Securities Act.  See SEC v. Lek Sec. Corp., 276 F. Supp. 3d 49, 57-58 (S.D.N.Y. 2017).

In brief, layering involves placing non-bona fide limit

---

[2] The Avalon defendants are Avalon, Nathan Fayyer, and Sergey Pustelnik.

orders on one side of the market in order to influence a
trader's ability to execute favorable trades on the opposite
side of the market.  SEC v. Lek Sec. Corp., 370 F. Supp. 3d 384,
390-93 (S.D.N.Y. 2019) ("March 14 Daubert Opinion").  In a
Cross-Market Strategy, a trader manipulates the prices of
options through trading in the corresponding stocks.  Id. at
397-400.

The SEC quickly obtained an ex parte temporary restraining
order freezing Avalon's assets.  At a conference with all
parties on March 13, a schedule was set for discovery and
proceedings related to the SEC's motion for a preliminary
injunction against the Avalon Defendants.  A preliminary
injunction hearing was scheduled for August 2.

In connection with the motion for a preliminary injunction,
on April 3, the SEC disclosed a 24-page report[3] of Professor
Terrence Hendershott ("Hendershott"), an expert in market
microstructure.  In his report, Hendershott explained his
analysis of Avalon's trading in connection with the alleged
layering scheme.  Hendershott was deposed on his report for
eight hours in May.  On June 23, Hendershott submitted an 8-page

---

[3] Hendershott's April 3, 2017 report also contained an additional
16 pages of tables and charts summarizing his analysis.

supplemental report.[4]  Avalon declined to offer any witnesses for the hearing but presented legal arguments in opposition to the SEC's motion.  On July 28, the Avalon Defendants withdrew their opposition to the motion.  A preliminary injunction of July 31, 2017 continued the freeze of Avalon's assets pending trial.

Meanwhile, on June 2, the Lek Defendants filed a motion to dismiss the claims against them.  They did not contend that the complaint lacked sufficient detail to give them fair notice of the SEC's theory of wrongdoing.  Instead, they principally argued that neither the layering scheme nor the Cross-Market Strategy described in the complaint can constitute market manipulation in violation of federal securities laws.  See Lek Sec. Corp., 276 F. Supp. 3d at 54.  They also argued that the brokerage services that they provided to Avalon were "routine services" that broker-dealers regularly provide to all customers.  Id. at 65.  The motion was denied on August 25.  Id. at 49.

Through an Order of August 3, disclosure of expert testimony by the party bearing the burden on an issue was due March 16, 2018 and disclosure of any rebuttal expert testimony was due by April 20.  Expert discovery was due to be completed

---

[4] Hendershott's June 23, 2017 supplemental report incorporated revisions to six of the tables and charts provided in his April 3 report, as well as an additional table summarizing statistical significance tests he performed.

by May 18, 2018.  At the joint request of the SEC and the Lek
Defendants, an Order of December 18 extended the deadline for
disclosure of rebuttal expert testimony to April 27, 2018 and
the completion of expert discovery to May 25, 2018.

Expert Discovery:  March 15, 2018 to August 21, 2018

On March 15 and 16, 2018, the SEC timely disclosed a 2-page
second supplemental expert report from Hendershott[5] and a 50-page
expert report from Neil Pearson ("Pearson"),[6] an expert in equity
options and other derivative financial instruments.  Pearson
provided his analysis of the trading connected to the second
scheme asserted by the SEC, the Cross-Market Strategy.  The Lek
Defendants disclosed Roger Begelman ("Begelman") on March 16 as
their compliance expert.

Following a request by the SEC for an extension of certain
deadlines for disclosure of expert testimony and the completion
of expert discovery, the SEC and the Lek Defendants jointly
proposed a revised schedule of pretrial deadlines.  An Order of
April 17 adopted the proposal and required rebuttal expert
reports to be served by May 11, reply expert reports to be
served by June 8, and expert discovery to conclude on July 20.

---

[5] Hendershott's March 15, 2019 second supplemental report also
contained 7 pages of tables and charts summarizing his
supplemental analysis.

[6] Pearson's report also contained an additional 22 pages of
tables and charts summarizing his analysis.

It also set a deadline of August 17, 2018 for any motion for summary judgment, or in its absence, the Joint Pretrial Order.

On May 11, the Lek Defendants disclosed David Ross ("Ross") and Alan Grigoletto ("Grigoletto") as rebuttal experts to Hendershott and Pearson.[7]  Ross submitted one 43-page report regarding the alleged layering scheme[8] and one 36-page report regarding the Cross-Market Strategy.[9]  Grigoletto submitted one 26-page report addressed to both schemes.  An Order of May 31 granted the SEC's request to extend the deadline for reply expert reports to June 22, and to extend the close of expert discovery to August 3.

