UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

**Case No. 17-CV-1789 (DLC)**

Plaintiff,

v.

LEK SECURITIES
CORPORATION, et al.,

Defendants.

**DEFENDANTS PUSTELNIK, FAYYER AND AVALON'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY
OF PROFESSOR TERRENCE HENDERSHOTT**

Defendants Sergey Pustelnik, Nathan Fayyer, and Avalon FA Ltd. ("Defendants")

respectfully submit this Memorandum of Law in Support of their Motion *in Limine* to Exclude

the Testimony of Plaintiff's expert Professor Terrence Hendershott.

**PRELIMINARY STATEMENT**

On July 6, 2017, Defendants moved to exclude the testimony of the SEC's proffered

expert Professor Terrence Hendershott and in support thereof filed a Memorandum of Law in

Support of the Motion to Exclude.  *See* ECF Docket ## 76 and 77.  On July 28, 2017, Defendants

withdrew that motion as moot and without prejudice to subsequently raising the arguments. ECF

Docket # 92.

On August 24, 2018, the Lek Defendants filed a Motion in Limine to Exclude the

Testimony and Opinions of Putative Expert Terrence Hendershott, and in support thereof filed a

Declaration of Steven Dollar with Exhibits 1 through 13 and a Memorandum of Law.  *See* ECF

Docket ## 208-210.  On November 2, 2018, the Lek Defendants filed a Reply Memorandum of

Law in Support of the Motion in Limine.  ECF Docket # 284.  By Order dated March 14, 2019,

the Court denied that motion.

Defendants hereby adopt and incorporate into this memorandum of law all of the

arguments, pleadings, briefs, citations and supporting documents and exhibits relied upon by the

parties in support of these motions.[1]

## ARGUMENT

**1.     HENDERSHOTT'S LAYERING METHODOLOGY IS UNRELIABLE BECAUSE IT IS BASED ON HIS OWN NOVEL, UNTESTED AND NON-PEER REVIEWED LAYERING CRITERIA THAT CONTRADICTS THE CRITERIA OF INDUSTRY REGULATORS**

In support of Defendant's argument that Professor Hendershott's testimony should be

excluded because his methodology is unreliable, Defendants rely on, adopt and incorporate as if

fully set forth herein all arguments, citations, legal authorities, and documents relied on and cited

to in: (1) Pages 12-18 of ECF Docket # 209, Lek's Memorandum Of Law In Support Of

Defendants Lek Securities Corporation And Samuel Lek's Motion To Exclude The Testimony

And Opinions Of Putative Expert Terrence Hendershott; (2) Pages 2-8 of ECF Docket # 284,

Lek's Reply Memorandum of Law In Support Of Defendants Lek Securities Corporation And

Samuel Lek's Motion To Exclude The Testimony And Opinions Of Putative Expert Terrence

---

[1] Based on the Court's March 14, 2019 Order, Defendants anticipate that this motion will be denied.  Defendants nevertheless make this motion primarily to preserve their objections to Professor Hendershott's opinions and testimony for appeal.  Defendants contacted the SEC in an attempt to resolve this issue by stipulation without the filing of a motion so the Court would not have to waste judicial resources ruling on the motion.   However, counsel for SEC declined to enter into the proposed stipulation.

Hendershott; and (3) Pages 4-11 of ECF Docket 77, Defendant's Memorandum of Law in Support of Motion to Exclude.

**2.      PROFESSOR HENDERSHOTTS' PROPOSED TESTIMONY AND OPINIONS ARE UNRELIABLE BECAUSE THEY SUFFER FROM SELECTION BIAS**

In support of Defendant's argument that Professor Hendershott's testimony should be excluded because his opinions suffer from selection bias, Defendants rely on, adopt and incorporate as if fully set forth herein all arguments, citations, legal authorities, and documents relied on and cited to in: (1) Pages 19-25 of ECF Docket # 209, Lek's Memorandum Of Law In Support Of Defendants Lek Securities Corporation And Samuel Lek's Motion To Exclude The Testimony And Opinions Of Putative Expert Terrence Hendershott; and (2) Pages 8-10 of ECF Docket # 284, Lek's Reply Memorandum of Law In Support Of Defendants Lek Securities Corporation And Samuel Lek's Motion To Exclude The Testimony And Opinions Of Putative Expert Terrence Hendershott.

**3.      PROFESSOR HENDERSHOTT DOES NOT SUBSTANTIATE ANY POTENTIAL DISGORGEMENT AMOUNT**

In support of Defendant's argument that Professor Hendershott's testimony should be excluded because he does not substantiate any potential disgorgement amount, Defendants rely on, adopt and incorporate as if fully set forth herein all arguments, citations, legal authorities, and documents relied on and cited to in Pages 4-11 of ECF Docket 77, Defendant's Memorandum of Law in Support of Motion to Exclude

**CONCLUSION**

For these reasons, the Court should issue an Order granting Defendant's motion to exclude Professor Hendershott's opinions and testimony.

Dated: September 13, 2019

Respectfully submitted,

James M Wines
**Law Office of James M Wines**
1802 Stirrup Lane
Alexandria, VA 22308
202.297.6768
winesj@wineslegal.com

Steven Barentzen
**Law Office of Steven Barentzen**
17 State Street, Suite 400
New York, NY 10004
Phone: (917) 476-0953
Fax:    (202) 888-6268
Steven@barentzenlaw.com

Attorneys for Defendants Sergey Pustelnik,
Nathan Fayyer and Avalon FA LTD

4