UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>            v.<br><br>LEK SECURITIES CORPORATION, SAMUEL LEK, VALI MANAGEMENT PARTNERS dba AVALON FA LTD, NATHAN FAYYER, and SERGEY PUSTELNIK,<br><br>    Defendants. | Case No. 17-CV-1789(DLC) |

**PLAINTIFF SEC'S MEMORANDUM OF LAW IN SUPORT OF
MOTION IN LIMINE TO PRECLUDE AVALON DEFENDANTS FROM
OFFERING EVIDENCE OR REFERENCES TO
(1) OPINIONS ABOUT INVESTIGATIONS, AND (2) ALLEGED HARDSHIPS**

    Plaintiff U.S. Securities and Exchange Commission ("SEC") provides this memorandum in support of its motion *in limine* for an order prohibiting Defendants Avalon FA Ltd. ("Avalon"), Nathan Fayyer ("Fayyer") and Serge Pustelnik ("Pustelnik") (collectively, "Avalon Defendants") and their counsel, from, in front of the jury, presenting evidence of, or referring to or mentioning, anything pertaining to: (i) their opinions or allegations about the propriety of actions taken in the investigations that are related to this litigation; and (ii) alleged or perceived personal or other hardships that the Avalon Defendants have faced or might face in the future as a result of or pertaining to this litigation or the investigations related to this case.[1]

## Background

    This case involves two manipulative strategies: layering and cross-market manipulation. From late 2010 and through late 2016, Avalon -- a foreign trading firm trading through its

---

[1] The SEC has filed herewith the Declaration of David J. Gottesman, attached to which are the exhibits cited in this memorandum.

brokerage account at defendant Lek Securities Corporation ("Lek Securities") -- used these strategies to manipulate the U.S. securities markets. Fayyer was the disclosed owner and principal of Avalon. Pustelnik was an undisclosed principal of Avalon, and also was installed as a registered representative at Lek Securities, handling the Avalon account.

The SEC and FINRA (a securities industry self-regulatory organization) each conducted its own independent investigation of the trading activity at issue in this case. As part of its investigation, FINRA sought emails from Pustelnik in order to help FINRA evaluate the trading activity and Pustelnik's role. Exhibit 1 (FINRA Letter of Acceptance, Waiver and Consent), at 1-2. FINRA thus requested that Pustelnik produce documents from a Google email account in which he sent and received both personal and business emails. *Id.* Because Pustelnik was associated with a registered member of FINRA (i.e., Lek Securities), FINRA contended that Pustelnik was obligated to produce the requested material. Pustelnik refused. *Id.* As a result, Pustelnik eventually entered into a consent agreement with FINRA under which Pustelnik was barred from the securities industry. *Id.*

As part of its investigation, FINRA also gathered documents from other FINRA members, including a firm at which Pustelnik's wife worked.

In March 2017, following its own investigation, the SEC filed the present case against the Avalon Defendants, Lek Securities, and Sam Lek, alleging violations of various provisions of the securities laws. ECF No. 1 (Complaint). During his deposition, Pustelnik complained about FINRA's investigation and its effects on him. Exhibit 2 (Excerpts from Deposition of Pustelnik, taken Mar. 20-21, 2018) at 499.

Pustelnik also offered other complaints about hardships he perceives regarding FINRA's investigation and the SEC's bringing of this litigation. For example:

- Pustelnik asserted that he felt "compelled" to go to law school because "the way this current matter has been handled was a complete injustice," so he wanted to "work and make sure that these things do not happen to other people." Exhibit 2, at 31.

- Pustelnik stated that he is "missing classes to be here," so "it's not very easy to graduate," he referred to "dealing with the current matter, and my life is on the line, and it's also affecting my school.  Now, I'm still very hopeful that I will graduate and everything will be fine; however, I do not know."  Exhibit 2, at 32.

- Pustelnik stated that he still intends to take the bar, but has not yet applied because "I'm currently too busy dealing with this current case, and my family and my school, and trying to earn some money so I can support my family" Exhibit 2, at 40.

Trial is set to being on October 21, 2019.[2]  Pursuant to the Court's scheduling order, motions in limine are due on September 13, 2019.

