# EXHIBIT 1

FINANCIAL INDUSTRY REGULATORY AUTHORITY
LETTER OF ACCEPTANCE, WAIVER AND CONSENT
NO. 20110297130 · 03

TO: Department of Market Regulation
Financial Industry Regulatory Authority ("FINRA")

RE: Sergey Pustelnik, Respondent
Registered Representative
CRD No. 4439199

Pursuant to FINRA Rule 9216 of FINRA's Code of Procedure, I, Sergey Pustelnik ("Pustelnik" or "Respondent"), submit this Letter of Acceptance, Waiver and Consent ("AWC") for the purpose of proposing a settlement of the alleged rule violations described below. This AWC is submitted on the condition that, if accepted, FINRA will not bring any future actions against me alleging violations based on the same factual findings described herein.

I.

ACCEPTANCE AND CONSENT

A.  I hereby accept and consent, without admitting or denying the findings, and solely for the purposes of this proceeding and any other proceeding brought by or on behalf of FINRA, or to which FINRA is a party, prior to a hearing and without an adjudication of any issue of law or fact, to the entry of the following findings by FINRA:

BACKGROUND

Respondent is currently registered as a general securities representative, general securities principal and equity trader with a FINRA member. Respondent first became registered with a FINRA member as a general securities representative in 2002. Respondent is subject to FINRA's jurisdiction pursuant to Article V, Section 2 of the FINRA By-Laws. Respondent has no disciplinary history.

FACTS AND VIOLATIVE CONDUCT

In Market Regulation Review No. 20110297130, the Market Manipulation Investigations Section of FINRA's Department of Market Regulation ("Market Regulation") conducted an investigation of, among other things, certain suspicious trading activities occurring through a FINRA-member firm during the review period October 1, 2010 through December 31, 2013.

In furtherance of Market Regulation's investigation, by letter dated October 21, 2014, Market Regulation staff requested, pursuant to FINRA Rule 8210, that Respondent produce certain emails in his possession, custody and control. Respondent, however, refused to produce all emails requested. Specifically, Respondent refused to produce a copy of a .pst file containing emails in a Gmail account used by Respondent for

business and personal purposes. As a result of the foregoing misconduct, Respondent violated FINRA Rules 2010 and 8210.

B.  I also consent to the imposition of the following sanction:

> A bar from associating with any FINRA member in any capacity.

I understand that if I am barred or suspended from associating with any FINRA member, I become subject to a statutory disqualification as that term is defined in Article III, Section 4 of FINRA's By-Laws, incorporating Section 3(a)(39) of the Securities Exchange Act of 1934, as amended. Accordingly, I may not be associated with any FINRA member in any capacity, including clerical or ministerial functions, during the period of the bar or suspension. (See FINRA Rules 8310 and 8311.)

The sanctions imposed herein shall be effective on a date set by FINRA staff. Pursuant to FINRA Rule 8313(e), a bar shall become effective upon approval or acceptance of this AWC.

## II.

## WAIVER OF PROCEDURAL RIGHTS

I specifically and voluntarily waive the following rights granted under FINRA's Code of Procedure:

A.  To have a Complaint issued specifying the allegations against me;

B.  To be notified of the Complaint and have the opportunity to answer the allegations in writing;

C.  To defend against the allegations in a disciplinary hearing before a hearing panel, to have a written record of the hearing made and to have a written decision issued; and

D.  To appeal any such decision to the National Adjudicatory Council ("NAC") and then to the U.S. Securities and Exchange Commission and a U.S. Court of Appeals.

Further, I specifically and voluntarily waive any right to claim bias or prejudgment of the Chief Legal Officer, the NAC, or any member of the NAC, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including acceptance or rejection of this AWC.

I further specifically and voluntarily waive any right to claim that a person violated the *ex parte* prohibitions of FINRA Rule 9143 or the separation of functions prohibitions of FINRA Rule 9144, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

2

## III.

## OTHER MATTERS

I understand that:

- A. Submission of this AWC is voluntary and will not resolve this matter unless and until it has been reviewed and accepted by the NAC, a Review Subcommittee of the NAC, or the Office of Disciplinary Affairs ("ODA"), pursuant to FINRA Rule 9216;

- B. If this AWC is not accepted, its submission will not be used as evidence to prove any of the allegations against me; and

- C. If accepted:

    1. this AWC will become part of my permanent disciplinary record and may be considered in any future actions brought by FINRA or any other regulator against me;

    2. this AWC will be made available through FINRA's public disclosure program in accordance with FINRA Rule 8313;

    3. FINRA may make a public announcement concerning this agreement and the subject matter thereof in accordance with FINRA Rule 8313; and

    4. I may not take any action or make or permit to be made any public statement, including in regulatory filings or otherwise, denying, directly or indirectly, any finding in this AWC or create the impression that the AWC is without factual basis. I may not take any position in any proceeding brought by or on behalf of FINRA, or to which FINRA is a party, that is inconsistent with any part of this AWC. Nothing in this provision affects my: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which FINRA is not a party.

3

I certify that I have read and understand all of the provisions of this AWC and have been given a full opportunity to ask questions about it; that I have agreed to its provisions voluntarily; and that no offer, threat, inducement, or promise of any kind, other than the terms set forth herein and the prospect of avoiding the issuance of a Complaint, has been made to induce me to submit it.

_____   _____
Date                              Sergey Pustelnik

Reviewed by:

_____
James Wines
1802 Stirrup Lane
Alexandria, VA 22308
202-297-6768
Phone Number

Accepted by FINRA:

1/21/15
Date

Signed on behalf of the
Director of ODA, by delegated authority

Robert A. Marchman
Executive Vice President
Department of Market Regulation

4

I certify that I have read and understand all of the provisions of this AWC and have been given a full opportunity to ask questions about it; that I have agreed to its provisions voluntarily; and that no offer, threat, inducement, or promise of any kind, other than the terms set forth herein and the prospect of avoiding the issuance of a Complaint, has been made to induce me to submit it.

1/10/15
Date

Sergey Pustelnik

Reviewed by:

James Wines
1502 Stirrup Lane
Alexandria, VA 22308
202-297-6768
Phone Number

Accepted by FINRA:

1/21/15
Date

Signed on behalf of the
Director of ODA, by delegated authority

Robert A. Marchman
Executive Vice President
Department of Market Regulation

4