UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEK SECURITIES CORPORATION, et al.,<br><br>Defendants. | Case No. 17-CV-1789 (DLC) |

**DEFENDANTS PUSTELNIK, FAYYER AND AVALON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE TESTIMONY BY JEFFREY CLARK OR ANY REFERENCE TO THE FBI OR DOJ**

Defendants Sergey Pustelnik, Nathan Fayyer, and Avalon FA Ltd. ("Defendants") respectfully submit this Memorandum of Law in Support of their Motion *in Limine* to Preclude Testimony by Jeffrey Clark or any reference to the FBI, DOJ, U.S. Attorneys' Office or any criminal investigation.

**ARGUMENT**

In its Pre-Trial Statement, the SEC has identified as one of its witnesses Jeffrey Clark, a Special Agent with the FBI. The SEC proffers that he will testify concerning "federal search warrants" he obtained for the contents of various g-mail accounts including for Avalon, and that he provided those documents to the U.S. Attorney's Office for the District of New Jersey. He should be precluded from doing so because how he got these documents is not relevant to anything in this case. Moreover, this is not a criminal matter and none of the Defendants were ever charged criminally. Whatever investigation was being conducted concerning other

individuals and entities – not Avalon, Fayyer or Pustelnik – is not relevant to the case. Introducing this information will suggest to the jury that Defendants have been accused of or investigated for criminal misconduct and it will be prejudicial and will confuse the jury.

Similarly, the SEC is attempting through the use of "summary exhibits," numbers 23 through 26, attached hereto as Exhibits A through D, to show how it obtained certain exhibits in this matter, and specifically, that they came not from the Defendants but from the United States Attorney Office for the District of New Jersey. The SEC should not be permitted to do this. Again, where the SEC got these documents is not relevant to anything in this case. Moreover, referencing the United States Attorney Office for the District of New Jersey is being done strictly and solely to associate Defendants with a criminal investigation that had nothing to do with them. It would be prejudicial and confusing to the jury to let the SEC get away with this.

Under Rule 401, "[e]vidence is relevant when 'it has any tendency to make a [material] fact more or less probable than it would be without the evidence.'" *United States v. White*, 692 F.3d 235, 246 (2d Cir.2012), as amended (Sept. 28, 2012) (*quoting* Fed. R. Evid. 401) (footnote omitted). "A material fact is one that would affect the outcome of the suit under the governing law." *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) *(quoting Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006)). Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Under Rule 403, the Court may exclude evidence even if it is relevant where its probative value is substantially outweighed by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See generally United States v. Gupta*, 747 F.3d 111, 131–32 (2d Cir. 2014); *Gerber v. Computer Assocs. Int'l, Inc.*, 303 F.3d 126, 136 (2d Cir. 2002). Evidence is considered prejudicial if it

"involves some adverse effect ... beyond tending to prove the fact or issue that justified its admission into evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (*quoting United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995)).

Moreover, earlier in this case, Defendants attempted to obtain discovery about that criminal investigation. *See e.g.,* Ex. E, Defendants' Documents Request, Requests 1-4; Ex. F, Defendants' Interrogatories, 6 and 8. The SEC objected to that discovery and the Court sustained those objections. It would be completely unfair to let the SEC introduce this irrelevant, confusing and prejudicial evidence having refused to provide Defendants any discovery into this purported investigation.

## **CONCLUSION**

For these reasons, the Court should issue an Order granting Defendants' Motion *in limine* and precluding testimony by Jeffrey Clark or any reference to the FBI, DOJ, U.S. Attorneys' Office or any criminal investigation.

Dated: September 13, 2019

                                            Respectfully submitted,

                                            */s/ James M Wines*

                                            James M Wines
                                            **Law Office of James M Wines**
                                            1802 Stirrup Lane
                                            Alexandria, VA 22308
                                            202.297.6768
                                            winesj@wineslegal.com

                                            Steven Barentzen
                                            **Law Office of Steven Barentzen**
                                            17 State Street, Suite 400
                                            New York, NY 10004
                                            Phone: (917) 476-0953
                                            Fax:    (202) 888-6268

Steven@barentzenlaw.com

Attorneys for Defendants Sergey Pustelnik, Nathan Fayyer and Avalon FA LTD