EXHIBIT E

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | 17-cv-01789 (DLC) |
| LEK SECURITIES CORPORATION, SAMUEL LEK, VALI MANAGEMENT PARTNERS d/b/a AVALON FA LTD, NATHAN FAYYER, and SERGEY PUSTELNIK a/k/a/ SERGE PUSTELNIK, | |
| Defendants. | |

## DEFENDANTS AVALON'S, FAYYER'S, AND PUSTELNIK'S
## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Vali Management Partners dba Avalon FA Ltd ("Avalon"), Nathan Fayyer, and Sergey Pustelnik, propound their First Set of Requests for the Production of Documents (individually, "Request," collectively, "Requests") to Plaintiff Securities and Exchange Commission.  The documents are to be produced to the Law Office of James M Wines, 1802 Stirrup Lane, Alexandria, VA 22308.

## DEFINITIONS

1.      "Complaint" means the complaint filed by plaintiff in this action.

2.      The definitions and rules of construction set forth in Local Civil Rule 26.3 are incorporated by reference, including, but not limited to, the following:

a.      Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

b.      Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored

information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

       c.     Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

       d.     Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

       e.     Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

       f.     Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

       g.     Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

     3.     "You" or "Your" or "SEC" means plaintiff.

4.      An "Exchange" means a current or former equities or options exchange, or its predecessor, successor, or affiliate, including, but not limited to: (l) the following equities exchanges: Cboe BYX Exchange, Inc. (BYX Equities), Cboe BZX Exchange, Inc. (BZX Equities), Cboe EDGA Exchange, Inc. (EDGA Equities), Cboe EDGX Exchange, Inc. (EDGX Equities), Chicago Stock Exchange, Inc. (CHX), Investors Exchange LLC (lEX), Nasdaq Stock Market, LLC (NASDAQ), Nasdaq OMX BX, Inc. (NASDAQ OMX BX), Nasdaq OMX PHLX, Inc. (NASDAQ OMX PHLX), New York Stock Exchange LLC (NYSE), NYSE American LLC (AMEX), NYSE Arca, Inc. (ARCA), and NYSE National, Inc. (NSX); and (2) the following options exchanges: BOX Options Exchange LLC (BOX Options Exchange), Cboe BZX Exchange, Inc. (BZX Options), Cboe C2 Exchange, Inc. (C2 Options Exchange), Cboe EDGX Exchange, Inc. (EDGX Options), Cboe Exchange, Inc. (CBOE), Nasdaq BX, Inc. (Nasdaq BX Options), Nasdaq ISE, LLC (Nasdaq ISE), Nasdaq Options Market, LLC (Nasdaq Options Market), Nasdaq PHLX, LLC (Nasdaq PHLX), NYSE American LLC (NYSE American Options) and NYSE Arca, Inc. (NYSE Arca Options).

## INSTRUCTIONS

1.      Pursuant to Federal Rule of Civil Procedure 34, You shall respond to the following Requests within 30 days of the date of this request.

2.      If an objection is made, You shall state the reasons for the objection.

3.      If any privilege or other doctrine is claimed as to any Request set forth herein, You shall provide a privilege log of the withheld information with sufficient information to enable the Defendants to make a determination about whether the claimed privilege or doctrine applies, in accordance with Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2, including the nature of the privilege or doctrine, the type of document, the date of the document, the name and address of its author, the addressees of the document, and all recipients, the subject

matter of the document, and the basis for the claim of privilege.

4.      These Requests shall be deemed continuing in nature pursuant to Federal Rule of Civil Procedure 26(e) so as to require you to produce additional responsive documents in a prompt manner if such documents are obtained by you between the time that you respond to this these Requests and the time of the trial of this proceeding.

5.      Responsive documents should be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the Requests to which they are responsive.  All attachments and appended or embedded links or files should be produced if any one of them is responsive to any of the Requests.  If you are not producing documents with respect to any Request, you should so state in writing.

6.      Pursuant to Rule 34(b)(2)(C), you must state whether any responsive material are being withheld on the basis of each objection.  If an objection is made to only a part of a Request, you must specify the part and permit inspection of the rest.

7.      These Requests relate to all documents that are in plaintiff's possession, custody or control, including any of plaintiff's employees, agents, attorneys, accountants, investigators, or other representatives.

8.      If a document responsive to these Requests was at any time in plaintiff's possession, custody or control but now is no longer available for production, as to each such document state the following information:

      (a)      Whether the document is missing or lost;

      (b)      Whether it has been destroyed;

      (c)      Whether the document has been transferred or delivered to another person or entity and, if so, at whose request;

      (d)      Whether the document has been otherwise disposed of; and

      (e)      A precise statement of the circumstances surrounding the disposition of the document and the date of the document's disposition.

9.      All documents should be produced in the form in which it ordinarily is maintained, with the exception of electronically stored information which should be produced electronically as set forth below.

10.      All responsive electronically stored information should include any and all associated metadata and any and all associated files, including but not limited to attachments or hyperlinked files.

11.      Plaintiff shall produce the original of each document requested below or, if the original is not in plaintiff's custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

12.      No part of a Request shall be left unanswered merely because an objection is interposed to another part of the Request. If plaintiff objects to any of the Requests or part thereof, the objection shall be stated in accordance with the Federal Rules of Civil Procedure.

