EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>LEK SECURITIES CORPORATION,<br>SAMUEL LEK, VALI MANAGEMENT<br>PARTNERS dba AVALON FA LTD,<br>NATHAN FAYYER, and SERGEY PUSTELNIK,<br><br>  Defendants. | Case No. 17-CV-1789(DLC) |

**DEFENDANT AVALON'S FIRST SET OF INTERROGATORRIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Rules") and Local Civil Rule 33.3(b), Defendant Vali Management Partners dba Avalon FA LTD ("Avalon") hereby requests that plaintiff Securities and Exchange Commission ("SEC") answer under oath the following interrogatories within 30 days from the date of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

**I.     Definitions**

  **a.     Standard Definitions**

Pursuant to Local Civil Rule 26.3, the following definitions apply to these requests:

  1.     **Communication.**  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

  2.     **Document.**  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule

34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

3. **Identify** (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. **Identify** (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33(d).

5. **Parties.**  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. **Person.**  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. **Concerning.**  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

II. <u>Rules of Construction</u>

Pursuant to Local Rule 26.3, the following rules of construction apply to this discovery request:

1. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. Number. The use of the singular form of any word includes the plural and vice versa.

### III. Instructions

1. Unless otherwise indicated, the time period covered by each of the interrogatories herein is from September 1, 2010, to the date of Your response, including any required supplemental responses.

2. These interrogatories call for all information that is known or is available to You, including all information in Your possession, custody or control, or in the possession, custody, or control of Your current or former employees, attorneys, agents, accountants, advisors, or representatives.

3. Answer each interrogatory fully. If You object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If You are unable to answer an interrogatory fully, submit as much information as is available, explain why Your answer is incomplete, and identify and describe all other sources of more complete information. In any interrogatory requesting identification of a document, identify the document specifically by bates numbers.

4. The requirements of Rule 33 are incorporated by reference.

## INTERROGATORIES

1. Identify all findings, holdings, rulings, opinions, precedents which you contend support your claim that "layering" or "spoofing" as described in the Complaint violated any federal securities laws, rules, regulations.

2. Identify all findings, holdings, rulings, opinions, precedents which you contend support your claim that "cross market manipulation" as described in the Complaint violated any federal securities laws, rules, regulations.

3. Identify the counter-party in each and every transaction that the SEC alleges in the Complaint violated any federal securities laws, rules, regulations.

4. Identify the amount of fees received by the SEC with respect to each and every transaction that the SEC alleges in the Complaint violated any federal securities laws, rules, regulations.

5. Identify all SEC personnel and employees that reviewed, discussed, obtained, received or had knowledge of the documents that the SEC received from the Department of Justice via letter September 16, 2015 from Nicholas Grippo to Owen Granke and Sarah Nilson or any memo, report or other document discussing or summarizing those documents.

6. Identify the "offshore brokerage firm" identified in paragraphs 16-31 of the complaint the SEC filed against Aleksandr Milrud in the United States District Court for the District of New Jersey, Case 2:15-cv-00237-KM-JBC.

7. Identify which allegations in the Complaint, if any, in the Complaint identified in Interrogatory 6 above concern or relate to Defendants Avalon, Serge Pustelnik or Nathan Fayyer.

8. Identify which allegations in the Complaint in this action, if any, relate to or concern Aleksandr Milrud.

9. Identify all facts and document that support your contention that Defendant Serge Pustelnik was an agent, employee, principal, control person, alter ego or owner of Avalon, and identify each person upon whose testimony you expect to rely to support such a contention and summarize the facts known to each such person.

10. With respect to your First Claim for Relief (Violations of Section 10(b) of the Exchange Act and Rule 10b-5), explain the basis for the claim, identify all facts and documents that support the claim, identify each person upon whose testimony you expect to rely to support such claim, and summarize the facts known to each such person that support the claim.

11. With respect to your Second Claim for Relief (Violations of Section 17(a)(1) and (3) of the Securities Act) explain the basis for the claim, identify all facts and documents that support the claim, identify each person upon whose testimony you expect to rely to support such claim, and summarize the facts known to each such person that support the clam.

12. With respect to your Fourth Claim for Relief (Violations of Section 9(a)(2) of the Exchange Act) explain the basis for the claim, identify all facts and documents that support the claim, identify each person upon whose testimony you expect to rely to support such claim, and summarize the facts known to each such person that support the clam.

13. With respect to the Fifth, Sixth, Seventh and Ninth Claims for Relief (Aiding and Abetting) explain the basis for the claim, identify all facts and documents that support the claim, identify each person upon whose testimony you expect to rely to support such claim, and summarize the facts known to each such person that support the clam.

14. With respect to your Tenth and Twelfth Claim for Relief (Violations of Section 20(a) of the Exchange Act) explain the basis for the claim, identify all facts and documents that support the claim, identify each person upon whose testimony you expect to rely to support such claim, and summarize the facts known to each such person that support the clam.

Dated: November 6, 2017

_____
James M Wines
SDNY Bar. No. JW5859
**Law Office of James M Wines**
1802 Stirrup Lane
Alexandria, VA 22308
202.297.6768
winesj@wineslegal.com

Steven Barentzen
**Law Office of Steven Barentzen**
375 Park Avenue, Suite 2607
New York, NY 10152
Phone: (212) 634-4795
Fax:    (202) 888-6268
Steven@barentzenlaw.com

Mailing Address:
910 17th Street, NW, Suite 800
Washington DC 20006

Attorneys for Defendant Avalon FA LTD

6