IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br>      v.<br><br>LEK SECURITIES CORPORATION, et al.,<br><br>                    Defendants. | Civil Action No. 17-CV-1789 (DLC) |

**DEFENDANTS AVALON FA LTD'S, NATHAN FAYYER'S, AND SERGEY PUSTELNIK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO PROHIBIT TESTIMONY FROM GENE DEMAIO AND USE OF THE PHRASE "CROSS MARKET MANIPULATION"**

      According to the Joint Pre-Trial Statement, the SEC intends to present the testimony of Gene De Maio, a FINRA official. One of the things that Mr. De Maio will purportedly testify concerning is "cross-market manipulation" which the SEC claims is also called "mini-manipulation" or "cross-market cross-product manipulation." The SEC also claims that Mr. De Maio will testify "why it is manipulative and harmful to the markets." Mr. De Maio should not be permitted to testify about either of these things.

      First, Defendants do not object to the term "cross market strategy." However, they do object to the use of terms "cross-market manipulation," "mini-manipulation" or "cross-market cross-product manipulation." These terms are legal conclusions. They are also confusing and misleading. The use of these terms is intended to have the jury conclude that the alleged cross-market trading strategy is manipulation without going through the work of actually proving it is manipulative. Moreover, the use of these terms is completely unnecessary because there is no reason why the SEC and its witnesses can't use the term "cross market strategy." Neither Mr.

De Maio, nor any other witness, nor counsel for the SEC should be permitted to use the terms "cross-market manipulation," "mini-manipulation" or "cross-market cross-product manipulation."

Moreover, Mr. De Maio should be precluded from testifying about why the alleged cross-market strategy is manipulative. Unlike Professor Pearson, he is not an expert in market micro-structure, has not performed an analysis of Avalon's trading, and is not qualified to render such an expert opinion. Second, this testimony a legal conclusion and like Professor Filler and the other defense experts that the Court previously struck, he may not testify as to a legal conclusion. What's good for the goose is good for the gander.

Moreover, for the reasons stated above, the SEC should not be permitted to take this evidentiary short-cut: (1) that the alleged cross-market strategy is manipulative; (2) that Avalon's traders engaged in the cross-market strategy; and (3) thus Avalon's traders engaged in manipulation. Rather, the SEC must prove that Avalon trader's trading was manipulative. The SEC should not be permitted to conflate the alleged cross market strategy with manipulation without first proving it.

## CONCLUSION

For these reasons, the Court should enter an Order (1) precluding the SEC or its witnesses from using the terms "cross-market manipulation," "mini-manipulation" or "cross-market cross-product manipulation"; (2) prohibiting Mr. De Maio from testifying about why the cross-market strategy is manipulative; and (3) granting such further relief as the Court deems just and proper.

Dated: September 13, 2019         _____
                                                                             James M Wines
                                                                             SDNY Bar. No. JW5859

**Law Office of James M Wines**
1802 Stirrup Lane
Alexandria, VA 22308
202.297.6768
winesj@wineslegal.com

Steven Barentzen
**Law Office of Steven Barentzen**
17 State Street, Suite 400
New York, NY 10004
Phone: (917) 476-0953
Fax:      (202) 888-6268
Steven@barentzenlaw.com

Attorneys for Defendants Avalon FA LTD,
Nathan Fayyer, and Sergey Pustelnik
