
UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEK SECURITIES CORPORATION, et al.,<br><br>Defendants. | Case No. 17-CV-1789 (DLC) |

**DEFENDANTS PUSTELNIK, FAYYER AND AVALON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE TESTIMONY BY JEROME LAGUILLES CONCERNING DEFENDANTS DOCUMENT PRODUCTIONS**

Defendants Sergey Pustelnik, Nathan Fayyer, and Avalon FA Ltd. ("Defendants") respectfully submit this Memorandum of Law in Support of their Motion *in Limine* to Preclude Testimony by Jerome Laguilles concerning Defendant's document productions.

## ARGUMENT

In its Pre-Trial Statement, the SEC has identified as one of its witnesses Jerome Laguilles, an SEC employee. The SEC proffers that he will testify "whether certain documents in this case were included in the Avalon Defendants' productions to the SEC." This testimony is completely irrelevant to any of the claims or defenses in this action. If the SEC believed that Defendants failed to produce documents, either in response to a subpoena or in response to document requests in this case, it does not say, it had a remedy. It could have moved to compel the production of documents – but did not. What the SEC should not be permitted to do is sit

idly by, then after the fact complain that documents were not produced without ever giving Defendants a chance to respond.

Defendants, as far as they know, fully complied with whatever subpoenas or document requests they were served with. Defendants must be provided an opportunity to reply to whatever false allegations the SEC intends to make to defend and explain their productions. Turning this case into a mini-trial over whether or not documents were produced would be a total distraction. The testimony is irrelevant, prejudicial and will be confusing to the jury. It should be excluded.

Under Rule 401, "[e]vidence is relevant when 'it has any tendency to make a [material] fact more or less probable than it would be without the evidence.'" *United States v. White*, 692 F.3d 235, 246 (2d Cir.2012), as amended (Sept. 28, 2012) (*quoting* Fed. R. Evid. 401) (footnote omitted). "A material fact is one that would affect the outcome of the suit under the governing law." *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) *(quoting Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006)). Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Under Rule 403, the Court may exclude evidence even if it is relevant where its probative value is substantially outweighed by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See generally United States v. Gupta*, 747 F.3d 111, 131–32 (2d Cir. 2014); *Gerber v. Computer Assocs. Int'l, Inc.*, 303 F.3d 126, 136 (2d Cir. 2002). Evidence is considered prejudicial if it "involves some adverse effect ... beyond tending to prove the fact or issue that justified its admission into evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (*quoting United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995)).

It would be unfair to let the SEC introduce this irrelevant, confusing and prejudicial evidence into the trial of this case.

## **CONCLUSION**

For these reasons, the Court should issue an Order granting Defendants' Motion *in limine* and precluding testimony by Jerome Laguilles concerning document productions.

Dated: September 13, 2019

                Respectfully submitted,

                _____
                James M Wines
                **Law Office of James M Wines**
                1802 Stirrup Lane
                Alexandria, VA 22308
                202.297.6768
                winesj@wineslegal.com

                Steven Barentzen
                **Law Office of Steven Barentzen**
                17 State Street, Suite 400
                New York, NY 10004
                Phone: (917) 476-0953
                Fax:    (202) 888-6268
                Steven@barentzenlaw.com

                Attorneys for Defendants Sergey Pustelnik,
                Nathan Fayyer and Avalon FA LTD