## UNITED STATES DISTRICT COURT
## THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEK SECURITIES CORPORATION, et al.,<br><br><br>Defendants. | **Case No. 17-CV-1789 (DLC)** |

### DEFENDANTS PUSTELNIK, FAYYER AND AVALON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE THE SEC FROM INTRODUCING EVIDENCE CONCERNING TRADING CONDUCTED THROUGH LIME BROKERAGE

Defendants Sergey Pustelnik, Nathan Fayyer, and Avalon FA Ltd. ("Defendants") respectfully submit this Memorandum of Law in Support of their Motion *in Limine* to Preclude the SEC from introducing evidence concerning trading conducted through Lime Brokerage.

### ARGUMENT

In the Joint Pre-Trial Statement, the SEC states that Gene De Maio, a FINRA official, will testify that "FINRA observed" the alleged cross market strategy at issue in this case occurring not only by Avalon's traders through Lek, but also by some other entity not identified by the SEC – but definitely not Avalon -- "through another broker-dealer, Lime Brokerage, for a limited period of time."  Additionally, the SEC asserts that its expert Neil Pearson will testify that revenue generated by this trading activity "through another firm" totaled over $450,000.

Any evidence concerning whatever entity conducted trading through Lime Brokerage should be excluded because it is irrelevant, confusing and prejudicial.

While the SEC fails to identify the entity that performed the trading through LEK, it was definitely not any of the remaining Defendants in this case.  Moreover, there is no allegation, much less evidence, that any of the remaining Defendant's participated in, knew of, or most importantly profited from any of the trading performed by the unidentified entity through Lime Brokerage.  It is apparently the SEC's theory that some of the traders at Avalon also did some trading through Lime Brokerage.  But those traders are not defendants in this case nor is Lime Brokerage.

Under Rule 401, "[e]vidence is relevant when 'it has any tendency to make a [material] fact more or less probable than it would be without the evidence.'" *United States v. White*, 692 F.3d 235, 246 (2d Cir.2012), as amended (Sept. 28, 2012) (*quoting* Fed. R. Evid. 401) (footnote omitted). "A material fact is one that would affect the outcome of the suit under the governing law." *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) (*quoting Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006)).  Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Under Rule 403, the Court may exclude evidence even if it is relevant where its probative value is substantially outweighed by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See generally United States v. Gupta*, 747 F.3d 111, 131–32 (2d Cir. 2014); *Gerber v. Computer Assocs. Int'l, Inc.*, 303 F.3d 126, 136 (2d Cir. 2002). Evidence is considered prejudicial if it "involves some adverse effect ... beyond tending to prove the fact or issue that justified its

admission into evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (*quoting United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995)).

There is no basis whatsoever for any of evidence concerning trading by an unnamed non-party done through another non-party, Lime Brokerage, to come in.  Its irrelevant and will confuse the jury and is highly prejudicial to the Defendants.

## **CONCLUSION**

For these reasons, the Court should issue an Order granting Defendants' Motion *in limine* and precluding the SEC from introducing evidence concerning trading done through Lime Brokerage, and granting such other and further relief as the Court deems just and proper.

Dated: September 13, 2019

<div style="margin-left:40%">

Respectfully submitted,

James M Wines
**Law Office of James M Wines**
1802 Stirrup Lane
Alexandria, VA 22308
202.297.6768
winesj@wineslegal.com

Steven Barentzen
**Law Office of Steven Barentzen**
17 State Street, Suite 400
New York, NY 10004
Phone: (917) 476-0953
Fax:     (202) 888-6268
Steven@barentzenlaw.com

Attorneys for Defendants Sergey Pustelnik,
Nathan Fayyer and Avalon FA LTD

</div>