UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEK SECURITIES CORPORATION, et al.,<br><br>Defendants. | Case No. 17-CV-1789 (DLC) |

**DEFENDANTS PUSTELNIK, FAYYER AND AVALON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE THE SEC FROM INTRODUCING EVIDENCE CONCERNING PURPORTED PAYMENTS TO <u>PURPORTED ASSOCIATES OF PUSTELNIK</u>**

Defendants Sergey Pustelnik, Nathan Fayyer, and Avalon FA Ltd. ("Defendants") respectfully submit this Memorandum of Law in Support of their Motion *in Limine* to Preclude the SEC from introducing evidence concerning purported payments made to purported associates of Pustelnik.

<u>ARGUMENT</u>

In the Joint Pre-Trial Statement, the SEC states that Daniel Hanuka, CFO of Lek, will testify "about compensation that two other individuals associated with defendant Pustelnik received." Similarly, Patrick McCluskey, an SEC employee, will testify about "transers of funds from Avalon Fund Aktiv's bank accounts to defendant Pustelnik ***and his affiliates***" (emphasis added,) and the use of Avalon Fund Aktiv's credit card by "another individual affiliated with

Pustelnik." None of this testimony is relevant, but it is highly prejudicial and will confuse the jury.

Under Rule 401, "[e]vidence is relevant when 'it has any tendency to make a [material] fact more or less probable than it would be without the evidence.'" *United States v. White*, 692 F.3d 235, 246 (2d Cir.2012), as amended (Sept. 28, 2012) (*quoting* Fed. R. Evid. 401) (footnote omitted). "A material fact is one that would affect the outcome of the suit under the governing law." *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) *(quoting Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006)). Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Under Rule 403, the Court may exclude evidence even if it is relevant where its probative value is substantially outweighed by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See generally United States v. Gupta*, 747 F.3d 111, 131–32 (2d Cir. 2014); *Gerber v. Computer Assocs. Int'l, Inc.*, 303 F.3d 126, 136 (2d Cir. 2002). Evidence is considered prejudicial if it "involves some adverse effect ... beyond tending to prove the fact or issue that justified its admission into evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (*quoting United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995)).

The SEC does not identify who the alleged affiliates or associates of Pustelnik are. Whoever they are, they are not parties to the action, and the SEC has provided no basis why alleged payments from one non-party to this action, Avalon Fund Activ, to other non-parties to this action, could possibly be relevant to any of the claims in this case. It is clear that the SEC is just trying to smear to Pustelnik with speculation and innuendo because it has no actual hard evidence connecting him to any of the alleged wrongdoing in the complaint. Evidence

concerning alleged payments made by parties or non-parties to this case to unidentified individuals who are allegedly associated with Mr. Pustelnik are irrelevant, prejudicial and will be confusing to the jury. They should be excluded from this case.

## CONCLUSION

For these reasons, the Court should issue an Order granting Defendants' Motion *in limine* and precluding the SEC from introducing evidence concerning alleged payments to alleged affiliates and associated of Pustelnik, and granting such other and further relief as the Court deems just and proper.

Dated: September 13, 2019

                                          Respectfully submitted,

_/s/ James M Wines_

James M Wines
**Law Office of James M Wines**
1802 Stirrup Lane
Alexandria, VA 22308
202.297.6768
winesj@wineslegal.com

Steven Barentzen
**Law Office of Steven Barentzen**
17 State Street, Suite 400
New York, NY 10004
Phone: (917) 476-0953
Fax:     (202) 888-6268
Steven@barentzenlaw.com

Attorneys for Defendants Sergey Pustelnik, Nathan Fayyer and Avalon FA LTD