# EXHIBIT D

**SEC v. Lek Securities Corp. et al.**
**Case No. 17-cv-1789(DLC)**

~~Defendants'~~**SEC's** **Proposed Initial Instruction to the Jury**

I will now give you an initial instruction about the law that you are to follow in this case. At the conclusion of the trial, I will give you more detailed instructions for you to follow in your deliberations. But for now, I will simply provide you with some brief instructions on the law that I hope will provide useful background as you hear the evidence.

The plaintiff in this case is the Securities and Exchange Commission, or the SEC. The SEC is an independent agency of the federal government that regulates the securities industry and enforces the federal securities laws. The SEC has the authority to file lawsuits alleging violations of those laws.

There are three defendants in this case. The first defendant is Avalon FA Ltd, which I will call Avalon. Avalon is a foreign trading firm headquartered in Ukraine that traded securities through an account at a broker-dealer called Lek Securities. The second defendant is Nathan Fayyer, who is an owner of Avalon. The third defendant is Sergey Pustelnik, who was a registered representative of Lek Securities, and who handled the Avalon account at Lek Securities. The SEC has alleged that Pustelnik is also an owner of Avalon. ~~Mr.~~ Pustelnik denies this.

In this case, the SEC has charged the defendants with violating two federal statutes: the Securities Act of 1933 and the Securities Exchange Act of 1934. The stock market crash of 1929 led to the enactment of both of these laws, as well as the creation of the SEC. These laws prohibit people from engaging in manipulative practices that distort the prices of securities like stocks and bonds. The laws are designed to enforce investor expectations that our securities

markets are free from fraud, and to prevent any deceptive or manipulative practice that

undermines the function and purpose of a free market.[1]

In this case, the SEC says that the defendants engaged in market manipulation.  The

prices of stocks and other securities are supposed to reflect legitimate trading activity in the

market, meaning that the natural interplay of supply and demand for a security by investors

determines the price of that security.  Market manipulation is the use of deceptive and

manipulative practices that are intended to mislead other investors by artificially distorting

market activity and sending false pricing signals to the market.[2]

The SEC has brought multiple claims against each of the defendants.  The SEC's claims

are civil claims, and this is a civil case, not a criminal case.  These claims fall into three broad

categories:

First:  The SEC claims that the defendants engaged in market manipulation.  Specifically,

the SEC alleges that the defendants engaged in two manipulative trading strategies that the SEC

contends are manipulative – the layering strategy and the cross-market strategy. The SEC

contends that orders placed and/or trades executed as part of these strategies – that were

intended to artificially affect market priceactivity, or to send false pricing signals to the market

and thereby mislead investors as to how other market participants valued a security.

Second:  The SEC claims that defendants Fayyer and Pustelnik also aided and abetted

market manipulation by certain other defendants.  In these claims, the SEC says that these

---

[1] 4 L. Sand et al., MODERN FED. JURY INSTR.- CIVIL § 82.01, Instruction 82-2 (2019); *SEC v. Wyly*, Case No. 10-cv-5760(SAS), Docket No. 377, at 129-32  (S.D.N.Y. May 7, 2014) (transcript of jury trial at 3237-3241).

[2] *Santa Fe Indus, Inc. v. Green*, 430 U.S. 462, 476-77 (1977); *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 124, 130 (2d Cir. 2011); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 100-101 (2d Cir. 2007); *Gurary v. Winehouse*, 190 F.3d 37, 45 (2d Cir.1999); *SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49, 59 (S.D.N.Y. 2017).

defendants knowingly or recklessly provided substantial assistance to someone else who engaged in market manipulation.

Third:   The SEC has brought multiple claims alleging that the defendants are also liable because they exercised control over other persons who engaged in market manipulation.

Defendants deny these claims by the SEC. Defendants contend that the orders and trades at issue were legitimate and did not convey any false information and did not artificially impact market prices. Defendants also contend that they did not know and had no reason to believe that any of the orders or trades at issue were manipulative. Defendants also contend that they reasonably and in good faith relied on Lek Securities — the U.S. registered broker dealer through which all of the orders and trades at issue were processed — to ensure that those orders and trades complied with all federal securities laws. The individual defendants, Mr. Fayyer and Mr. Pustelnik, contend that they did not place the orders and trades at issue, and that they did not direct, control or substantial assist the traders that did place those orders and trades.

This is a civil case, and the plaintiff — the SEC — has the burden of proof on any given issue. That means that the plaintiff must prove every disputed element of their claim to you by a preponderance of the evidence. If you conclude that the plaintiff has failed to establish their claim by a preponderance of the evidence, you must decide against the SEC on the issue you are considering.[3]

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has

---

[3] 4 Leonard B. Sand *et al.,* MODERN FED. JURY INSTR. (Civil), Instructions 73-1, 73-2 (2009).

been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.[4]

If you find that the credible evidence on a given issue is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then you must decide that issue against the plaintiff and in favor of the defendant. That is because the plaintiff has the burden of proof and must do more than establish the simple equality of evidence -- the plaintiff must prove the element at issue by a preponderance of the evidence. On the other hand, the plaintiff need prove no more than a preponderance. So long as you find that the scales tip in favor of the party with this burden -- that what the party claims is more likely true than not true -- then that element will have been proved by a preponderance of evidence.[5]

---

[4] Id.
[5] Id.