UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                         Plaintiff,

            v.                                          CASE NO. 17-CV-1789 (DLC)

LEK SECURITIES CORPORATION,
SAMUEL LEK,
VALI MANAGEMENT PARTNERS dba
      AVALON FA LTD,
NATHAN FAYYER, and
SERGEY PUSTELNIK a/k/a
      SERGE PUSTELNIK,
                         Defendants.

**PLAINTIFF SEC'S (CORRECTED) MEMORANDUM IN SUPPORT OF MOTION
IN LIMINE TO PRECLUDE AVALON DEFENDANTS FROM OFFERING
EVIDENCE OF, OR REFERRING TO, RELIANCE
<u>ON COUNSEL, OR PRESENCE OR INVOLVEMENT OF COUNSEL</u>**

David J. Gottesman
Olivia S. Choe
Sarah S. Nilson
U.S. Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549
Tel: (202) 551-4470 (Gottesman)
GottesmanD@sec.gov
*Attorneys for Plaintiff*

# TABLE OF CONTENTS
(corrected 9/14/2019)

**Introduction** ………………………………………………………………………… **1**

**Background** ……………………………………………………………………………… **1**

I. The Case

II. The Court's March 2018 Rulings Regarding the Lek Defendants' Consultation With
Counsel ……………………………………………………………………….......….. 2

III. The Pleadings and the Court's Rulings About the Avalon Defendants' Reliance-on-
Counsel Defenses or Arguments ……………………………………………………… 3

IV. The Avalon Defendants' Statements About Advice or Involvement of Counsel ……. 3

**Argument** ……………………………………………………………………………… **5**

I. Legal Standards for Motions in limine ……………………………………………… 5

II. The Avalon Defendants Should be Precluded From Asserting an
Advice-of-Counsel Defense ……………………………………………….……. 6

III. The Avalon Defendants Also Should Be Precluded From Referring to, or Introducing
Evidence of Any Involvement or Presence of Counsel ……………………….……… 8

A. The Avalon Defendants Should Be Precluded From
Referring to Involvement or Presence of Counsel ………………………………. 8

B. The Avalon Defendants Should Be Precluded From Introducing
Wells Responses From Defense Counsel to FINRA ……………………………9

**Conclusion** ……………………………………………………….....………………………… **10**

# TABLE OF AUTHORITIES
(corrected 9/14/2019)

**Cases**

*Gilmore v. Macy's Retail Holdings*, No. 06-3020(JBS),
   2009 WL 140518, at \*9 n.14 (D.N.J. Jan. 20, 2009) ............................................................ 10

*Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250 (S.D.N.Y. 2015) ............................. 6

*Markowski v. SEC*, 34 F.3d 99 (2d Cir. 1994) ............................................................................. 7

*Palmieri v. Defaria*, 88 F.3d 136 (2d Cir. 1996) ........................................................................ 6

*SEC v. Kokesh*, No. 09-cv-1021, 2014 WL 11516545 (D.N.M. July 21, 2014)............................ 8

*SEC v. Mapp*, No. 16-cv-00246, 2017 WL 8780604 (E.D. Tex. Dec. 4, 2017) ........................... 9

*SEC v. Tourre*, 950 F. Supp. 2d 666 (S.D.N.Y. 2013).................................................................. 8

*United States v. Landau*, 155 F.3d 93 (2d Cir. 1998) ................................................................. 6

*United States v. Paredes*, 176 F.Supp.2d 179, (S.D.N.Y. 2001) .................................................. 6

*United States v. Wells Fargo Bank, N.A.*, 132 F.Supp.3d 558 (S.D.N.Y.  2015) .......................... 8

**Treatise**

L. Sand, et al., Modern Federal Jury Instructions at 74–3 (2000) ................................................ 9

Plaintiff U.S. Securities and Exchange Commission ("SEC") provides this memorandum of law in support of its motion *in limine* for an order prohibiting the Defendants Avalon FA Ltd ("Avalon"), Nathan Fayyer ("Fayyer") and Serge Pustelnik ("Pustelnik") (collectively, the "Avalon Defendants") and their attorneys from, in front of the jury, presenting evidence of, referring to or mentioning, any advice of, reliance on, or involvement or presence of any attorneys in connection with the issue of whether the trading activity at issue in this case was permissible or was a violation of the federal securities laws or other rules.[1]

## Introduction

The Avalon Defendants have indicated in their pretrial disclosures that they intend to testify about purported reliance on or involvement of counsel for the Lek Defendants. As shown below, the Avalon Defendants should be precluded from raising such arguments or introducing evidence on those points because they failed to timely raise any reliance-on-counsel, or involvement-of-counsel defenses or arguments within the time permitted by the Court, the record shows they have no factual basis for any such defenses or arguments, and they have refused on privilege grounds to disclose facts surrounding any such supposed advice of counsel.

