# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> LEK SECURITIES CORPORATION, : <br> SAMUEL LEK, VALI MANAGEMENT : <br> PARTNERS dba AVALON FA LTD, : <br> NATHAN FAYYER, and SERGEY PUSTELNIK, : <br> : <br> Defendants. : <br> : | Case No. 17-CV-1789(DLC) |

---

### DEFENDANTS NATHAN FAYYER'S AND AVALON FA LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Nathan Fayyer and Avalon FA LTD ("Defendants") hereby object and respond to the First Set of Interrogatories from plaintiff Securities and Exchange Commission ("SEC").

### GENERAL OBJECTIONS

In addition to any specific objections set forth in response to specific Interrogatories, Defendants hereby lodge the following general objections to the Interrogatories, which are incorporated into each of the individual responses set forth below and have the same force and effect as if fully set forth therein.

A.    By responding to these Interrogatories, Defendants do not concede the materiality or relevance of the subject to which they refer. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the breadth, burdensomeness, competency, relevancy, materiality, privilege, or admissibility as

3. With respect to Your Sixth Affirmative Defense (alleged ratification, waiver and estoppel), explain the basis for the defense, identify all facts and documents that support the defense, identify each person upon whose testimony You expect to rely to support such defense, and summarize the facts known to each such person that support the defense.

**Response:** Defendants object to this interrogatory because the referenced Affirmative Defense has been dismissed by Order of the Court.

4. With respect to Your Seventh Affirmative Defense (alleged unclean hands), explain the basis for the defense, identify all facts and documents that support the defense, identify each person upon whose testimony You expect to rely to support such defense, and summarize the facts known to each such person that support the defense.

**Response:** Defendants object to this interrogatory because the referenced Affirmative Defense has been dismissed by Order of the Court.

5. With regard to any allegations in the Complaint that you acted with scienter or negligence, state whether you contend that you may avoid such allegations on the grounds that you relied on any attorney, other professional, or process, and if so, identify the attorney, other professional, or process that you relied on, explain in detail precisely what you relied upon, identify and explain all of the communications, facts and circumstances concerning your reliance, and identify all documents reflecting or concerning whatever you relied upon.

**Response:** Defendants object to this interrogatory as compound. Including sub-parts it contains at least 5 separate interrogatories. Defendants also object to the interrogatory to the extent that it seeks "all of the communications, facts and circumstances concerning your reliance." That portion of the interrogatory is overbroad and improper pursuant to Local Rule 33.3.

In response to the remainder of the interrogatory, Defendants state that they relied on Lek's Chief Compliance Officer Samuel Lek, who under Lek's written supervisory procedures and relevant securities laws, rules and regulations had responsibility for insuring that all orders and trades processed through Lek complied with all relevant laws, rules and regulations. Defendants also relied on numerous representations by Mr. Lek that he reviewed Avalon's orders and trades and found that they complied with all relevant laws, rules and regulations. Defendants also relied on Lek's Q6 automated compliance process, which Lek stated would prevent any orders or trades that would violate any laws, rules and regulations. Defendants were also generally aware that both Mr. Lek's opinions as to the legality of the trades, and the Q6 automated compliance process, had been thoroughly reviewed, vetted and approved by experienced and competent independent outside counsel. Defendants were also generally aware that Mr. Lek and Lek's outside counsel had expressed their views and opinions to Exchange and Finra representatives that Avalon's trading complied with all relevant laws, rules and regulations. Defendants also relied on NASDAQ Certified Trading Platforms that have the gatekeeper responsibility of performing pre-trade compliance, including platforms provided by Sterling Financial Technologies, Singularity Trading Solutions and Rox Systems.

6. With respect to Your admission in Paragraph 30 of Your Answer that Pustelnik provided technology services for Avalon's back-office operations, explain and specify in detail all of the technology services and other services that Pustelnik provided to or for the benefit of Avalon, including but not limited to the dates and/or time period(s) on or during which Pustelnik provided such service(s), any expense incurred or monies paid by Pustelnik in providing such service(s), and any reimbursements, payments or benefits Pustelnik received in connection with providing such service(s).