UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEK SECURITIES CORPORATION, SAMUEL LEK, VALI MANAGEMENT PARTNERS dba AVALON FA LTD, NATHAN FAYYER, and SERGEY PUSTELNIK,<br><br>Defendants. | Case No. 17-CV-1789(DLC) |

**PLAINTIFF SEC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF PROFESSOR TERRENCE HENDERSHOTT**

Plaintiff U.S. Securities and Exchange Commission ("SEC") responds as follows to the motion and supporting memorandum ("9/13/2019 Memorandum" or "9/13/2019 Mem.") of Defendants Avalon FA Ltd ("Avalon"), Nathan Fayyer ("Fayyer") and Serge Pustelnik ("Pustelnik") (collectively, the "Avalon Defendants") to exclude the testimony of Professor Terrence Hendershott.

**INTRODUCTION**

The Court already decided to allow the testimony of the SEC's expert witness, Professor Terrence Hendershott ("Hendershott"). Defendants Lek Securities Corp. and Samuel Lek (collectively, the "Lek Defendants") moved to exclude Hendershott on August 24, 2018. ECF No. 208). They filed a supporting memorandum ("Lek 2018 Memorandum" or Lek 2018 Mem.) (ECF No. 209), declaration in support (ECF No. 210) and Reply ("Lek 2018 Reply) (ECF No. 284). The SEC filed a memorandum in opposition ("SEC 2018 Opposition") (ECF Nos. 238)

and supporting declaration (ECF No. 239).  The Court denied the motion on March 14, 2019.  ECF No. 349, at 40-44.

Previously, in connection with the preliminary injunction proceedings in this case, Avalon filed a motion to exclude Hendershott on July 6, 2017 ("Avalon 2017 Mem.").  ECF Nos. 76, 77.  The SEC filed an opposition on July 20, 2017 ("SEC 2017 Opposition").  ECF No. 87. Avalon withdrew the motion on July 28, 2017.  ECF No. 92.

The Avalon Defendants state that they filed the present motion "primarily to preserve their objections . . . for appeal."  9/13/2019 Mem. 2, n.1.  In support of their present motion, the Avalon Defendants' simply incorporate by reference specified parts of the Lek 2018 Memorandum and 2018 Reply, and parts of the Avalon 2017 Memorandum.  The Court's denial of the Lek Defendants' motion was correct, and the same result should obtain here.

## ARGUMENT

### I. Hendershott Used a Reliable Methodology

The Avalon Defendants first argue that Hendershott's methodology was not reliable, and in support, they rely on certain cited pages of the Lek 2018 Memorandum (ECF No. 209), the Lek 2018 Reply (ECF No. 284), and the Avalon 2017 Memorandum (ECF No. 77).  The argument is erroneous, and the SEC responds by relying on the entirety of its opposition to those papers (ECF Nos. 238 and 87), as well as the Court's Opinion and Order dated March 13, 2019 (ECF No. 349).  To assist in focusing on the corresponding portions of the cited papers, the SEC provides the following table:

| *Papers and Pages Relied Upon by Avalon Defendants* | *Corresponding SEC Papers and Pages* | *Court's March 13, 2019 Opinion and Order (ECF No. 349)* |
| --- | --- | --- |
| Lek 2018 Mem. (ECF No. 209), pages 12-18, and Lek 2018 Reply (ECF No. 284), pages 2-8 | SEC 2018 Opposition (ECF No. 238), pages 10-20 | Pages 41-43 |

| | | |
|---|---|---|
| Avalon 2017 Mem. (ECF No. 77), pages 4-11 | SEC 2017 Opposition (ECF No. 87), pages 11-22 | |

### II. Hendershott's Opinions Do Not Involve Any Selection Bias

The Avalon Defendants argue that Hendershott's testimony and opinions suffer from selection bias. In support, they rely on certain pages of the Lek 2018 Memorandum and Reply. That argument is incorrect, and the SEC responds by relying on the entirety of its opposition to those papers, and well as the Court's Opinion and Order dated March 13, 2019 (ECF No. 349), and more specifically on the following corresponding pages:

| *Papers and Pages Relied Upon by Avalon Defendants* | *Corresponding SEC Papers and Pages* | *Court's March 13, 2019 Opinion and Order (ECF No. 349)* |
|---|---|---|
| Lek 2018 Memorandum (ECF No. 209), pages 19-25, and Lek 2018 Reply (ECF No. 284), pages 8-10 | SEC 2018 Opposition (ECF No. 238), pages 21-25 | Pages 43-44 |

### III. Hendershott's Calculations of Revenue Are Relevant and Admissible on the Subject of Disgorgement

The Avalon Defendants assert that Hendershott's testimony should be excluded "because he does not substantiate any potential disgorgement amount," and they cite pages 4 through 11 of the Avalon 2017 Memorandum.[1,2]  Avalon 2019 Mem., at 3.  That argument is erroneous, and in response, the SEC cites the entirety of the SEC 2017 Opposition (ECF No. 87), and specifically pages 10 through 25.

---

[1] The Avalon Defendants' citation to pages 4 through 11 of their 2017 Memorandum appears to be a mistaken citation.  Pages 11 and 12 of that memorandum are the pages that discuss disgorgement.

[2] The Avalon Defendants appear to miscomprehend the nature of Hendershott's analysis of trading revenue. Hendershott's analysis of revenue resulting from the Layering Loops is one piece of evidence relevant to calculating disgorgement.  It does not by itself purport to be a calculation of the Avalon Defendants' disgorgement.

## **Conclusion**

For the foregoing reasons, defendants' motion should be denied.

Dated:  September 27, 2019	Respectfully submitted,


	          /s/ David J. Gottesman          
	David J. Gottesman
	Olivia S. Choe
	Sarah S. Nilson
	U.S. Securities and Exchange Commission
	100 F Street N.E.
	Washington, D.C. 20549
	Tel: (202) 551-4470 (Gottesman)
	Fax: (202) 772-9282
	GottesmanD@sec.gov
	*Attorneys for Plaintiff*

5

## **CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing document was filed via CM/ECF and thereby served on all counsel of record.


Dated:  September 27, 2019                                                          /s/ David J. Gottesman