UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>            v.<br><br>LEK SECURITIES CORPORATION,<br>SAMUEL LEK,<br>VALI MANAGEMENT PARTNERS dba<br>    AVALON FA LTD,<br>NATHAN FAYYER, and<br>SERGEY PUSTELNIK a/k/a<br>    SERGE PUSTELNIK,<br><br>                    Defendants. | CASE NO. 17-CV-1789 (DLC) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS AVALON FA LTD'S,
NATHAN FAYYER'S, AND SERGEY PUSTELNIK'S MOTION TO RECONSIDER**

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this opposition to the "Motion to Reconsider" filed by defendants Avalon FA Ltd, Nathan Fayyer, and Sergey Pustelnik (collectively, the "Avalon Defendants"[1]) (ECF Nos. 415 and 418). The Avalon Defendants apparently ask the Court to reconsider its earlier decisions denying motions to dismiss and for summary judgment filed not by the Avalon Defendants, but by defendants Lek Securities and Samuel Lek (collectively, the "Lek Defendants"). Even assuming the Avalon Defendants have standing to seek reconsideration of rulings on motions that they did not file,

---

[1] The defendants have filed a motion *in limine* seeking to preclude the SEC and the Court from referring to them as the Avalon Defendants (ECF Nos. 422-423). As set forth in the SEC's response to that motion, the SEC has used that term as a short-hand phrase to refer to a group of three associated defendants, and to distinguish them from the other defendants in the case, Lek Securities and Samuel Lek, who have been referred to throughout the case – and are referred to herein – as the Lek Defendants.

their motion should be denied. It is untimely, and on that basis alone should be dismissed. Further, even if the Court were willing to entertain the motion, it offers no valid ground for reconsideration, and – for all of the reasons thoroughly addressed in the Court's prior decisions – is without merit. It should accordingly be denied.

## I. THE MOTION TO RECONSIDER SHOULD BE DISMISSED AS UNTIMELY

Under Local Civil Rule 6.3, any motion for reconsideration must be served within 14 days of entry of the Court's determination of the original motion. The Avalon Defendants are apparently seeking reconsideration of the Court's "rulings against the Lek Defendants' motions [to dismiss and for summary judgment]." ECF No. 418, at 1.

The Court's opinion denying the Lek Defendants' motion to dismiss was entered on August 25, 2017 – over two years ago. ECF No. 101. The Court's opinion denying the Lek Defendants' motion for summary judgment was entered on March 26, 2019 – six months ago. ECF No. 351. The Avalon Defendants have offered no reason for their untimely submission. Their motion should be dismissed. *See, e.g.*, *Intellectual Property Watch v. U.S. Trade Representative*, No. 13 Civ. 8955(ER), 2014 WL 852168, at *1 (S.D.N.Y. Jan. 31, 2014); *cf. McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (denying untimely motion for reconsideration).[2]

The Avalon Defendants complain that "they have not had an opportunity to address these issues with the Court." ECF No. 418, at 1. But the Avalon Defendants had every opportunity to raise the legal arguments they now seek to make. The Avalon Defendants chose not to file a motion to dismiss. The Avalon Defendants chose not to file a motion for summary judgment.

---

[2] Even if the Court were inclined to construe consider the Avalon Defendants' untimely motion for reconsideration as a motion pursuant to Fed. R. Civ. P. 60(b), the Avalon Defendants have not made the sort of "showing of exceptional circumstances" that would justify "extraordinary judicial relief." *Gibson v. Wise*, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004); *see* Fed. R. Civ. P. 60(b).
2

Having failed to do either, they cannot now – months and years after the Court issued its decisions – seek reconsideration of motions they never filed.

## II. THE AVALON DEFENDANTS OFFER NO VALID GROUNDS FOR RECONSIDERATION

Reconsideration is an "extraordinary remedy to be employed sparingly." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (citation omitted). "[T]he standard for granting a . . . motion for reconsideration is strict." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). The "movant carries a heavy burden." *In re Application of Furstenberg Fin. SAS*, 334 F. Supp. 3d 616, 618 (S.D.N.Y. 2018). A motion should be granted "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

"Courts narrowly construe this standard and apply it strictly against the moving party so as to dissuade repetitive arguments on issues that have already been fully considered by the court." *Adiel v. The Pharmacy Fund, Inc.*, No. 00 Civ. 3273(DLC), 2000 WL 1634381, at *1 (S.D.N.Y. Oct. 30, 2000) (citation omitted). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation omitted). The movant cannot raise "new facts, issues or arguments not previously presented to the Court." *Adiel*, 2000 WL 1634381, at

*1 (citation omitted).  The decision to grant or deny a motion to reconsider rests within the sound discretion of the district court.  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citations omitted).

Under Local Civil Rule 6.3, any motion for reconsideration must be accompanied by a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Nowhere in their brief do the Avalon Defendants point to any controlling decisions that the Court has overlooked.  Indeed, their brief makes virtually all of the same arguments as those raised in the Lek Defendants' briefs, and cites the same authorities.  *See* ECF Nos. 67, 218; *see also* ECF No. 334.  Nothing in the Avalon Defendants' Motion to Reconsider comes remotely close to identifying "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104.

### III.  THE COURT'S ORIGINAL RULINGS WERE CORRECT

In any event, the Avalon Defendants' Motion to Reconsider should be denied because the Court's rulings on the Lek Defendants' motions to dismiss and for summary judgment were correct.  Open market orders can be manipulative. ECF No. 101 (citing *ATSI v. Shaar Fund*, 493 F.3d 87, 101 (2d. Cir. 2007); *Koch v. SEC*, 793 F.3d 147, 153-54 (D.C. Cir. 2015)).  The inclusion of an anti-spoofing provision in the Commodities Exchange Act as part of Dodd-Frank does not mean that the anti-fraud provisions of the securities laws do not encompass layering and spoofing.  *See* ECF No. 89, at 14 n.6.  The Cross-Market Strategy – which involved the creation of a false impression of supply and demand to induce other participants to purchase or sell securities – would be, if proven, a violation of Section 10(b).  ECF No. 101, at 15 (citing *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 130 (2d Cir. 2011); *id.* at 23; ECF No. 351, at 7.  And

4

Section 9(a)(2)'s prohibition against a "series of transactions" that creates actual or apparent trading activity in a security applies to bids and offers as well as executed transactions.  ECF No. 101, at 22 (citing *SEC v. Malenfant*, 784 F. Supp. 141, 145 (S.D.N.Y. 1992); *Spicer v. Chicago Bd. Options Exch., Inc.*, No. 88 C 2139, 1990 WL 172712, at *2 (N.D. Ill. Oct. 30, 1990), aff'd sub nom. *Spicer v. Chicago Bd. of Options Exch., Inc.*, 977 F.2d 255 (7th Cir. 1992)).

The Avalon Defendants' Motion to Reconsider simply rehashes arguments already considered and correctly rejected by the Court.  The Motion should be denied.

Dated:  September 27, 2019

Respectfully submitted,

/s/  Olivia S. Choe
David J. Gottesman
Olivia S. Choe
Sarah S. Nilson
U.S. Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549
Tel.: (202) 551-4881 (Choe)
Fax: (202) 772-9292
ChoeO@sec.gov
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 27, 2019, I filed the foregoing document on CM/ECF and thereby served all counsel of record.

                                        /s/ Olivia S. Choe
                                        Olivia S. Choe