

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
444 South Flower Street, Suite 900
Los Angeles, CA 90071

**DIVISION OF ENFORCEMENT**

Sarah S. Nilson
Senior Counsel
(323)965-3871
NilsonS@sec.gov

September 27, 2019

<u>VIA ECF</u>
Honorable Denise L. Cote
United States District Court
500 Pearl Street
New York, NY 10007

      Re:  <u>Securities and Exchange Commission v. Lek Securities Corp. et al.</u>
             Case No. 17 CV 1789 (DLC)

Dear Judge Cote:

      Plaintiff Securities and Exchange Commission ("SEC") and defendants Avalon FA, Ltd ("Avalon"), Nathan Fayyer ("Fayyer"), and Sergey Pustelnik ("Pustelnik") (collectively, "the Defendants"), jointly write to advise the Court of certain agreements related to the parties' pretrial filings and to make certain requests that relate to the issue of disgorgement. For the reasons set forth below, the parties respectfully request that (1) the Court enter an order granting all except one of the SEC's motions *in limine*, (2) the Court permit the parties to submit an amended Joint Pretrial Order and amended version of the Exhibit List, which are attached hereto as Exhibits 1 and 2; and (3) if there is a finding of liability at trial, the Court permit certain limited discovery by the SEC and additional briefing as appropriate, relating to potential remedies.

      **Motions in Limine.** The Defendants do not oppose four of the SEC's motions *in limine*: (1) To Admit Certain Emails Sent and/or Received by Defendant Pustelnik (ECF Nos. 405; *see also* ECF No. 406); (2) To Preclude Avalon Defendants From Offering Evidence or References to Opinions About Investigations and Alleged Hardships (ECF Nos. 419-421);[1] (3) To Preclude Stricken Affirmative Defenses and Evidence and Arguments Related Thereto (ECF Nos. 435-436); and (4) To Admit an Avalon Server and Documents Therefrom (ECF Nos. 437-439). The SEC therefore respectfully requests that the Court grant these motions *in limine*.[2]

      **Disgorgement.** The parties also make certain requests and propose certain amendments to their pretrial filings based upon the parties' understanding that if any of the Defendants were found liable on any of the SEC's claims at trial, a separate proceeding would follow to determine

---

    [1] The Defendants reserve their right to object to the documents at issue in these motions *in limine* (ECF Nos. 405-406 and 419-421) on ground other than authenticity, relevance, or privilege.

    [2] The Defendants have opposed the SEC's motion *in limine* to Preclude Avalon Defendants from Offering Evidence of, or Referring to, Reliance on Counsel, or Presence or Involvement of Counsel. ECF No. 443.

appropriate remedies, including disgorgement and monetary penalties. *See, e.g., SEC v. Wyly*, 56 F. Supp. 3d 260, 262-263 (S.D.N.Y. 2014).

First, the Defendants have agreed to withdraw previously marked Defense Trial Exhibits 573 through 1224, and 1228 through 1230 (the "Withdrawn Exhibits") as trial exhibits, and will not seek to introduce, admit, refer to, or otherwise use these exhibits at trial. The amended Exhibit List attached hereto has been updated accordingly. *See* Ex. 2. The Withdrawn Exhibits consist of 651 purported "Monthly Statements" for Avalon trade groups for the period January 2012 through December 2016, and related summary charts purportedly based on these Monthly Statements. The parties agree that, if the SEC is permitted to obtain appropriate discovery (as addressed below) concerning the Withdrawn Exhibits before any remedies proceeding, the SEC will not object to the Defendants' reintroduction of the Withdrawn Exhibits at that proceeding on the basis of timeliness.[3]

Second, the parties respectfully request that, if there is a finding of liability against the Defendants, the Court permit the SEC to obtain certain limited discovery from the Defendants relating to disgorgement as appropriate.

Third, for purposes of the trial, the Defendants agree to withdraw Section V of their Pretrial Brief (ECF No. 404), which relates to disgorgement. The parties respectfully request that, if there is a finding of liability, and if the Court permits, the parties be permitted to brief issues related to disgorgement and other remedies at that time.

**Conclusion.** Based on the foregoing, the parties respectfully request (1) that the Court grant the SEC's four unopposed motions *in limine*; (2) that the Court permit the parties to file amended versions of the Joint Pretrial Order and Exhibit List; and (3) that the Court consent to the parties' agreed-upon requests for limited discovery and further briefing before any remedies proceeding.[4]

Respectfully submitted,

/s/

Sarah S. Nilson

cc:   All counsel of record (via ECF)

---

[3] The SEC reserves the right to object to the Withdrawn Exhibits on grounds other than timeliness.

[4] If the Court does not consent to these requests, the SEC respectfully reserves the right to seek appropriate relief for the belated production of the Monthly Statements, including but not limited to precluding the Defendants from using or otherwise relying on the Monthly Statements and any summary analyses or exhibits related thereto.