# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                                    Plaintiff,

v.

LEK SECURITIES CORPORATION, et
al,

                                    Defendants.

17-CV-1789 (DLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10 1 2019

## FINAL JUDGMENT AS TO DEFENDANT
## LEK SECURITIES CORPORATION

The Securities and Exchange Commission ("SEC" or "Commission") having filed a

Complaint and Defendant Lek Securities Corporation ("Defendant" or "Lek Securities") having

entered a general appearance; consented to the Court's jurisdiction over Defendant and the

subject matter of this action; consented to entry of this Final Judgment; waived findings of fact

and conclusions of law; and waived any right to appeal from this Final Judgment; and Defendant

having admitted the facts set forth in the Consent of Lek Securities ("Consent"):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Lek

Securities is permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Lek Securities is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

2

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

Lek Securities is permanently restrained and enjoined from violating Section 9(a)(2) of the

Exchange Act [15 U.S.C. § 78i(a)(2)], directly or indirectly, by the use of the mails or any means

or instrumentality of interstate commerce, or of any facility of any national securities

exchange, or for any member of a national securities exchange to:

effect, alone or with one (1) or more other persons, a series of transactions in

any security registered on a national securities exchange, any security not so

registered, or in connection with any security-based swap or security-based swap

agreement with respect to such security creating actual or apparent active trading

in such security, or raising or depressing the price of such security, for the

purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Lek Securities is liable for disgorgement of $419,623, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $106,892, and a civil penalty in the amount of $1,000,000 pursuant to Section 21(d) of the Exchange Act.  Defendant shall satisfy this obligation by paying $1,526,515 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Lek Securities as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement, prejudgment interest, and penalties by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Lek Securities is restrained and enjoined for a period of three (3) years from having foreign customers that engage in intra-day trading pursuant to the definitions and terms detailed in Appendix A hereto (the "Foreign Intra-Day Trading Injunction Provisions"), which also is incorporated with the same force and effect as if fully set forth herein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Lek Securities shall comply with all of the undertakings and agreements set forth therein, including but not limited to the undertakings to:

(a)  retain an independent compliance monitor for a period of at least three (3) years to perform a comprehensive and ongoing review pursuant to the terms and concerning the areas and subjects set forth in Appendix B hereto (the "Independent Compliance Monitor Provisions"), which also is incorporated with the same force and effect as if fully set forth herein; and

(b) certify, in writing, compliance with the undertaking(s) set forth above.  The

certification shall identify the undertaking(s), provide written evidence of compliance

in the form of a narrative, and be supported by exhibits sufficient to demonstrate

compliance.  The Commission staff may make reasonable requests for further

evidence of compliance, and Defendant agrees to provide such evidence.  Defendant

shall submit the certification and supporting material to Melissa Hodgman, with a

copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty

(60) days from the date of the completion of the undertakings.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _September 30,_ 2019

_____
UNITED STATES DISTRICT JUDGE

6

# APPENDIX A

## FOREIGN INTRA-DAY TRADING INJUNCTION PROVISIONS

I.  **Definitions applicable to Foreign Intra-Day Trading Injunction.**

    A.  ***"Affiliates of Lek Securities."***  The term "Affiliates of Lek Securities" includes Lek Securities U.K. Limited ("Lek UK"), Lek Holdings Limited ("Lek Holdings"), and any parent, subsidiary, predecessor, successor, entity owned or controlled by, or under common control with, Lek Securities, Lek UK, or Lek Holdings.

    B.  ***"Customer."***  The term "Customer" shall mean any individual or entity holding an account at or trading through Lek Securities.

    C.  ***"Foreign Customer."***  The term "Foreign Customer" shall mean any Customer who is not a citizen, national, or resident of the United States or its territories, or is not incorporated or domiciled in the United States or its territories.  Any Foreign Customers of Affiliates of Lek Securities shall be treated as Foreign Customers of Lek Securities.

    D.  ***"Intra-Day Trading."***  The term "Intra-Day Trading" shall mean executing, through an account at Lek Securities, more than five buy and more than five sell orders in the same security (equity or option), within a single day.

II.  **Foreign Intra-Day Trading Injunction.**

    A.  Lek Securities is enjoined for a period of three (3) years from the date of entry of the Final Judgment, from having Foreign Customers that engage in Intra-Day Trading.  This shall be referred to as the "Foreign Intra-Day Trading Injunction."

    B.  The Foreign Intra-Day Trading Injunction does not apply where Lek Securities engages in the following limited non-executing prime brokerage functions:  (1) post-execution clearing services; (2) settlement of securities; (3) custody services, including

providing technical services necessary to the provision of such custody services; and (4) pre-execution credit checks conducted in connection with sections II.B(1)-(3).

