UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>         v.<br><br>LEK SECURITIES CORPORATION,<br>SAMUEL LEK,<br>VALI MANAGEMENT PARTNERS dba<br>     AVALON FA LTD,<br>NATHAN FAYYER, and<br>SERGEY PUSTELNIK a/k/a<br>     SERGE PUSTELNIK,<br><br>                    Defendants. | CASE NO. 17-CV-1789 (DLC) |

**PLAINTIFF'S NOTICE OF FILING DEFENDANT FAYYER'S 2014 TESTIMONY REGARDING LAYERING/SPOOFING AND THE SEC'S SUBPOENA**

Pursuant to the Court's Order at the October 11, 2018 pretrial conference, plaintiff Securities and Exchange Commission ("SEC") respectfully files the following excerpts of defendant Fayyer's investigative testimony relating to (1) "layering" and "spoofing," and (2) Fayyer's search for documents in response to the SEC's 2013 investigative subpoena.  At the conference, issues were raised over whether Fayyer was asked and whether he testified about "layering" or "spoofing" in his testimony, and about Fayyer's failure to produce documents concerning layering or spoofing in response to SEC subpoenas or document requests.

1. **In Testimony, Neither Fayyer Nor His Counsel Mentioned or Referred to Any Agreement to Exclude Layering Emails from Documents to be Produced**

**Attachment 1** contains excerpts from Fayyer's January 30, 2014 testimony. During this testimony, Fayyer referred to the search that he conducted in response to the SEC's September 24, 2013 investigative subpoena. At no point during this testimony did either Fayyer or his counsel, Thomas Sporkin, who was present, refer to any agreement between the SEC and Mr. Sporkin, to narrow the terms of the SEC's subpoena. On the contrary, Fayyer simply testified that he searched for documents that "related to" or "pertinent to the subpoena." Attachment 1, at transcript page 11. When asked if his attorneys had provided assistance in conducting these searches, Fayyer responded that he had looked for documents that "Mr. Sporkin advised me to look for" and added "I tried to go by the specific sheet in the subpoena outlining the items and I tried to be as close as possible to any pertinent information that was applicable to this matter." *Id.*, at transcript pages 15-16. Neither Fayyer nor his attorney referred at this time, or any other, to any narrowing of the specific terms in the subpoena.

2. **Fayyer Was Asked and Testified About Layering and Spoofing in His 2014 Testimony**

**Attachment 2** to this notice contains excerpts from Fayyer's January 31, 2014 investigative testimony, during which Fayyer discussed "layering" and "spoofing" at length, including:

- Using the terms interchangeably himself (transcript page 403)

- Describing his understanding of the term layering (transcript page 404)

- Admitting that concerns about whether Avalon's traders were engaged in layering had been raised with him (transcript page 404)

- Stating that Avalon's traders were not engaged in layering (transcript page 405)

- Describing conversations that he had with Sam Lek regarding regulators' concerns about layering and spoofing (transcript pages 406-407)

- Discussing Lek's Q6 layering control and Avalon's traders' complaints about the control (transcript pages 409-416)

- Explaining a memo that Fayyer sent to Lek regarding its Q6 system (referred to as Exhibit 7 in the testimony and attached hereto as **Attachment 3**) in which Fayyer complains about the Q6 layering system, stating "while the current Q6 may prevent a layering-type strategy it also hiders other, legitimate trading strategies, such as ours" (**Attachment 3** at SEC-LekSecurities-E-0228006).

Page 38 of **Attachment 2** is a portion of the word index for the transcript of Fayyer's January 31, 2014 testimony, indicating that – contrary to defense counsel's repeated representations at the October 11, 2019 conference – the term "layering" was used multiple times during this testimony.  Page 39 of **Attachment 2** is, similarly, a portion of the word index indicating that the term "spoofing" was used multiple times during this testimony.

Dated:  October 13, 2019                           Respectfully submitted,

/s/  Olivia S. Choe
David J. Gottesman
Olivia S. Choe
Sarah S. Nilson
U.S. Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549
Tel.: (202) 551-4881 (Choe)
Fax: (202) 772-9292
Email:  choeo@sec.gov

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 13, 2019, the foregoing document and all attachments were filed on ECF and thereby served on all counsel of record.

                                                /s/  Olivia S. Choe
                                                Olivia S. Choe
                                                U.S. Securities and Exchange Commission