UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,  :          17cv1789 (DLC)
                                     :
                   Plaintiff,        :          ORDER
                                     :
        -v-                          :
                                     :
LEK SECURITIES CORPORATION, SAMUEL   :
LEK, VALI MANAGEMENT PARTNERS d/b/a  :
AVALON FA LTD, NATHAN FAYYER, and    :
SERGEY PUSTELNIK a/k/a SERGE         :
PUSTELNIK,                           :
                                     :
                   Defendants.       :
-------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: 10/21/19             │
└─────────────────────────────────┘
```

DENISE COTE, District Judge:

At the final pretrial conference held October 11, 2019,

James M. Wines, counsel for defendants Avalon FA Ltd, Nathan

Fayyer, and Sergey Pustelnik, made several factual

representations regarding the content of a January 30 and 31,

2014 deposition of defendant Nathan Fayyer.  Specifically, Mr.

Wines stated that through his deposition Mr. Fayyer "provided

two days of on-the-record testimony where the word 'layering' or

'spoofing' or any derivative thereof is not mentioned once, in

two days of testimony.  So there was no way for Mr. Fayyer to

know at that time . . . that layering was at issue."  Mr. Wines

repeated this factual representation several times, stating that

"at no point did . . . anyone ever tell Mr. Fayyer the word

'layering'" and that the SEC "never asked [Mr. Fayyer] a single

question about layering" in his deposition.  He asserted, "Your Honor, you can do a word search of that testimony.  You will not find the word 'layering.'  You will not find the word 'spoofing.'  I can guarantee it."

Pursuant to this Court's Order at the final pretrial conference, the Securities and Exchange Commission ("SEC") submitted on October 13 a copy of the transcript from Mr. Fayyer's January 30 and 31, 2014 deposition.  As evidenced by that transcript, Mr. Wines' factual representations regarding Mr. Fayyer's 2014 deposition were false.  The transcript evidences that, in his deposition, Mr. Fayyer discussed layering extensively in response to questions from the SEC.  For example, the SEC asked Mr. Fayyer the following questions in the deposition:

Q: Are you familiar with the term "layering"?

Q: Can you tell us how Sam [Lek] described "layering" to you?

Q: Have you ever been concerned that Avalon's traders were engaged in layering?

Q: Had [Sam Lek] ever expressed any concern before he was contacted by regulators about layering?

Q: Had Sam Lek ever contacted you with any concern about layering prior to being contacted by regulators himself?

Q: Would it be fair to say that Avalon wants to prevent its traders from engaging in layering?

Q:   Are you aware of any FINRA matters involving layering?

Q:   And did Sam [Lek] ever tell you that firms had been sanctioned in the past for layering?

Mr. Fayyer provided testimony in response to these questions, stating, among other things, that he was familiar with layering and that he and Sam Lek specifically discussed whether Avalon's traders were engaged in layering.   Mr. Fayyer testified, for example:

> Sam [Lek] and I discussed [whether Avalon's traders were engaged in layering] specifically. . . .   [H]e explained it to me that orders have to be cancelled for it to be -- you know, for it to be layering.

This and other passages of the deposition transcript indicate that Mr. Fayyer and the SEC engaged in a detailed discussion of layering, its characteristics, its relationship to a control system implemented by Lek Securities Corporation, and whether layering constitutes market manipulation.

In light of Mr. Wines' misrepresentations, it is hereby

ORDERED that Mr. Wines is reminded to exercise care before making factual representations to this Court.   Any

further misrepresentations of fact by Mr. Wines will be
taken seriously and addressed accordingly.


         SO ORDERED:

Dated:      New York, New York
            October 21, 2019

                              _____
                              DENISE COTE
                              United States District Judge