UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>        v.<br><br>AVALON FA LTD, NATHAN FAYYER, and SERGEY PUSTELNIK,<br><br>                              Defendants. | CASE NO. 17-CV-1789 (DLC) |

**PLAINTIFF'S PROPOSED ADDITIONAL JURY INSTRUCTIONS**

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits the following additional proposed jury instructions for the Court's consideration. These proposed instructions supplement the SEC's proposed jury instructions, which were submitted to the Court on October 13, 2019 (ECF No. 412).

Dated: November 5, 2019

Respectfully submitted,

/s/ Olivia S. Choe
David J. Gottesman
Olivia S. Choe
Sarah S. Nilson
U.S. Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549
Tel.: (202) 551-4881 (Choe)
Fax: (202) 772-9292
Email: choeo@sec.gov

*Counsel for Plaintiff*

PROPOSED ADDITIONAL INSTRUCTION NO. 1 –
REGARDING MARKET MANIPULATION[1]

In deciding whether the defendants engaged in market manipulation, you should determine whether all of the trading activity at issue, taken as a whole, was used to persuade the public that the trading activity was the reflection of genuine demand or supply instead of a mirage.  In making that decision, you should determine whether the trading activity, taken as a whole, distorted the market such that the natural supply and demand for a security was influenced by manipulation or control.

Trades or orders that, individually or by themselves, are permissible can be nonetheless manipulative if, taken together or as a whole, they affect the natural supply and demand of a free market to the benefit of the trader and to the detriment of the investing public.[2]

A trading strategy that is new or novel can be manipulative.[3]

---

[1] The SEC proposes supplementing the definition of "manipulative acts" set forth in its proposed instruction on Section 10(b) (ECF No. 412, at 30-31) as well as the SEC's proposed instruction on Section 9(a)(2) (ECF No. 412, at 41-42) with the above language.

[2] *Crane v. Westinghouse Air Brake Co.*, 419 F.2d 787, 794-796 (2d Cir. 1969).  In *Crane*, the Second Circuit rejected the argument that the defendant's stock purchases were only for the purpose of acquiring shares and control, given that "massive buying," when "coupled with its concealed sales" was "not consistent with the normal desire of an investor 'to buy at as low a price as possible,'" and instead "distorted" market information.  The Court of Appeals further held that even though Section 9(a)(2) "does not condemn extensive buying or buying which raises the price of a security in itself," defendant's stock acquisitions – while simultaneously taking "affirmative steps to conceal from the public its own secret sales off the market" – violated both Sections 9(a)(2) and 10(b).  *See also ATSI Comms. Inc. v. Shaar Fund Ltd.*, 493 F.3d 87, 101-102 (2d Cir. 2007) (activity that is not inherently manipulative can give rise to claim of market manipulation).

[3] *Crane v. Westinghouse Air Brake Co.*, 419 F.2d 787, 793 (2d Cir. 1969) ("Manipulative schemes may not be allowed to succeed solely because they are novel.").

PROPOSED ADDITIONAL INSTRUCTION NO. 2 –
REGARDING TESTIMONY FROM REGULATORY AND OTHER WITNESSES

You have heard testimony from witnesses that securities industry regulators FINRA and BATS (or CBOE) conducted investigations into whether Avalon's trading activity constituted manipulation. You also have heard testimony from lay and expert witnesses regarding whether, based on their respective knowledge and understanding of the facts and circumstances of this case, they considered the conduct at issue to be manipulative. The fact that FINRA or BATS conducted an investigation into those activities, and the fact that any witness used the term "manipulative" should not control your decision.[4] As I have instructed you throughout this trial, you alone must determine, based upon your assessment of the evidence and rational inferences drawn from that evidence, whether the conduct at issue was unlawful manipulation as I have defined that term under the federal securities laws.

---

[4] Fed. R. Evid. 701, 704; *Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004); *SEC v. US Envt'l, Inc.*, No. 94 Civ. 6608(PKL)(AJP), 2002 WL 31323832, at *5 (S.D.N.Y. Oct. 16, 2002).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 5, 2019, the foregoing document was filed on ECF and thereby served on all counsel of record.

/s/ Olivia S. Choe
Olivia S. Choe
U.S. Securities and Exchange Commission
