```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :        17cv1789 (DLC)
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :        OPINION AND ORDER
                 Plaintiff,          :
                                     :
        -v-                          :
                                     :
LEK SECURITIES CORPORATION, SAMUEL   :
LEK, VALI MANAGEMENT PARTNERS d/b/a  :
AVALON FA LTD, NATHAN FAYYER, and    :
SERGEY PUSTELNIK a/k/a SERGE PUSTELNIK:
                                     :
                 Defendants.         :
                                     :
-------------------------------------X
```

APPEARANCES

For plaintiff Securities and Exchange
Commission:
David J. Gottesman
Olivia S. Choe
Sarah S. Nilson
U.S. Securities & Exchange Commission
100 F Street NE
Washington, DC 20549

For defendants Vali Management
Partners d/b/a Avalon FA Ltd., Nathan
Fayyer, and Sergey Pustelnik:
James M. Wines
Law Office of James M. Wines
1802 Stirrup Lane
Alexandria, VA 22308

Steven Barentzen
Law Office of Steven Barentzen
17 State Street, Suite 400
New York, NY 10004

DENISE COTE, District Judge:

The Securities and Exchange Commission ("SEC") moved in limine to prohibit defendants Avalon FA Ltd, Nathan Fayyer, and Sergey Pustelnik (the "Avalon Defendants") and their attorneys from presenting evidence of, or making any argument concerning, these defendants' reliance on any advice of counsel from the attorneys representing their codefendants Samuel Lek and Lek Securities Corporation (the "Lek Defendants").  For the reasons that follow, the motion was granted at the final pretrial conference of October 11, 2019.

## Background

At a conference of October 27, 2017, which was held to address discovery issues, including the affirmative defenses available to the Avalon Defendants, the Court asked the Avalon Defendants whether they were "relying on an advice-of-counsel defense or any related defense like that."  Because counsel was uncertain, the Avalon Defendants were given two weeks to state whether they intended to rely on any such defense.  The Avalon Defendants did not notify the Court or the SEC within two weeks of the conference, or at any time thereafter, of their intent to rely on any such defense.

At a March 15, 2018 conference, the Lek Defendants confirmed that they would not waive the attorney-client privilege; they explicitly rejected the defense of reliance on

advice of counsel.  The Lek Defendants also affirmed that they would "not elicit testimony at trial that they consulted with counsel and [would] not offer evidence at trial of consultation with counsel."  The Lek Defendants and the SEC agreed to accept an instruction to witnesses at trial that they are not to volunteer that counsel was consulted at any time unless they are specifically asked about consultation with counsel by the SEC attorneys.

Counsel for Avalon was present at the March 15, 2018 conference.  He did not raise then, just as he had not raised earlier, any intent to rely on an advice-of-counsel defense or any related defense.  Nor did he object to the instruction described on the record.

Pursuant to the schedule for motions in limine, the SEC filed on September 13, 2019 its motion to preclude the Avalon Defendants from offering evidence of, or referring to, any reliance on counsel or the presence or involvement of counsel in the events at issue at trial.  The motion identifies two examples of ways in which it anticipates that the Avalon Defendants would seek to introduce evidence of a reliance on the advice of counsel.  First, the motion refers to the Avalon Defendants' anticipated reliance on a letter from counsel for the Lek Defendants.  The letter was not sent to any of the Avalon Defendants and none of the Avalon Defendants discussed

3

the subject matter of the letter with counsel for the Lek
Defendants.  Second, the motion refers to a representation by
the Lek Defendants that their counsel approved of the trading at
issue in this case.[1]  Specifically, the Avalon Defendants assert
that they relied on assurances from the Lek Defendants because
the Lek Defendants' views as to the legality of the trading at
issue "had been thoroughly reviewed, vetted and approved by
experienced and competent independent outside counsel."

