UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>AVALON FA LTD, NATHAN FAYYER, and SERGEY PUSTELNIK,<br><br>        Defendants. | CASE NO. 17-CV-1789 (DLC) |

# PLAINTIFF'S COMMENTS ON COURT'S NOVEMBER 5, 2019 DRAFT JURY CHARGE

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits the following comments for the Court's consideration and discussion with the parties at the November 6, 2019 charging conference. The SEC may also offer additional comments on the draft jury charge and draft verdict form at the charging conference.

Dated: November 6, 2019

Respectfully submitted,

/s/ Olivia S. Choe
David J. Gottesman
Olivia S. Choe
Sarah S. Nilson
U.S. Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549
Tel.: (202) 551-4881 (Choe)
Fax: (202) 772-9292
Email: choeo@sec.gov

*Counsel for Plaintiff*

Pages 4-5

<u>The Parties</u>

The plaintiff in this case is the United States Securities and Exchange Commission, also called the SEC. The SEC is an agency of the federal government that regulates the securities industry. The SEC has authority to enforce the federal securities laws by bringing civil lawsuits.

The SEC filed this lawsuit against five defendants. Two of those defendants -- Samuel Lek and Lek Securities Corporation -- have reached agreements with the SEC to resolve the claims against them. The other three defendants named in the SEC's lawsuit are Avalon FA Ltd, which I will call Avalon, Nathan Fayyer and Sergey Pustelnik. It is the SEC's claims against these three defendants that are being tried before you. In reaching a verdict you must bear in mind that each of the claims against each of the defendants is to be considered separately. Your verdict must be reached solely on the evidence or lack of evidence presented against each defendant, without regard to the liability of the other defendants.

The SEC is entitled to no greater and no lesser consideration than any other party simply because it is an agency of the federal government. You may not draw any inference against Avalon, Fayyer, or Pustelnik because Samuel Lek and Lek Securities Corporation decided to reach an agreement with the SEC to resolve the claims against them. ~~You should not speculate as to the terms of that agreement.~~

Pages 15-16

<u>Section 10(b) Element 1: Manipulative Act or Device</u>

The word "manipulation" is a term of art when used in connection with the securities markets. Manipulation occurs when a person engages in market activity aimed to deceive investors about how other market participants have valued a security. Manipulation refers to intentional or willful conduct designed to deceive or defraud investors by controlling or artificially affecting the price of securities. Because market participants ordinarily assume that the price at which they purchase or sell securities is determined by the natural interplay of supply and demand, an act is manipulative if it sends a false pricing signal to the market or creates a false impression of supply and demand. For example, trading engineered to stimulate demand for a stock can be manipulative by misleading investors into believing that the market has discovered some positive news about the value of a security even though no such positive news exists.

When determining if the defendant you are considering has engaged in a manipulative act or device, it is important to remember that the Exchange Act was intended to promote transparency and to prevent practices that impair the function of the stock markets. In a properly functioning stock market, investors should be able to buy and sell securities at prices that reflect undistorted estimates of the underlying economic value of the securities traded. Any act, scheme, or device intended to

artificially impact the price of a security is a manipulative act or device under the Exchange Act.

A manipulative act or device does not need to be successful in order to violate the federal securities laws. Similarly, a course of conduct can be manipulative even if it is novel. An act can be manipulative even if it is conducted on the open market or through ordinary market activity, such as placing an order to buy or sell a security or by actually buying or selling a security. In some cases, a defendant's "scienter," that is, a defendant's intent to manipulate the securities market, is all that distinguishes legitimate trading from manipulative trading. Similarly, in some cases, the determination of whether ~~an act~~ <u>activity</u> is manipulative can only be made by placing the act<u>ivity</u> in context and <u>considering</u> ~~looking for~~ <u>whether it is part of</u> a pattern of trading activity. What matters is whether the defendant intended to inject a false pricing signal into the market or to mislead investors by artificially affecting market activity.

Pages 19-20

<u>Section 10(b) Element 4: Scienter</u>

The word "scienter" refers to a particular state of mind. It is an intent to deceive, manipulate, or defraud. It refers to intentional or willful conduct designed to deceive or defraud investors by controlling or artificially affecting the price of securities. Scienter includes both knowing and intentional misconduct, as well as conduct showing a reckless disregard for the truth. Conduct is reckless if it is highly unreasonable and represents an extreme departure from the standards of ordinary care. A conscious purpose to avoid learning the truth is an extreme departure from the standards of ordinary care. If you find that a defendant failed to review information that it had a duty to monitor or that he ignored reports or obvious signs of securities manipulation, you may find that the defendant was reckless. ~~You may find that personal financial gain weighs heavily in favor of a finding of scienter~~. On the other hand, mere negligence is not sufficient to support a finding of scienter.