On June 22, the SEC served the Lek Defendants with Hendershott and Pearson's reply expert reports to the rebuttal testimony offered by Ross and Grigoletto.  Hendershott and Pearson's replies to Ross were 29 pages and 26 pages, respectively.  Hendershott and Pearson's replies to Grigoletto were 18 pages and 12 pages, respectively.  The SEC also submitted a reply expert report of 20 pages from Lawrence Pines

---

[7] The Avalon Defendants disclosed Haim Bodek ("Bodek") and Ronald Filler ("Filler") as rebuttal experts.

[8] Ross's report on the alleged layering scheme also contained an additional 8 pages of tables and charts summarizing his analysis.

[9] Ross's report on the Cross-Market Strategy also contained an additional 4 pages of tables and charts summarizing his analysis.

("Pines") in response to Grigoletto's report.[10]

An endorsement of July 13 granted a request from the Lek Defendants and scheduled new deadlines of August 21 for the close of expert discovery and August 24 for the submission of a summary judgment motion.  Hendershott, Pearson, Begelman, Ross, and Grigoletto were all deposed in July and August 2018, Hendershott for the second time.

Motion Practice:  August 24, 2018 to May 8, 2019

During the discovery period, the parties took twenty-nine days of deposition testimony.  They also exchanged millions of electronic files.

On August 24, 2018, the Lek Defendants moved for summary judgment and filed Daubert motions to exclude testimony by Hendershott and Pearson.  Their summary judgment motion relied heavily on the testimony given by their own experts:  Ross, Grigoletto, and Begelman.  On October 5, the SEC filed Daubert motions to exclude testimony by those three experts.

These motions were addressed in the Spring of 2019.  The March 14 Daubert Opinion denied the Lek Defendants' motions to

---

[10] Pines provided expert testimony principally regarding Avalon's layering strategy, and whether it was consistent with a market making strategy.  An endorsement of June 12, 2018 denied the defendants' application to exclude Pines' reply expert report. Pines' June 22 report was disclosed over a month before the then-scheduled close of expert discovery and two months before expert discovery was finally scheduled to close on August 21.

exclude Hendershott and Pearson.  370 F. Supp. 3d at 404-07.
That Opinion also largely granted the SEC's motions to exclude
testimony from Grigoletto and Ross.  Id. at 407-416.  The March
14 Daubert Opinion concluded, among other things, that "Ross is
unqualified to give an opinion about the phenomenon of layering
and cross-market manipulation or about high-frequency trading
practices more generally," and that Grigoletto, while qualified
to serve as an expert, largely failed to provide admissible
expert testimony.[11]  Id.

An Opinion of March 26 denied the Lek Defendants' motion
for summary judgment, SEC v. Lek Sec. Corp., No. 17cv1789(DLC),
2019 WL1375656 (S.D.N.Y. Mar. 26, 2019), and an Opinion of April
8 granted the SEC's Daubert motion to exclude Begelman.  SEC v.
Lek Sec. Corp., No. 17cv1789(DLC), 2019 WL 1512713 (S.D.N.Y.
Apr. 8, 2019) ("April 8 Daubert Opinion").  The April 8 Daubert
Opinion explained that, although a description of certain
standard practices by broker dealers could "theoretically" be
helpful to the jury, Begelman was unqualified to give such
testimony and many of his opinions would be inadmissible in any
event.  Id. at 3-5.  Two days later, an Order of April 10 placed

---

[11] The March 14 Daubert Opinion also excluded the report of
Bodek, one of the Avalon Defendants' rebuttal experts, in its
entirety.  See 370 F. Supp. 3d at 416-19.  An Opinion of March
21, 2019 excluded the report of Filler, the Avalon Defendants'
other rebuttal expert.  See SEC v. Lek Sec. Corp., No.
17cv1789(DLC), 2019 WL 1304452 (S.D.N.Y. Mar. 21, 2019).

this case on the July 22, 2019 trial ready calendar and set a deadline of July 12 for the parties to file the Joint Pretrial Order.