## Argument

### I.     Legal Standards for Motions in Limine

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)(internal quotation marks and citation omitted); *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015) (same).

This Court has informed the parties that issues concerning admissibility should be raised with the Court outside of the trial proceedings in front of the jury.  Accordingly, a motion in limine is the proper means of raising the present issue.

"Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F.Supp.2d 179, 181 (S.D.N.Y. 2001).  As shown below, Pustelnik's personal opinions about the FINRA investigation

---

[2] Because of a prospective settlement agreement with the Lek Defendants, the SEC anticipates that the trial will proceed as to the Avalon Defendants only.

3

or any other investigations related to this case, and any references to or evidence of the Avalon Defendants' alleged hardships, are clearly inadmissible on all potential grounds.

## II. Defendants Should Be Precluded From Offering Opinions About Any Investigations Related to This Litigation

In deposition, Pustelnik offered unsolicited opinions criticizing FINRA's investigation, including disparaging accusations about FINRA, and his beliefs that he was treated badly. *See* Exhibit 2, at 31-32, 40, & 499. The trial of this case is not a proper forum for voicing any such opinions. Pustelnik's allegations about FINRA's, the SEC's or any other investigations are irrelevant in this case, and would tend to confuse the issues, waste time, and would be an effort merely to evoke sympathy, and paint regulators in a bad light. Accordingly, such testimony would be unfairly prejudicial to the SEC and should be barred under Fed. R. Evid. ("FRE") 403.[3]

The SEC might introduce evidence of the fact that FINRA requested documents from Pustelnik, why it requested such documents, that Pustelnik refused to produce them, and that he agreed to be barred from the industry rather than produce the documents. These facts *are* relevant and should be admissible because they tend to show Pustelnik's efforts to hide his involvement and culpability. The SEC would not object to Pustelnik merely offering in purely factual terms his purported reason for not turning over the requested documents (i.e., his allegation that he did not want to provide access to personal emails or materials that were included along with his business emails). But Pustelnik and the other Avalon Defendants should not be permitted to go any further and make inflammatory accusations about the propriety of the SEC's or FINRA's investigation or investigatory techniques, such as Pustelnik's remarks that "the way this current matter has been handled was a complete injustice," so he wanted to "work

---

[3] FRE 403 provides, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

and make sure that these things do not happen to other people." *See* note 2, *supra*. And as discussed below, they also should not be allowed to refer, in the presence of the jury, to any hardships they allegedly have suffered or might suffer in the future.

Similarly, the Avalon Defendants should not be permitted to offer their subjective views, in front of the jury, about any other investigations related to this litigation, whether conducted by the SEC or other authorities. The trial is to determine whether the Avalon Defendants violated the securities laws, not to have a forum for their opinions about law enforcement or regulatory investigations.

### III.     Defendants Should Be Precluded From Referring to Their Alleged Hardships Pertaining to This Litigation or Related Investigations

The SEC reasonably anticipates that the Avalon Defendants might include in their testimony, or their counsel might refer in their addresses to jury, allegations about personal hardships that the Avalon Defendants allegedly have suffered or might suffer in the future as a result of this litigation, the outcome of the litigation, or the investigations that preceded or are related to the litigation. For example, as discussed above, Pustelnik in deposition discussed how his disputes with FINRA upset him and that he felt they made his life difficult, and he complained about the effects of the current litigation.

Courts consistently have held that testimony about hardships related to litigation or investigations is irrelevant and unfairly prejudicial, and therefore have granted motions in limine to preclude such testimony. As stated in *SEC v. Moran*, No. 95 CIV. 4472 (BN), 1995 WL 785953, at *1 (S.D.N.Y. Oct. 31, 1995), "[i]t is well settled that the trier of fact must consider only the factual issue of liability without regard to any potential consequences which may befall a defendant." (*citing Shannon v. United States*, 114 S. Ct. 2419, 2424 (1994) ("Information regarding the consequences of a verdict is therefore irrelevant to the jury's task.")).