13.      Except as otherwise stated or required by the context of any specific Request, these Requests seek information from September 1, 2010, through the present.

## REQUESTS

**REQUEST NO. 1:**

All documents to, from or concerning Aleksandr Milrud which relate in any way to any of the allegations in the Complaint or any of the manipulative trading, including "layering," "spoofing," or "cross-market manipulation" described in the Complaint.

**REQUEST NO. 2:**

All documents concerning Aleksandr Milrud, including but not limited to all documents concerning any investigation of Mr. Milrud conducted by the SEC, Department of Justice or United States Attorneys' Office for the District of New Jersey, the civil case filed by the SEC against Mr. Milrud, the criminal case filed against Mr. Milrud and all document and communication with Mr. Milrud and/or his counsel concerning any investigation of Mr. Milrud, any allegations against him, either of those matters, or any agreements Mr. Milrud has made with the government to settle, plea or cooperate.

**REQUEST NO. 3:**

All documents concerning any criminal investigation against Avalon, Fayyer or Pustelnik by the United States Attorneys' Office for the District of New Jersey, the search warrant issued to Google to obtain records from Avalon's google account, and any submissions or pleadings that the government made to the court as part of that investigation or to obtain the search warrant.

**REQUEST NO. 4:**

All communications between the SEC and the United States Attorneys' Office for the District of New Jersey concerning Avalon, Fayyer or Pustelnik, any allegations in the Complaint or the manipulative trading, including "layering," "spoofing," or "cross-market manipulation" described in the Complaint.

**REQUEST NO. 5:**

All documents, emails, instant messages, communications and correspondence to, from or with FINRA, an Exchange, or any other party, entity or individual concerning Avalon, Fayyer or Pustelnik, any of the allegations in the Complaint or the manipulative trading, including "layering," "spoofing," or "cross-market manipulation" described in the Complaint.

**REQUEST NO. 6:**

All complaints, documents, emails, communications and correspondence received by the SEC from any Exchange, regulator, investor, market participant or anyone else concerning manipulative trading, including "layering," "spoofing," or "cross-market manipulation" described Complaint, including specifically those complaints alleged and identified in the Complaint, and any and all communications concerning those complaints.

**REQUEST NO. 7:**

All documents concerning efforts by the SEC, FINRA, any Exchange, market participant or anyone else to define or implement methods for identifying "layering," "spoofing," or "cross-market manipulation" as described in the Complaint.

**REQUEST NO. 8:**

All documents, including emails, instant messages, and minutes of calls, concerning internal or external discussions about the definition of or methods for identifying "layering," "spoofing," or "cross-market manipulation" as described in the Complaint.

**REQUEST NO. 9:**

All communications between the SEC and FINRA, including, but not limited to, communications involving Gene DeMaio and/or Max Tourtelot, concerning any of the allegations in the Complaint, the manipulative trading, including "layering," "spoofing," or "cross-market manipulation" described Complaint, and all matters identified in the SEC's initial disclosures.

**REQUEST NO. 10:**

All communications to, from, by, between or with any person or entity identified in the SEC's initial disclosures concerning any of the allegations in the Complaint, "spoofing," "layering" or "cross-market manipulation" and the subject matters in which they have knowledge as identified in the SEC's initial disclosures.

**REQUEST NO. 11:**

All findings, holdings, rulings, opinions, precedents which you contend support your contention that "layering" or "spoofing" as described in the Complaint violated any federal securities laws, rules, regulations.

**REQUEST NO. 12:**

All findings, holdings, rulings, opinions, precedents which you contend support your contention that "cross market manipulation" as described in the Complaint violated any federal securities laws, rules, regulations.

**REQUEST NO. 13:**

All documents disclosing the counter-party in each and every transaction that the SEC alleges in the Complaint violated any federal securities laws, rules, regulations.

**REQUEST NO. 14:**

All documents concerning the amount of fees received by the SEC with respect to each and every transaction that the SEC alleges in the Complaint was illegal.

**REQUEST NO. 15:**

All documents, notes, memoranda and internal communications regarding the manipulative trading, including "layering," "spoofing," or "cross-market manipulation" described Complaint spoofing, prior to the entry of the formal order of investigation in connection with In the Matter of Lek Securities Corporation (HO-12103) that were not produced or prepared in the anticipation of litigation.

**REQUEST NO. 16**

All documents, notes, memoranda and internal communications prepared by a division or unit of the SEC other than enforcement or the trial unit regarding the manipulative trading, including "layering," "spoofing," or "cross-market manipulation" described Complaint spoofing, prior to the entry of the formal order of investigation in connection with In the Matter of Lek Securities Corporation (HO-12103).

Dated:  November 6, 2017

_____
James M Wines
SDNY Bar. No. JW5859
**Law Office of James M Wines**
1802 Stirrup Lane
Alexandria, VA 22308
202.297.6768
winesj@wineslegal.com

Steven Barentzen
**Law Office of Steven Barentzen**
375 Park Avenue, Suite 2607
New York, NY 10152
Phone: (212) 634-4795
Fax:    (202) 888-6268
Steven@barentzenlaw.com

Mailing Address:
910 17th Street, NW, Suite 800
Washington DC 20006

Attorneys for Defendants Avalon FA LTD,
Nathan Fayyer, and Sergey Pustelnik