## Background

### I.     The Case

This case involves two manipulative strategies:  layering and cross-market manipulation. From late 2010 and through late 2016, Avalon -- a foreign trading firm trading through its brokerage account at defendant Lek Securities Corporation ("Lek Securities") -- used these strategies to manipulate the U.S. securities markets.  Fayyer was the disclosed owner and

---

[1] The SEC has filed herewith the Declaration of David J. Gottesman, attached to which are the exhibits cited in this memorandum

principal of Avalon.  Pustelnik was an undisclosed principal of Avalon, and also was installed as a registered representative at Lek Securities, handling the Avalon account.

In March 2017, the SEC filed suit against the Avalon Defendants, Lek Securities, and Sam Lek, alleging violations of various provisions of the securities laws. ECF No. 1 (Complaint).  Trial is set to being on October 21, 2019.[2]  Pursuant to the Court's scheduling order, motions *in limine* are due on September 13, 2019.

## II.     The Court's March 2018 Rulings Regarding the Lek Defendants' Consultation With Counsel

On March 14, 2018, the SEC requested that the Court preclude the Lek Defendants (Lek Securities and Sam Lek) from introducing at trial "evidence of, or referring to, their consultations with counsel."  ECF No. 162 (letter dated 3/14/2018 from David J. Gottesman), at 1.  The Lek Defendants stated that they were not claiming "reliance" on counsel, but they nonetheless wished to be allowed to refer to having consulted with counsel.  The SEC asked the Court to preclude such references to consultations with counsel because they would imply to the jury that counsel approved of the conduct at issue.  In a telephone conference on March 15, 2018, this Court indicated that it would "instruct[] any witnesses at trial, including the Lek witnesses, that they are not to volunteer that counsel was consulted at any time unless they are specifically asked about consultation with counsel by the SEC attorneys."  Exhibit 1 (3/15/2018 Transcript of Conference Call), at 6.  The Lek Defendants' counsel agreed to such an instruction.  *Id.*

During the March 15, 2018 call with the Court, however, the SEC's counsel pointed out that the SEC later might have to raise with the Court the related issue of whether the ***Avalon Defendants*** could refer to having heard about consultations with counsel.  Exhibit 1, at 7.  That

---

[2] Because of a prospective settlement agreement with the Lek Defendants, the SEC anticipates that the upcoming trial will proceed as to the Avalon Defendants only.

issue is the subject of this motion and is now ripe for resolution.

### III.   The Pleadings and the Court's Rulings About the Avalon Defendants' Reliance-on-Counsel Defenses or Arguments

On October 17, 2017, the SEC filed a letter requesting the Court to address interrogatories concerning affirmative defenses raised by the Avalon Defendants.  ECF No. 104. The Court held a telephonic conference on October 27, 2017.  ECF No. 111 (10/27/2017 Transcript).  During that call, the Court asked counsel for the Avalon Defendants whether they were "relying on an advice-of-counsel defense."  *Id.* at 8.  Counsel said he had not yet made that determination.  *Id.*  The Court then gave the Avalon Defendants two weeks to decide.  *Id.* at 9. The SEC's counsel made clear that the SEC was seeking disclosure not just of a formal affirmative defense of reliance on counsel, but also any other argument about "avoidance of liability based on counsel or other professionals."  *Id.* at 24.  The Avalon Defendants' counsel stated he had no objection to that broad definition.  *Id.*  The Avalon Defendants did not come forward with any assertion of any such defense or argument within the two-week period given by the Court.