C.      ***Exceptions to the Foreign Intra-Day Trading Injunction.***

Trading Exceptions. Subject to the Time-Out Period described in section II.D. below, the Foreign Intra-Day Trading Injunction shall not apply to the following types of trading by Foreign Customers:

(1)      instances where the Monitor determines that the Intra-Day Trading was solely to unwind specific positions in a single day due to news events, unique changes in market conditions, or to correct a bona-fide error; provided, however, that if Lek Securities or the customer does not or cannot provide the Monitor with requested information to determine if the trading falls under this exception, then this exception shall not apply;

(2)      instances where the Monitor determines that the Intra-Day Trading was related to hedging that is not part of a manipulative or illegal strategy; provided, however, that if Lek Securities or the customer does not or cannot provide the Monitor with requested information to determine if the trading falls under this exception, then this exception shall not apply;

(3)      instances where the Monitor determines that the Intra-Day Trading was related to stop loss orders that are not part of a manipulative or illegal strategy; provided, however, that if Lek Securities or the customer does not or cannot provide the Monitor with requested information to determine if the trading falls under this exception, then this exception shall not apply;

<u>Foreign Customer Exceptions</u>. The Foreign Intra-Day Trading Injunction shall not apply to Foreign Customers in the following categories:

(4)      institutional Customers with assets under management in excess of $50 million; or

(5)      pension funds, broker-dealers subject to comprehensive regulation in their local jurisdiction, licensed banks, and entities that meet the definition of foreign financial institutions under 26 U.S.C. §§ 1471(d)(4) and (d)(5) and that are subject to comprehensive regulation in their local jurisdiction by a regulatory body applicable to that type of entity.

D.      ***Applicability of Exceptions.***

(1)      **Existing Foreign Customers.** From the date of entry of the Final Judgment until the later of (i) one-hundred twenty (120) days, or (ii) three (3) days after the Monitor's first report ("Time Out Period"), the Exceptions to the Foreign Intra-Day Trading Injunction set forth in section II.C(2)-(5) above shall be available only to existing Foreign Customers of Lek Securities. Attachment 1 hereto [filed under seal] is a list of existing Foreign Customers of Lek Securities.

(2)      **New Foreign Customers.** At the end of the Time Out Period, subject to review and approval by the Monitor, Lek Securities may begin excepting new Foreign Customers from the Foreign Intra-Day Trading Injunction pursuant to section II.C(2)-(5).

III.   **Requirement to Terminate Certain Foreign Customers.**

A.      Foreign Customers of Lek Securities may be deemed Significant Compliance Risks and must be terminated as following:

(1)    **Significant Compliance Risk Designation.**  Lek Securities shall designate a Foreign Customer as a "Significant Compliance Risk" if:

    (a)    A Foreign Customer that does not fall within the exceptions in section II.C(4)-(5) engages in Intra-Day Trading twice in a 30-day period; or

    (b)    A Foreign Customer, regardless of whether subject to any exception set forth in section II.C., engages in potential manipulative trading or other market manipulation that is flagged by the Monitor, the SEC, Financial Industry Regulatory Authority, or another Self-Regulatory Organization ("SRO").

(2)    **Significant Compliance Risk Review.**  Lek Securities must cause the Monitor to conduct a review of a Foreign Customer that has been deemed a Significant Compliance Risk within 30 days of the Foreign Customer being so designated, as set forth in section X of Appendix B ("Significant Compliance Risk Review").

(3)    **Account Suspension.**  Lek Securities must suspend all trading by the Foreign Customer that is deemed a Significant Compliance Risk during the Significant Compliance Risk Review if the Monitor so recommends, as set forth in section X of Appendix B.

(4)    **Termination.**

    (a)    Lek Securities must terminate a Foreign Customer that is deemed a Significant Compliance Risk if, after the Significant Compliance Risk

4

Review, the Monitor determines that the Foreign Customer should be terminated, as set forth in section X of Appendix B.

(b)     If Lek Securities or the Foreign Customer cannot or does not provide information requested by the Monitor to conduct the Significant Compliance Risk Review as set forth in section X of Appendix B, Lek Securities must terminate that Foreign Customer.

# APPENDIX B

## INDEPENDENT COMPLIANCE MONITOR PROVISIONS

I.   **Definitions Applicable to Independent Compliance Monitor Provisions.** The definitions in Appendix A (Foreign Intra-Day Trading Injunction Provisions) shall apply herein.