## Discussion

Section 20(a) of the Exchange Act provides for an
affirmative defense of good faith.  Section 20(a) states,

> Every person who, directly or indirectly, controls any
> person liable under any provision of this chapter or
> of any rule or regulation thereunder shall also be
> liable jointly and severally with and to the same
> extent as such controlled person to any person to whom
> such controlled person is liable (including to the
> Commission in any action brought under paragraph (1)
> or (3) of section 78u(d) of this title), unless the
> controlling person acted in good faith and did not
> directly or indirectly induce the act or acts
> constituting the violation or cause of action.

15 U.S.C. § 78t(a) (emphasis added).

Under § 20(a), "[o]nce the plaintiff makes out a prima
facie case of § 20 liability, the burden shifts to the defendant
to show that he acted in good faith, and that he did not
directly or indirectly induce the act or acts constituting the

---

[1] On the eve of trial, the Lek Defendants settled this lawsuit
with the SEC.

violation." SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1473 (2d Cir. 1996).  To meet the burden of establishing good faith, the defendant must prove "that he exercised due care in his supervision of the violator's activities in that he 'maintained and enforced a reasonable and proper system of supervision and internal control[s].'"  Id. (citation omitted); see also Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1576 (9th Cir. 1990) ("A broker-dealer can establish the good faith defense only by proving that it 'maintained and enforced a reasonable and proper system of supervision and internal control.'"); G.A. Thompson & Co. v. Partridge, 636 F.2d 945, 958 (5th Cir. 1981) (no good faith defense if defendant "failed to establish, maintain or diligently enforce a proper system of supervision and control").  In G.A. Thompson & Co., the Fifth Circuit explained that in assessing the existence of good faith by a control person, the factfinder should ask whether that person "has done enough to prevent the violation," which will depend on "what he could have done under the circumstances."  636 F.2d at 959.

Unlike § 20(a) of the Exchange Act, Sections 10(b) and 9(a)(2) of the Exchange Act and § 17(a)(1) of the Securities Act do not provide for an affirmative defense of good faith.  Each of them, however, requires the plaintiff to prove either "scienter" (§§ 10(b) and 17(a)(1)) or a "manipulative motive and

willfulness" (§ 9(a)(2)).  Evidence of a defendant's state of

mind is also relevant to the jury's determination of whether the

defendant aided and abetted a primary violation of the

securities laws, where the SEC must show that the defendant

knowingly or recklessly provided substantial assistance to

someone who violated the securities laws.  See § 20(e) of the

Exchange Act, 15 U.S.C. § 78t(e); § 15(b) of the Securities Act,

15 U.S.C. § 77o(b).

The Supreme Court has defined "scienter" as an "intent to

deceive, manipulate or defraud" or "knowing or intentional

misconduct."  Ernst & Ernst v. Hochfelder, 425 U.S. 185, 194

n.12, 197 (1976).  The Second Circuit has held that reckless

conduct -- i.e., "conduct which is highly unreasonable and which

represents an extreme departure from the standards of ordinary

care" -- satisfies the scienter requirement.  SEC v. Obus, 693

F.3d 276, 286 (2d Cir. 2012) (citation omitted).  "Proof of

scienter need not be direct, but may be a matter of inference

from circumstantial evidence."  Wechsler v. Steinberg, 733 F.2d

1054, 1058 (2d Cir. 1984).

With respect to claims under § 9(a)(2), the statute makes

it unlawful

> To effect, alone or with 1 or more other persons, a
> series of transactions in any security registered on a
> national securities exchange, any security not so
> registered, or in connection with any security-based
> swap or security-based swap agreement with respect to

such security <u>creating actual or apparent active</u>
<u>trading in such security, or raising or depressing the</u>
<u>price of such security, for the purpose of inducing</u>
<u>the purchase or sale of such security</u> by others.