You should consider any evidence that a defendant acted in good faith in making your determination of whether the defendant acted with scienter. A person acting in good faith lacks scienter. A good faith belief, however, is not a blind faith belief. <u>The defendants do not have the burden to establish that they acted in good faith. The burden is on the SEC to establish that the</u>

5

<u>defendants acted with scienter.  If the SEC proves that the defendants acted with scienter, that means it has proven that the defendants did not act in good faith.</u>

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence. Circumstantial evidence of a person's state of mind is of no less value than direct evidence.

Page 30

<u>Section 9(a)(2) Element 2: Creating Actual or Apparent Trading in a Security, or Raising or Depressing the Price of a Security</u>

Like the other securities laws at issue in this case, Section 9(a)(2) of the Exchange Act is designed to create securities markets where prices are based on the free and honest balancing of supply and demand. Section 9(a)(2) does not prohibit all transactions that tend to raise or lower the price of a security or that cause other investors to trade in a security. Rather, it outlaws any series of transactions used to deceive the public into believing that activity in a security is the reflection of a genuine supply or demand, when instead it is a mirage. The essence of a violation of Rule 9(a)(2) is the creation of a false impression of supply and demand. You should use the definition of manipulation that I have already given you.

To find that a defendant violated Section 9(a)(2) you must find that the series of transactions that the defendant directly or indirectly effected, whether alone or with others, either created actual or apparent active trading in the security, or raised or depressed the price of the security. <u>If you find that the defendant directly or indirect effected a series of transactions</u>, you must be unanimous ~~as to which of these occurred, or that both occurred~~ <u>as to whether the series of transactions (1) created actual or apparent trading in a security, or (2) raised or depressed the price of the security, or (3) did both</u>.

7

Section 20(e) Element 3: Substantial Assistance

To satisfy the substantial assistance component of aiding and abetting liability, the SEC must show that the defendant in some way associated himself with the activity that constituted a violation of the Exchange Act, that he participated in it as something he wished to bring about, and that he sought by his action to make it succeed. A defendant may substantially assist in a violation of the Exchange Act either by undertaking some affirmative action or by failing to act ~~when otherwise required to do so~~ <u>if the inaction was intended to aid the violation or was in conscious and reckless violation of a duty to act</u>.[1] The SEC does not need to prove that the defendant directly or indirectly caused the activity that constitutes the violation of the Exchange Act.

The degree of substantial assistance that the SEC must show depends on the degree of the defendant's knowledge or recklessness. If you find that the defendant had actual knowledge that his co-defendant was engaged in activity in violation of the Exchange Act, the easier you may find it to conclude that the defendant's action or inaction provided substantial assistance. The reverse is true as well.

A person may commit his own violation of the securities laws and also substantially assist others in violating those laws. Thus,

---

[1] *See Armstrong v. McAlpin*, 699 F.2d 79, 91 (2d Cir. 1983).

one person can be found to have both primary and secondary liability under the securities laws.

Pages 41-42

### Section 20(a) Element 3: Good Faith

To establish good faith, the defendant must prove that he exercised due care in his supervision of the violator's activities. He must show that he maintained and enforced a reasonable and proper system of supervision and internal controls <u>and that reliance on that system was reasonable under the circumstances in light of all of the facts the defendant knew or should have known</u>.

A proper system of supervision and internal controls reflects a bona fide, genuine, and diligent effort to enforce compliance with the securities laws and to detect failures to comply. The system of controls may not be simply cosmetic. ~~When evaluating a defendant's claim of good faith, you should consider whether the defendant did enough to prevent the violation in light of what he could have done under the circumstances.~~

~~If a defendant relied on another person or entity to operate a system of supervision and controls on his behalf, then to demonstrate his good faith the defendant must show each of the following: that the system on which he relied was a reasonable and proper system, as I have just described those requirements to you; that his reliance on that system was reasonable in light of all the facts that the defendant knew or should have known; and that the defendant actually believed that a proper system of supervision and internal controls was being maintained and enforced to prevent a violation of the securities laws.~~