On March 28, the Lek Defendants sought partial reconsideration of the March 14 Daubert Opinion.  That motion was granted in part by an Opinion of May 8.  See SEC v. Lek Sec. Corp., No. 17cv1789(DLC), 2019 WL 2114067 (S.D.N.Y. May 8, 2019).  On April 22, the Lek Defendants also sought reconsideration of the April 8 Daubert Opinion.  That motion was denied by an Opinion of May 8.  See SEC v. Lek Sec. Corp., No. 17cv1789(DLC), 2019 WL 2021879 (S.D.N.Y. May 8, 2019).

Setting the Schedule for Trial:  June 10, 2019 Conference

On May 10, the SEC filed a letter seeking to adjourn the July 22 trial ready date in order to accommodate the schedules of their witnesses.  In their own letter of May 10, the Lek Defendants represented that they were "ready to try this case beginning July 22."  An Order of May 13 scheduled a conference for June 10 in order to select a new trial date.  On June 3, new counsel entered notices of appearances on behalf of the Lek Defendants.  The Lek Defendants are now represented by both their original counsel and their new attorneys.

At the June 10 conference, the parties discussed their proposals for a trial date.  The parties indicated that they expect the trial in this case to last approximately five weeks.

10

After conferring with each other, the parties jointly proposed
and the Court adopted a trial date of October 21, 2019.  At no
point during the conference did the Lek Defendants state their
intention to reopen expert discovery.

Interim dates have also been set.  The parties are required
to exchange summary charts by August 30; they must identify all
trial witnesses by September 3; the Joint Pretrial Order and any
motions in limine must be filed by September 13; the Final
Pretrial Conference will be held on October 11; and depositions
of trial witnesses not yet deposed are to occur by October 18,
2019.

Request to Reopen Expert Discovery:  July 26, 2019

On July 26, the Lek Defendants filed this motion to reopen
expert discovery and for leave to disclose expert reports from
Spatt and Cangiano by August 23.  The Lek Defendants describe
Spatt as an expert in market microstructure and options trading
and Cangiano as an expert in compliance and surveillance systems
used by broker dealers.  If permitted to submit an expert
report, they explain that Spatt would conduct his own analysis
of Avalon's trading data and use that analysis to evaluate the
methodologies and conclusions of both Hendershott and Pearson.
Cangiano would provide testimony regarding the industry standard
in developing programs aimed at detecting and controlling for
market manipulation.  The Lek Defendants' motion became fully

submitted on August 1.

## Discussion

Under the Scheduling Orders of August 3, 2017 and April 17, 2018, Cangiano's expert report was due March 16, 2018, and Spatt's expert report was due May 11, 2018.  The Lek Defendants seek permission to file them on August 23, 2019.

Under Rule 16, Fed. R. Civ. P., "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).[12]  In determining whether good cause exists to modify a scheduling order, "the primary consideration is whether the moving party can demonstrate diligence."  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007); see also BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC, 859 F.3d 188, 195 (2d Cir. 2017).  A court "may modify the schedule on a showing of good cause if [the deadline] cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment.  In addition to diligence, courts consider whether a modification of the scheduling order would prejudice the opposing party, see Kassner, 496 F.3d at 244, or otherwise be inconsistent with the mandate of Rule 1, Fed. R. Civ. P., to

---

[12] The SEC asserts that Rule 37, Fed. R. Civ. P., governs the Lek Defendants' motion.  Because the Lek Defendants seek modification of an existing scheduling order, Rule 16, not Rule 37, applies.

"secure the just, speedy, and inexpensive determination of every action" or the requirement of Rule 26, Fed. R. Civ. P., to limit the scope of discovery when "the party seeking discovery has had ample opportunity to obtain the information."

The Lek Defendants have failed to show good cause to reopen expert discovery and to designate Spatt and Cangiano as additional expert witnesses for trial.  The SEC's theories of market manipulation were disclosed in detail in its March 10, 2017 complaint.  The Lek Defendants had a year between the filing of the complaint and a March 16, 2018 deadline to identify and disclose expert testimony regarding Lek Securities' compliance practices.  They had more than a year to identify and disclose experts on May 11, 2018 in rebuttal to the SEC's allegations of layering[13] and almost two months to prepare a rebuttal to Pearson's cross-market manipulation report.  They had ample opportunity to select experts who could provide relevant, admissible, and persuasive testimony.  They chose to rely on Ross, Grigoletto, and Begelman.  Now, nearly a year has passed since expert discovery closed.

The Lek Defendants did not even raise the issue of identifying new experts at the June 10 conference, which is the conference at which the parties and the Court agreed on the

---

[13] The SEC disclosed the bulk of Hendershott's opinions on Avalon's alleged layering scheme on April 3, 2017.