5

The prohibition on raising hardships applies to pre- and post-filing difficulties, and relate to the litigation and any related pre-filing investigations. The point was succinctly stated in *SEC v. Berretini*, No. 10–cv–1614, 2015 WL 4247776, at *2 (N.D. Ill. Jul. 14, 2015):

> The SEC moves to exclude statements about any adverse impact that the SEC's investigation or lawsuit may have had on the personal lives, reputation or business of the Defendants. Berrettini argues that during trial, he may be "anxious, frustrated, upset and distraught" and that he "may display these emotions from the defense table or from the witness chair." [Citation omitted]. He argues that he should be able to introduce evidence regarding ***the effect of the SEC's investigation and lawsuit*** to explain this demeanor.
>
> The Court agrees with the SEC that such evidence offers little if any probative value of the question of Berrettini's liability or non-liability. See Fed.R.Evid. 401; *SEC v. Steffes*, 10–cv–6266 (N.D.Ill.2014), at 4; *SEC v. Moran*, 1995 WL 785953, at *1 (S.D.N.Y. Oct. 31, 1995). Furthermore, any probative value that such evidence theoretically may have is substantially outweighed by the risk of wasting time, confusing the issues, and evoking sympathy—none of which are valid bases for offering evidence or testimony. Accordingly, this evidence is inadmissible under Rule 403. Fed. R. Evid. 403.

(Emphasis added.)

Similarly, in *SEC v. Spencer Pharmaceutical Inc.*, 58 F. Supp. 3d 165 (D. Mass. 2014), the court granted the SEC's motion to exclude evidence of any negative effects arising from the investigations by the SEC or a Canadian regulator into the defendant's alleged violations of law, or from any possible adverse consequences if the defendant were found liable for violations of U.S. securities law.

And in *SEC v. The Nutmeg Group, LLC*, No. 09-cv-1775, 2017 WL 3269389, at **7-8 (N.D. Ill. Aug. 1, 2017), the court excluded evidence of defendants' "poor financial condition" because it "could provoke sympathy by jurors, prompting them potentially to excuse a violation of the law because [defendants] did not benefit from their scheme and already have suffered financial hardship." *See also SEC v. Jacobs*, No. 1:13 CV 1289, 2014 WL 12597832, at *5 (N.D. Ohio Feb. 25, 2014) (granting SEC's motion to exclude any testimony about adverse

consequences the defendant might suffer if he were found liable, because such evidence "is not relevant, and even if such evidence were relevant, it is more prejudicial than probative.").

References to the Avalon Defendants' purported hardships of any sort, whether personal, emotional, financial, school- or career-related, and whether past, present or future, are irrelevant to any issues in this case. For example, Pustelnik's assertions about any hardships he purportedly suffered as a result of FINRA's document discovery during its investigation are irrelevant to whether he violated the securities laws by the conduct at issue in this case, and presentation of such assertions to the jury would be improper. Pustelnik's discussions of how he thinks the SEC's investigation or this litigation purportedly have made life difficult are not relevant either. References to any such hardships would waste time, confuse the jury, and unfairly evoke sympathy – "none of which are valid bases for offering evidence or testimony." *Berretini*, 2015 WL 4247776, at *2; *see also* FRE 403.

## Conclusion

For the foregoing reasons, the SEC respectfully requests that the Court enter an order *in limine* that the Avalon Defendants and their counsel shall not, while in the presence of the jury, offer or elicit any testimony or other evidence about, and shall not mention or make any reference to:

(1) Any opinions about the investigations conducted by the SEC, FINRA, or others, that are related to this case or its subject matter; and

(2) Any personal, emotional, financial, career, or other perceived hardships that the Avalon Defendants allegedly have faced or might face in the future pertaining to or resulting from this litigation or any investigations related to this litigation or its subject matter.

Dated:  September 13, 2019                                Respectfully submitted,

                                                                                                /s/ David J. Gottesman
                                                                 David J. Gottesman
                                                                 Olivia S. Choe
                                                                 Sarah S. Nilson
                                                                 U.S. Securities and Exchange Commission
                                                                 100 F Street N.E.
                                                                 Washington, D.C. 20549
                                                                 Tel: (202) 551-4470 (Gottesman)
                                                                 Fax: (202) 772-9282
                                                                 GottesmanD@sec.gov
                                                                *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on September 13, 2019, a true and correct copy of the above document was served on all counsel of record through the Court's CM/ECF system.

                                            /s/ David J. Gottesman