### IV.   The Avalon Defendants' Statements About Advice or Involvement of Counsel

In discovery, the Avalon Defendants revealed that they did not personally receive advice of counsel about the propriety of the trading activity at issue in this case.  While the Avalon Defendants repeatedly pointed to advice supposedly given to the Lek Defendants by their own counsel, they could not establish what facts such counsel were told, what advice they gave, or any other pertinent information.  Indeed, when Pustelnik was asked questions in deposition about being privy to any advice from the Lek Defendants' counsel at the time of the trading activity, the Lek Defendants' counsel (and Pustelnik's own counsel, who also represents the other Avalon

Defendants) instructed Pustelnik not to disclose any communications.

When Pustelnik was asked if he ever had any conversations with the Lek Defendants' outside counsel while Pustelnik was a registered representative at the firm, Pustelnik testified, "not that I recall." Exhibit 2 (Pustelnik 3/21/2018 Deposition Transcript (Pustelnik 3/21/2018 Dep. Tr.") at 648:4 – 648:14.

Pustelnik was asked if he ever saw a letter signed by Lek Securities' attorneys. At first, he could not remember ever having seen a letter signed by Lek Securities' attorney. *Id*. at 653-54. Later in the deposition, he testified, "I've seen a letter, and while not getting into the specifics of the letter, after reading that letter and after all of the other reasons that I mentioned, and probably a lot more that I haven't, have caused me to form my basis" for his beliefs about advice that might have been given. *Id.* at 660:9 – 660:14.

When asked who showed him the letter, he testified that "he could not remember exactly," but it was either Sam Lek or another employee named Dan Hanuka, "but I'm not sure if it was either or both." *Id.* at 660:19 – 660:22. The letter was not addressed to him. *Id.* at 661:24 – 661:25.

When asked what the letter said, Pustelnik refused to answer (*id.* at 664:23 – 664:24), based on instructions from the Lek Defendants' counsel (*id.* at 662:11- 662:19) and by Pustelnik's own counsel (*id*. at 664:8-664:15).

When asked if he knew anything about opinions that Lek received from its outside counsel (*id.* at 657:18 – 657:23), Pustelnik said that he "formed [] an opinion" that Lek Securities "engaged with various law firms about the topics" and "based upon the events that have happened then to make a belief that such trading has been indeed looked at very thoroughly by Lek's attorneys." *Id.* at 658:1 – 658:8. He stated that "the relationship between Lek and its

4

attorneys for this matter has been ongoing and very active" and that "while under counsel of these firms, Sam Lek has maintained his position that all of these trades were fine, and he was the final arbiter . . . ."  According to Pustelnik, this "means that if [Sam Lek] has thought that the trading was in some way in violation of applicable rules and regulations, that he would stop the trading . . . ."  *Id.* at 658:9 – 658:20.

Avalon and Fayyer also offered no concrete evidence of advice of counsel.  The SEC's interrogatory no. 5 asked:

> With regard to any allegations in the Complaint that you acted with scienter or negligence, state whether you contend that you may avoid such allegations on the grounds that you relied on any attorney, other professional, or process, and if so, ***identify the attorney***, other professional, or process that you relied on, explain in detail precisely ***what you relied upon, identify and explain all of the communications, facts and circumstances concerning your reliance, and identify all documents reflecting or concerning whatever you relied upon***.

Exhibit 3 (Avalon's and Fayyer's 12/1/2017 Responses to SEC's Interrogatories), at 4 (emphasis added).

The Avalon Defendants' response to the interrogatory stated in pertinent part that they were "***generally aware*** that both Mr. Lek's opinions as to the legality of the trades, and the Q6 automated compliance process, had been thoroughly reviewed, vetted and approved by experienced and competent independent outside counsel."  Exhibit 3, at 4-5; Exhibit 4, at 4-5 (emphasis added).  Pustelnik provided the same answer to that interrogatory.  Exhibit 4 (Pustelnik's 12/1/2017 responses to SEC's interrogatories), at 4-5 (response to Interrog. No. 5).

## Argument

### I.     Legal Standards for Motions *in limine*

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are

definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)(internal quotation marks and citation omitted); *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015) (same).

This Court has informed the parties that issues concerning admissibility should be raised with the Court outside of the trial proceedings in front of the jury.  Accordingly, a motion *in limine* is the proper means of raising the present issue.

"Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F.Supp.2d 179, 181 (S.D.N.Y. 2001).  As shown below, references to advice supposedly given by counsel, or to the presence or involvement of counsel are clearly inadmissible on all potential grounds.