II.  **Retention and Tasks.** No later than thirty (30) days after entry of the Final Judgment, Lek Securities shall retain an independent compliance monitor ("Monitor") not unacceptable to SEC staff to perform a comprehensive and ongoing review of Lek Securities concerning the areas and subjects set forth below, and to carry out the tasks set forth herein. Lek Securities may apply to SEC staff for an extension of that deadline before it arrives, and upon a showing of good cause by Lek Securities, SEC staff in its sole and reasonable discretion may grant such extension for whatever period of time it deems appropriate.

III. **Term and Payment of Monitor.** Lek Securities shall retain the monitor for a period of three (3) years from the date of retention, provided, however, that if Lek Securities fails to implement the Monitor's recommendations and obtain the Monitor's certification of such implementation within that period, Lek Securities shall retain the Monitor until Lek Securities complies with all recommendations and the Monitor certifies that such recommendations have been implemented. Lek Securities shall be solely responsible for payment of the Monitor's fees and expenses.

IV.  **Independence of Monitor.** Lek Securities shall require the Monitor to enter into an agreement that provides that for the period of engagement and for a period of two (2) years from completion of the engagement, the Monitor shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Lek Securities or any of its present or former affiliates, directors, officers, employees, or agents acting in those

capacities. The agreement will also provide that the Monitor will require that any firm with which he/she is affiliated or of which he/she is a member, and any person engaged to assist the Monitor in performance of his/her duties under this Order shall not, without prior written consent of SEC staff, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Lek Securities, or any of its present or former affiliates, directors, officers, employees, or agents acting in those capacities for the period of the engagement and for a period of two years after the engagement.

V.   **Confirmation.**  Within three (3) business days after retaining the Monitor pursuant to section II above, Lek Securities must provide to SEC staff a copy of the engagement letter detailing the Monitor's responsibilities.

VI.   **Cooperation.**  Lek Securities shall cooperate fully with the Monitor, including providing the Monitor with access to its files, books, records, and personnel (and the files, books, records, and personnel of Affiliates of Lek Securities), as reasonably requested for the tasks set forth herein, and Lek Securities shall obtain the cooperation of its employees or other persons under its supervision or control.

VII.   **Account Information to Provide to Monitor.**  In order to facilitate the Monitor's reviews and assessments that are to be performed hereunder, and in addition to any information required by section VIII.B. below, Lek Securities shall provide the Monitor with the following information and documents, within such time as the Monitor reasonably requires and on an ongoing basis if and as required by the Monitor:

    A.   The identity and full legal name of every Customer, including the account holder and every person authorized by Lek Securities to trade in the account.

B.  For each individual identified in subparagraph (A) above, a statement of whether the person is a citizen, national, or resident of the United States or its territories, and if so, identification of the location from which the individual does business, and a copy of the driver's license or U.S. passport of such individual.

C.  If the individual identified in subparagraph (A) above is not a citizen, national, or resident of the United States or its territories, a statement of the nationality, the location from which the individual does business, and a copy of government-issued identification.

D.  For each entity identified in subparagraph (A) above, identification of the names of the entity's principals, and a statement of whether it is incorporated or domiciled in the United States or its territories, and if so, the state in which it is incorporated, and the state in which it has its principal place of business.

E.  If the entity identified in subparagraph (A) above is not incorporated or domiciled in the United States or its territories, identification of the country in which it is incorporated, and the country in which it has its principal place of business.

F.  Such other information as the Monitor requests.

VIII.  **Monitor's Review, Assessment and Recommendations of Lek Securities' Compliance With Foreign Intra-Day Trading Injunction.**

A.  Lek Securities shall require the Monitor to review and assess on an ongoing basis whether Lek Securities is complying with the Foreign Intra-Day Trading Injunction as set forth in Appendix A. This shall include but not be limited to requiring the Monitor to: (i) review and assess all Intra-Day Trading by Foreign Customers who are not excepted from such injunction under sections II.C(4)-(5) and II.D of Appendix A; (ii) review and assess the sufficiency and reasonableness of Lek

Securities' systems, policies, and procedures related to Intra-Day Trading by Foreign Customers; (iii) review and assess Lek Securities' compliance with the Foreign Intra-Day Trading Injunction; and (iv) conduct reviews and make recommendations pursuant to the Significant Compliance Risk provisions below.

B. In order to facilitate the Monitor's review required by this section and the Significant Compliance Risk provisions below, Lek Securities shall provide the Monitor with the following information for all Intra-Day Trading by Foreign Customers who are not excepted from such injunction under sections II.C(4)-(5) and II.D of Appendix A:

(1)    The date and time, security, quantity, price, and other details requested by the Monitor concerning orders placed and trades executed;

(2)    For orders and trades identified under subparagraph (1) above, the identity and location of the Customer, sub-account, or trader who entered each order and trade; and

(3)    Such other information as the Monitor requests, including but not limited to the information described in section VII above.