15 U.S.C. § 78i(a)(2) (emphasis supplied).  According to the
Second Circuit, § 9(a)(2) is at "the very heart" of the Exchange
Act.  <u>Id.</u> (citation omitted).  It was designed to prevent market
manipulation, and in particular, to "prevent[] an individual
from dominating the market in a stock for the purpose of
conducting a one-sided market at an artificial level for its own
benefit and to the detriment of the investing public."  <u>Id.</u>  As
with proof of scienter, the requisite purpose "is normally
inferred from the circumstances of the case."  <u>Id.</u>

An advice of counsel defense "is not an affirmative defense
that defeats liability" if the jury accepts the SEC's
allegations as true.  <u>United States v. Scully</u>, 877 F.3d 464, 476
(2d Cir. 2017).  Instead, evidence that a defendant relied on
advice from counsel is relevant to the factfinder's assessment
of whether the defendant acted with fraudulent intent, i.e.,
scienter or manipulative motive.  <u>See</u> <u>id.</u>  A court is only
required to charge a jury on the advice-of-counsel assertion if
there is sufficient evidence in the record to support the
defense.  <u>Id.</u>

The advice-of-counsel defense requires a defendant "to show
that he [1] made a complete disclosure to counsel, [2] sought

advice as to the legality of his conduct, [3] received advice that his conduct was legal, and [4] relied on that advice in good faith." Markowski v. SEC, 34 F.3d 99, 105 (2d Cir. 1994). Similar formulations can be found in Scully, 877 F.3d at 477-48, and United States v. Colasuonno, 697 F.3d 164, 181 (2d Cir. 2012). Again, even when there is evidence to support a finding that these requirements are met, reliance on the advice of counsel "is not a complete defense, but only one factor for [the jury's] consideration." Markowski, 34 F.3d at 105.

There are at least three interconnected reasons why the Avalon Defendants may not refer in any way to the Lek Defendants' consultations with counsel or offer evidence suggesting that there were such consultations, even in an effort to demonstrate their good faith. First, the attorney-client privilege "cannot at once be used as a shield and a sword." United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991). Reliance on the advice of counsel cannot be asserted while simultaneously denying access to the very advice that formed the supposed good faith belief that the conduct was legal. Id. (finding that, by asserting a good faith defense to securities fraud, defendant had "assert[ed] a claim that in fairness requires examination of the protected communications"). "Accordingly, a party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; failure

8

to do so constitutes a waiver of the advice-of-counsel defense.*"* Arista Records, LLC v. Lime Group LLC, 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011) (emphasis omitted) (citation omitted). The Avalon Defendants were given an opportunity during discovery to assert whether they intended to rely on an advice-of-counsel defense or any similar defense.  They declined to assert any such defense.  Therefore, there was no examination during the discovery period of how to obtain the discovery necessary to permit them to assert such a defense at trial.

Second, references to counsel's communications are not relevant in the absence of an advice-of-counsel defense and should be excluded as well pursuant to Rule 403, Fed. R. Evid. The intimation that counsel has blessed a transaction or practice without waiver of the attorney-client privilege "would give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense."  SEC v. Tourre, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013).  Moreover, any probative value of such references is substantially outweighed by the danger of undue prejudice to the SEC, which was denied discovery of the confidential communications, and the risk that such references will sow confusion and mislead the jury by suggesting that counsel for the Lek Defendants, fully informed of the Avalon trading, approved it.  In addition, it will mislead the jury by

suggesting that the Avalon Defendants did not have an independent obligation to ensure their own compliance with federal securities laws.

Third, legal advice given to another does not establish good faith as a matter of law.  Without knowing what information the Lek Defendants shared with their attorneys and what those attorneys said to their clients in the context of privileged communications, the Avalon Defendants cannot assert that they relied in good faith on the fact that the Lek Defendants consulted counsel, much less on the Lek Defendants' reports of their supposed communications with their attorneys.  The Avalon Defendants could have had the necessary access to the information that the Lek Defendants provided their attorneys and the advice that those attorneys gave the Lek Defendants only if both the Avalon and Lek Defendants were jointly represented and present during the privileged communications.  A defendant cannot assert good faith or reasonable reliance based on a third-party's representation of advice the third party received through consultations with counsel to which the defendant did not have access.

## Conclusion

For these reasons, the SEC's September 13 motion in limine to prohibit the Avalon Defendants from relying on or referring

in any way to the Lek Defendants' consultations with counsel was granted.

Dated:     New York, New York
           November 5, 2019

_____
           DENISE COTE
   United States District Judge