10

Page 43

Section 20(a) Element 3: Induce

~~To prevail on his defense, a defendant may not induce a violation of the Exchange Act through either his action or inaction.~~ To show that the defendant did not induce the controlled person's violation, the defendant must prove by a preponderance of the evidence that the defendant's action or inaction did not contribute to or otherwise bring about the violation. ~~Ask yourselves, was the defendant negligent or reckless in failing to do what he could have done to prevent the violation? I have already instructed you as to the definitions of negligence and recklessness. You must apply those definitions here.~~

Pages 47-49

<u>Credibility of Witnesses</u>

Now for the important subject of evaluating testimony. How do you evaluate the credibility or believability of the witnesses? The answer is that you use your plain common sense. Common sense is your greatest asset as a juror. You should ask yourselves, did the witness impress you as honest, open, and candid? Or did the witness appear evasive or as though the witness were trying to hide something? How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully. If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care. It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe. Few people recall every detail of every event precisely the same way. A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit or suffer

12

in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering has an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of the testimony, and accept it with great care.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness. It is for you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight to give to an inconsistent statement in assessing the witness's credibility at trial. You may consider evidence of a party's prior inconsistent statement for whatever light you find it sheds on the issues in this case. You may consider evidence of a non-party's prior inconsistent statement only to the extent it bears on the credibility of that witness, unless the previous statement consists of sworn testimony, in which case you may consider it for whatever light you find it sheds on the issues in this case.

<u>False exculpatory statements may be circumstantial evidence of a defendant's consciousness of their liability.  Similarly, the failure to produce relevant documents in response to a subpoena may</u>

<u>be circumstantial evidence of consciousness of liability.[2]</u>  <u>It is up to you to decide if the defendants made false exculpatory statements or failed to produce documents, and it is up to you, the jury, to decide what if any significance to give to such evidence.</u>

There is no magic formula by which you can evaluate testimony. You bring to this courtroom all your experience. You determine for yourselves in many circumstances the reliability of statements that are made by others to you and upon which you are asked to rely and act. You may use the same tests here that you use in your everyday lives. Among the factors you may consider are the witness's intelligence; the ability and opportunity the witness had to see, hear, or know about the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

---

[2] *Harrington v. Sharff*, 305 F.2d 333, 338 (2d Cir. 1962) (leaving the scene was evidence of consciousness of liability); United States v. Mastropieri, 685 F.2d 776, 790 (2d Cir. 1982) ("There can be no doubt that an attempt to suppress material records permits an inference of consciousness of guilt and therefore of guilt itself."); see also United States v. Bein, 728 F.2d 107, 114-15 (2d Cir. 1984) (evidence of consciousness of guilt admissible under Fed. R. Evid. 404(b) if more probative than prejudicial); United States v. Pyle, 47 F. App'x 43, 44-45 (2d Cir. 2002) (evidence that defendant had failed to comply with subpoena to provide handwriting exemplars properly admitted as evidence of consciousness of guilt where "[k]nowledge was an element of the charged crime that the government had the burden of proving at trial")

Page 55

<u>Independent Obligation to Comply with Securities Laws</u>

Every person has a duty to obey the law. ~~You have heard reference to the fact that Lek Securities Corporation was the broker-dealer for many of the transactions at issue in this case, and that Lek Securities Corporation had its own obligations under the federal securities laws.~~ One person's obligation to comply with the law does not release another person from his own independent obligation to follow the law. If you find that a defendant on trial before you violated the law, according to the instructions I have given you, then it is no defense that <u>others</u> ~~Lek Securities Corporation~~ failed in ~~its~~ <u>their</u> own separate obligation<u>s</u> to comply with the law.

15

Page 56 [see addition to Credibility of Witnesses instruction]

~~Consciousness of Liability~~

~~The SEC claims that certain statements by Sergey Pustelnik and Nathan Fayyer in which they attempted to exonerate or exculpate themselves are false. False exculpatory statements are circumstantial evidence of a defendant's consciousness of their liability and have independent probative value. If you find that a defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to, infer that the defendant believed that he was liable. Similarly, the failure to produce relevant documents in response to a subpoena is also circumstantial evidence of a defendant's consciousness of liability. If you find that a defendant failed to produce certain documents to the SEC in order to divert suspicion from himself, you may, but are not required to, infer that the defendant believed he had violated the law. Whether or not such evidence shows that the defendant believed that he was liable, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.~~