October 21 trial date.  This is an extraordinary request to bring on what is, for all practical purposes in this complex case, the eve of trial.

Granting the Lek Defendants' untimely motion to reopen discovery and disclose two new experts would also substantially prejudice the SEC.  It has taken the parties nearly two-and-a-half years to prepare this case for trial.  The parties anticipate a five-week trial with over thirty witnesses.  Much of the expert testimony reflects highly technical analysis. Although it was the SEC who requested the adjournment of the July 22 trial ready date, the SEC agreed to an October 21 trial date on the reasonable assumption that the Lek Defendants intended to rely on Ross and Grigoletto as their experts at trial.[14]  Permitting the Lek Defendants to disclose expert reports at the end of this month from two additional witnesses would upend the schedule.  If this application were granted, the SEC would be required in the final eight weeks before trial to perform all of the other scheduled tasks and in addition (1) evaluate the new expert testimony, which the Lek Defendants explain would include entirely new analyses of the Avalon trading, (2) identify a new expert to rebut Cangiano's

---

[14] At the June 10 conference, this Court described a process for determining the scope of testimony to be offered by Ross and Grigoletto at trial.

testimony,[15] (3) coordinate with their own experts to prepare to examine the new experts, (4) depose the new experts, (5) file any appropriate Daubert motions, and (6) revise their trial preparation to accommodate the new evidence.[16]  The burden on this Court would also be not insignificant.  As of now, the parties will be submitting motions in limine on September 13.  If Daubert motions were filed, those would also have to be briefed and resolved sufficiently in advance of the October 21 trial to give the parties the guidance they deserve.

There is a reason that scheduling orders are issued in litigation.  They permit the parties efficiently to develop evidence and explore their opponent's evidence, to test the admissibility of the evidence and the viability of claims in advance of trial, and to prepare for trial once that testing process has concluded.  Upending the scheduling orders issued in this case would severely burden all the parties and the Court and violate the dictates of Rules 1, 16 and 26.

The Lek Defendants provide no reasonable explanation for their delay in making this application.  They do not suggest that the SEC's theories of liability were only recently

---

[15] Cangiano's proferred testimony is on an issue for which the Lek Defendants bear the burden.

[16] The Lek Defendants indicate that they would forego their right to receive any rebuttal reports from the SEC experts to the reports that will be delivered by Spatt and Cangiano.

revealed.  Even assuming that the Lek Defendants only
appreciated the deficiencies in their chosen experts and those
experts' reports once the SEC filed its <u>Daubert</u> motions in the
Fall of 2018,[17] or after the Court ruled on those <u>Daubert</u> motions
in the Spring of 2019, they are not entitled to a do-over.  The
Lek Defendants have had ample opportunity to select qualified
experts and to insist that those experts rigorously analyze the
relevant data and thoroughly explain the basis for their
conclusions.

The Lek Defendants contend that they have been diligent
because they disclosed Spatt and Cangiano "as soon as the pre-
trial schedule allowed for it."  They explain that, immediately
following the June 10, 2019 conference setting the October 21
trial date, they sought new experts who were well qualified and
who could draft reports and prepare for trial throughout the
Summer and Fall of 2019.  They emphasize that it only took them
a little over a month to do so.  This is not diligence.
Diligence required the Lek Defendants to follow the scheduling
orders issued in this case or to timely seek an adjustment of
that schedule during the period allowed for expert discovery.
Several such adjustments were made at the requests of the
parties.  An adjournment of the trial date did not give the Lek

---

[17] The SEC filed their <u>Daubert</u> motions to exclude the Lek
Defendants' experts on October 5, 2018.

16

Defendants a green light to rewrite the schedule for expert discovery.

The Lek Defendants assert that good cause exists for reopening expert discovery because of the "guidance" they received in the Court's <u>Daubert</u> Opinions from this past Spring and because they believe that their new experts will have important, relevant, and helpful evidence to present to the jury at this trial.  This does not constitute good cause.  As the Lek Defendants advised the SEC and the Court, they were prepared to proceed to trial on July 22.  That trial would obviously have been conducted without testimony from Spatt or Cangiano.  The Court's rulings in the <u>Daubert</u> Opinions did not constitute invitations to reopen expert discovery and there is no unfairness in requiring the Lek Defendants to present their defense in October with the same witnesses on whom they intended to rely in July.

<u>**Conclusion**</u>

The Lek Defendants' July 26 motion to reopen discovery and for leave to to disclose two new expert witnesses is denied.


Dated:   New York, New York
         August 7, 2019

                              _____
                                DENISE COTE
                        United States District Judge