## II.     The Avalon Defendants Should be Precluded From Asserting an Advice-of-Counsel Defense

The Avalon Defendants should be precluded from asserting a reliance-on-counsel defense.  First, their Answer did not assert an affirmative defense of advice of counsel.  ECF No. 65 (Avalon Defendants' Answer), at 14-15.  In the October 27, 2017 conference call, the Court gave them two weeks to decide whether to assert any such defense (broadly defined to include any argument to avoid liability based on counsel or other professionals).  ECF No. 111, at 9.  The Avalon Defendants failed to submit any such defense within that period.

Therefore, they should not be allowed to raise such a defense at trial.  *See United States v. Landau*, 155 F.3d 93, 107 (2d Cir. 1998) (affirmative defense is waived if not stated in the answer).

Second, even if the Court were to overlook the Avalon Defendants' failure to formally raise the defense, the evidence adduced in discovery makes clear that they could not establish the elements of such a defense.  To invoke a reliance-on-counsel defense, the defendant "has to

show that he made complete disclosure to counsel, sought advice as to the legality of his conduct, received advice that his conduct was legal, and relied on that advice in good faith." *Markowski v. SEC*, 34 F.3d 99, 105 (2d Cir. 1994).

Discovery revealed that those elements are not present here. As shown by Pustelnik's deposition testimony, Pustelnik cannot recall any conversations with the Lek Defendants' counsel while he was at Lek Securities (Exhibit 2, at 648:4-648:14), so he has no way of knowing what disclosures were made to the Lek Defendants' attorney about the trading at issue, including whether all of the relevant facts about the trading strategy were disclosed.

There also is no way to discern what advice, if any, the Lek Defendants' attorney gave. Indeed, Pustelnik at first could not even remember seeing a letter from the attorney, and although he later said he did see such a letter, Pustelnik refused to disclose what the letter said. *Id.* at 660:9 – 660:10; 662:10 - 662:19; 663:23 – 664:24. And because there has been no disclosure of what advice might have been given by the attorney, there is no way to assess whether Pustelnik or the other Avalon Defendants relied on the advice in good faith.

Similarly deficient are the interrogatory answers provided by the other Avalon Defendants, which merely averred they were "generally aware" that the trading activity was "reviewed, vetted and approved" by counsel. Exhibit 3 (Avalon's and Fayyer's Responses to SEC's Interrogatories), at 4 (emphasis added). That is pure speculation and is insufficient to show what facts were disclosed to the counsel about the trading activity, what advice was sought, what particular advice was given, and whether it was followed in good faith.

Third, because the Lek Defendants invoked attorney-client privilege and refused to allow disclosure of any details about any advice supposedly given, the advice-of-counsel defense is unavailable. This is so even though the privilege may have belonged to the Lek Defendants, for

7

whom Pustelnik served as a contractor registered representative.[3]  *United States v. Wells Fargo Bank, N.A.*, 132 F.Supp.3d 558, 566 (S.D.N.Y.  2015) (holding that employee-defendant was "precluded from asserting an advice-of-counsel defense in light of [his employer's] refusal to waive its attorney-client privilege.").  Moreover, Pustelnik's own attorney further instructed him to follow the Lek Defendants' attorney's instructions.  Exhibit 2, at 664:8 - 664:15.

### III.   The Avalon Defendants Also Should Be Precluded From Referring to, or Introducing Evidence of, Any Involvement or Presence of Counsel

#### A.   The Avalon Defendants Should Be Precluded From Referring to Involvement or Presence of Counsel

The Avalon Defendants also should not be permitted to refer to any involvement of, or presence of, counsel with regard to whether the subject trading activity was permissible.  Even if the Avalon Defendants had not failed to assert such an argument within the time period allowed by the Court (see above), they still should be barred from making such an argument now. The mere assertion that counsel were consulted or involved "would likely confuse the jury," who could "easily believe that the fact that a lawyer is present . . . means that he or she must have implicitly or explicitly 'blessed' the legality of the defendants' conduct."  *SEC v. Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013).  Such evidence would allow defendants "all of the essential benefits of an advice of counsel defense without . . . the burden of proving any of [its] elements." *Id.; see also SEC v. Kokesh*, No. 09-cv-1021, 2014 WL 11516545, at *3 (D.N.M. July 21, 2014) (finding the "probative value" of such evidence is "outweighed by the danger that the jury will