C. Lek Securities shall make the information required by this section VIII available to the Monitor beginning no later than thirty (30) days after the date of entry of the Final Judgment, and then every thirty (30) days thereafter, or at such other intervals as the Monitor may require.

D. Lek Securities shall require the Monitor to perform and complete the review, assessment and making of recommendations required by this section within one hundred twenty (120) days of the date of the Monitor's appointment, and again by

the end of each one hundred twenty (120) day period thereafter, for so long as the Monitor is engaged.

E. Lek Securities shall require the Monitor to submit a report to Lek Securities and SEC staff on the review, assessment and recommendations required by this section within one hundred twenty (120) days of the date of the Monitor's appointment, and again by the end of each one hundred twenty (120) day period thereafter, for so long as the Monitor is engaged. The report shall include information concerning review and recommendations regarding Intra-Day Trading by Foreign Customers.

IX. **Monitor's Review, Assessment and Recommendations Regarding Manipulative Trading and Market Manipulation.**

A. Lek Securities shall require the Monitor to review and assess the sufficiency and reasonableness of Lek Securities' controls and procedures for preventing manipulative trading and other market manipulation (not limited to Foreign Customers), and to recommend actions, if any, to be taken by Lek Securities to make its controls and procedures more effective at detecting and preventing manipulative trading and other market manipulation.

B. Lek Securities shall require the Monitor to conduct reviews and make recommendations regarding Foreign Customers engaged in potential manipulative trading or other market manipulation pursuant to the Significant Compliance Risk provisions set forth below in section X.

C. Lek Securities shall require the Monitor to perform and complete this review, assessment and making of recommendations within one hundred twenty (120) days of the date of the Monitor's appointment, and again by the end of each one hundred twenty (120) day period thereafter, for so long as the Monitor is engaged.

D. Lek Securities shall require the Monitor to submit a report to Lek Securities and SEC staff on the review, assessment, and recommendations required by this section within one hundred twenty (120) days of the date of the Monitor's appointment, and again by the end of each one hundred twenty (120) day period thereafter, for so long as the Monitor is engaged. The report shall include information concerning the Monitor's review and recommendations regarding manipulative trading and other market manipulation.

X. **Monitor's Review and Recommendations Concerning Significant Compliance Risks and Termination.**

A. Lek Securities shall require the Monitor to review, assess, and make recommendations on an ongoing basis concerning Lek Securities' compliance with the Requirement to Terminate Certain Foreign Customers provisions in section III of Appendix A. This shall include but not be limited to requiring the Monitor to: (i) review and assess the sufficiency and reasonableness of Lek Securities' systems, policies, and procedures for identifying Foreign Customers as Significant Compliance Risks; (ii) review and assess Lek Securities' compliance with the Requirement to Terminate Certain Foreign Customer provisions in section III of Appendix A; and (iv) conduct reviews and make recommendations where a Foreign Customer has been designated a Significant Compliance Risk.

B. Where a Foreign Customer has been designated a Significant Compliance Risk, Lek Securities shall require the Monitor to undertake reviews and recommendations as follows:

(1)    Conduct a review within thirty (30) days of the Foreign Customer being designated a Significant Compliance Risk ("Significant Compliance Risk Review")

6

to determine whether the Foreign Customer has engaged in Intra-Day Trading not subject to the exceptions set forth in sections II.C and D. of Appendix A, or has engaged in manipulative trading or other market manipulation;

(2)     Recommend whether Lek Securities should suspend all trading by the Foreign Customer during the period of the Significant Compliance Risk Review;

(3)     Determine whether Lek Securities and the Foreign Customer have provided all information requested to conduct the Significant Compliance Risk Review;

(4)     Determine whether the Foreign Customer has engaged in Intra-Day Trading not subject to the exceptions set forth in sections II.C and D. of Appendix A, or has engaged in manipulative trading or other market manipulation; and

(5)     Make a recommendation regarding termination of the Foreign Customer based upon the Monitor's determinations under sections X.B(3) and (4) and the Requirement to Terminate Certain Foreign Customer provisions under section III of Appendix A.

C. Lek Securities shall require the Monitor to perform this review, assessment, and making of recommendations on an ongoing basis for so long as the Monitor is engaged.