---

[3] The Lek Defendants vigorously asserted attorney-client privilege and adamantly refused to allow any disclosure of what their counsel was told or what advice he gave.  They demanded that Pustelnik not disclose such information during his deposition (Exhibit 2, at 646:16 – 647:2; 652:10 – 652:20).  The Lek Defendants' counsel also made clear during the conference call with this Court on March 15, 2018 that they would not in any way permit waiver of their privilege or disclosure of communications with counsel.  Exhibit 1, at 5:1 – 5:6 (the Court confirming the Lek Defendants' position that there be no waiver of the privilege).

be misled and confused"); *SEC v. Mapp*, No. 16-cv-00246, 2017 WL 8780604, at *2 (E.D. Tex.

Dec. 4, 2017).

### B.  The Avalon Defendants Should Be Precluded From Introducing Wells Responses From Defense Counsel to FINRA

In their draft submissions for the pretrial order, the Avalon Defendants have identified a

number of letters from counsel for the Lek Defendants to FINRA, copies of which are submitted

as exhibits along with this memorandum:

| Exhibit to This Motion | Avalon Defendants' Trial Exhibit Number | Description |
|---|---|---|
| 5 | 437 | January 22, 2016 letter from Kevin Harnisch to FINRA |
| 6 | 438 | May 23, 2016 letter from Kevin Harnisch to FINRA |
| 7 | 439 | May 21, 2015 letter from Kevin Harnisch to FINRA |
| 8 | 440 | July 31, 2015 letter from Kevin Harnisch to FINRA |
| 9 | 556 | May 27, 2016 letter from Kevin Harnisch to FINRA) |

These letters were written in response to FINRA's Wells notices, in which FINRA

advised the Lek Defendants that FINRA may bring claims.  The Lek Defendants' lawyers wrote

letters advocating the Lek Defendants' case for why those claims should not be brought.

These letters should be excluded on a number of grounds.  First, because they indicate

involvement or presence of counsel, they create the same inappropriate implication discussed

above that because the Lek Defendants' lawyers were involved, perhaps they advised any of the

defendants that the trading activity was permissible.

Second, such letters are inadmissible hearsay.  The letters are out-of-court statements to

which no exception applies.  Third, the letters are not relevant.  It is axiomatic that "arguments

by lawyers are not evidence."  4 L. Sand, et al., Modern Federal Jury Instructions at 74–3 (2000.

9

These particular Wells responses are simply the Lek Defendants' lawyer's commentaries on evidence and legal arguments, none of which are relevant evidence for the jury to consider. *See Gilmore v. Macy's Retail Holdings*, No. 06-3020(JBS), 2009 WL 140518, at *9 n.14 (D.N.J. Jan. 20, 2009)(letters from counsel stating the party's position were irrelevant and inadmissible). Finally, introducing such advocacy pieces as though they were evidence would be unfairly prejudicial to the SEC because they would be counsel's argument disguised as evidence.

### Conclusion

For the foregoing reasons, the SEC respectfully requests that the Court order *in limine* that the Avalon Defendants and their counsel shall not, while in the presence of the jury, offer or elicit any testimony or other evidence about, and shall not mention or make any reference to any alleged any advice of, reliance on, or involvement or presence of any attorneys in connection with the issue of whether the trading activity at issue in this case was permissible or was a violation of the federal securities laws or other rules.

The SEC further requests that the Court order that Defendants' proposed Trial Exhibits identified above are inadmissible and are excluded from evidence in this case.

Dated:  September 13, 2019[4]                               Respectfully submitted,

                                                          _____/s/ David J. Gottesman_____
                                                          David J. Gottesman
                                                          Olivia S. Choe
                                                          Sarah S. Nilson
                                                          U.S. Securities and Exchange Commission
                                                          100 F Street N.E.
                                                          Washington, D.C. 20549
                                                          Tel: (202) 551-4470 (Gottesman)
                                                          GottesmanD@sec.gov
                                                          *Attorneys for Plaintiff*

---

[4] Refiled with corrected Tables of Contents and Authorities on September 14, 2019.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 13, 2019, a true and correct copy of the above

document was served on all counsel of record by filing this document using the CM/ECF system

(refiled with corrected Tables of Contents and Authorities on September 14, 2019).


                                     /s/ David J. Gottesman