D. Lek Securities shall require the Monitor to submit a report to Lek Securities and SEC staff on the review and recommendations required by this section within one hundred twenty (120) days of the date of the Monitor's appointment, and again by the end of each one hundred twenty (120) day period thereafter, for so long as the Monitor is engaged.  The report shall include information concerning the Monitor's

review and recommendations regarding any Foreign Customers designated as
Significant Compliance Risks.

XI.   **Monitor's Review and Assessment of Whether Sam Lek Has Any Interest or Role in Lek Securities.**

    A.   Lek Securities shall require that the Monitor review and assess Lek Securities' corporate governance structure, ownership, and management, so as to determine whether Sam Lek has any legal or beneficial interest or role in Lek Securities.

    B.   Lek Securities shall require the Monitor to perform and complete this review and assessment within one hundred twenty (120) days of the date of the Monitor's appointment, and again by the end of each one hundred twenty (120) day period thereafter, for so long as the Monitor is engaged.

    C.   Lek Securities shall require the Monitor to submit a report to Lek Securities and SEC staff on the review, assessment, and recommendations required by this section within one hundred twenty (120) days of the date of the Monitor's appointment, and again by the end of each one hundred twenty (120) day period thereafter, for so long as the Monitor is engaged.

XII.   **Implementation of Recommendations.**

    A.   Except as set forth in section XII.B-G below, Lek Securities shall have ninety (90) days from the date of receiving any recommendations from the Monitor to adopt and implement such recommendations.  Lek Securities shall notify the Monitor and SEC staff in writing when each such recommendation has been implemented.

    B.   Any recommendations that the Monitor makes regarding suspending all trading by the Foreign Customer during a period of Significant Compliance Risk Review must be implemented within one (1) business day of the Monitor's recommendation.

C. Any recommendations that the Monitor makes regarding termination of a Foreign Customer must be implemented within two (2) business days of the Monitor's recommendation.

D. If Lek Securities considers any recommendation unduly burdensome, impractical, or costly, or inconsistent with applicable law or regulation, Lek Securities need not adopt that recommendation at that time, but may submit in writing to the Monitor and SEC staff within fifteen (15) days of receiving the recommendation, an alternative policy, procedure, or system designed to achieve the same objective or purpose. This provision shall not apply, however, to recommendations that the Monitor makes regarding (i) suspending all trading by the Foreign Customer during a period of Significant Compliance Risk Review, or (ii) termination of a Foreign Customer.

E. If Lek Securities considers any recommendation relating to (i) suspending all trading by the Foreign Customer during a period of Significant Compliance Risk Review, or (ii) termination of a Foreign Customer, to be unduly burdensome, impractical, or costly, or inconsistent with applicable law or regulation, Lek Securities shall adopt the recommendation at that time, but may submit in writing to the Monitor within fifteen (15) days of receiving the recommendation, an alternative policy, procedure, or system designed to achieve the same objective or purpose.

F. In the event that Lek Securities and the Monitor are unable to agree on an acceptable alternative proposal under sections XII.D-E above, Lek Securities shall promptly consult with SEC staff. Any disputes between Lek Securities and the

Monitor with respect to any recommendation shall be decided by SEC staff in its sole discretion. Pending such determination, Lek Securities shall not be required to implement any contested recommendation(s), except as set forth above recommendations regarding (i) suspending all trading by the Foreign Customer during a period of Significant Compliance Risk Review, or (ii) termination of a Foreign Customer.

G. With respect to any recommendation that the Monitor determines cannot reasonably be implemented within ninety (90) days after receiving it, the Monitor may extend the time period for implementation, so long as SEC staff does not object.

XIII. **Providing Information to the SEC.** For the period of the Monitor's engagement, Lek Securities shall provide SEC staff with any information reasonably requested by the SEC pertaining to the subject matter of this Judgment. Lek Securities shall require that the Monitor provide the SEC with any information that SEC staff requests regarding such matters, including but not limited to the Monitor's review, assessments, recommendations, and any communications and interactions between the Monitor and Lek Securities.

XIV. **Requirements Hereunder Do Not Supplant Other Legal Requirements.** The prohibitions and obligations set forth herein do not supplant any obligations that Lek Securities has under the law or under the rules of any self-regulatory organization or exchange of which Lek Securities is a member. No determinations by the Monitor, and no provisions herein, shall preclude the SEC, any other law enforcement agency or authority, or any self-regulatory organization from bringing actions against the Lek Defendants.

XV.    **Certification by Lek Securities.**  Within thirty (30) days after the date of implementation of any recommendation herein, Lek Securities shall certify to the Monitor and SEC staff, in writing, compliance with the undertakings set forth above.  The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.  SEC staff may make reasonable requests for further evidence of compliance, and Lek Securities agrees to provide such evidence.