```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
SECURITIES AND EXCHANGE COMMISSION,    :      17cv1789(DLC)
                                       :
                 Plaintiff,            :      SPECIAL VERDICT
                                       :           FORM
       -v-                             :
                                       :
VALI MANAGEMENT PARTNERS d/b/a AVALON  :
FA LTD, NATHAN FAYYER, AND SERGEY      :
PUSTELNIK a/k/a SERGE PUSTELNIK,       :
                                       :
                 Defendants.           :
                                       :
-------------------------------------- X
```

**PLEASE CHECK (√) YOUR ANSWERS**

**All jurors must agree on the answers to all of the questions:**

**Issue I:  Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c) and Substantial Assistance Under Section 20(e)**

1.   Did the SEC establish by a preponderance of the evidence that Avalon violated Section 10(b) of the Exchange Act and Rule 10b-5(a) or (c)?

     YES _____          NO _____

2.   If your answer to Question 1 is YES, did the SEC establish by a preponderance of the evidence that Nathan Fayyer knowingly or recklessly provided substantial assistance to Avalon in doing so?

     YES _____          NO _____

3.   If your answer to Question 1 is YES, did the SEC establish by a preponderance of the evidence that Sergey Pustelnik knowingly or recklessly provided substantial assistance to Avalon in doing so?

     YES _____          NO _____

4.   Did the SEC establish by a preponderance of the
     evidence that <u>Nathan Fayyer</u> violated Section 10(b) of
     the Exchange Act and Rule 10b-5(a) or (c)?

                    YES _____            NO _____


5.   If your answer to Question 4 is YES, did the SEC
     establish by a preponderance of the evidence that
     <u>Sergey Pustelnik</u> knowingly or recklessly provided
     substantial assistance to Nathan Fayyer in doing so?

                    YES _____            NO _____


6.   Did the SEC establish by a preponderance of the
     evidence that <u>Sergey Pustelnik</u> violated Section 10(b)
     of the Exchange Act and Rule 10b-5(a) or (c)?

                    YES _____            NO _____


7.   If your answer to Question 6 is YES, did the SEC
     establish by a preponderance of the evidence that
     <u>Nathan Fayyer</u> knowingly or recklessly provided
     substantial assistance to Sergey Pustelnik in doing
     so?

                    YES _____            NO _____


**<u>Issue II:  Section 17(a)(1) of the Securities Act and
Substantial Assistance Under Section 15(b)</u>**

8.   Did the SEC establish by a preponderance of the
     evidence that <u>Avalon</u> violated Section 17(a)(1) of the
     Securities Act?

                    YES _____            NO _____

9.    If your answer to Question 8 is YES, did the SEC
      establish by a preponderance of the evidence that
      <u>Nathan Fayyer</u> knowingly or recklessly provided
      substantial assistance to Avalon in doing so?

                    YES _____          NO _____


10.   If your answer to Question 8 is YES, did the SEC
      establish by a preponderance of the evidence that
      <u>Sergey Pustelnik</u> knowingly or recklessly provided
      substantial assistance to Avalon in doing so?

                    YES _____          NO _____


11.   Did the SEC establish by a preponderance of the
      evidence that <u>Nathan Fayyer</u> violated Section 17(a)(1)
      of the Securities Act?

                    YES _____          NO _____


12.   If your answer to Question 11 is YES, did the SEC
      establish by a preponderance of the evidence that
      <u>Sergey Pustelnik</u> knowingly or recklessly provided
      substantial assistance to Nathan Fayyer in doing so?

                    YES _____          NO _____


13.   Did the SEC establish by a preponderance of the
      evidence that <u>Sergey Pustelnik</u> violated Section
      17(a)(1) of the Securities Act?

                    YES _____          NO _____


14.   If your answer to Question 13 is YES, did the SEC
      establish by a preponderance of the evidence that
      <u>Nathan Fayyer</u> knowingly or recklessly provided
      substantial assistance to Sergey Pustelnik in doing
      so?

                    YES _____          NO _____

**<u>Issue III:  Section 17(a)(3) of the Securities Act and
Substantial Assistance Under Section 15(b)</u>**

15.   Did the SEC establish by a preponderance of the
evidence that <u>Avalon</u> violated Section 17(a)(3) of the
Securities Act?

YES _____          NO _____

16.   If your answer to Question 15 is YES, did the SEC
establish by a preponderance of the evidence that
<u>Nathan Fayyer</u> knowingly or recklessly provided
substantial assistance to Avalon in doing so?

YES _____          NO _____

17.   If your answer to Question 15 is YES, did the SEC
establish by a preponderance of the evidence that
<u>Sergey Pustelnik</u> knowingly or recklessly provided
substantial assistance to Avalon in doing so?

YES _____          NO _____

18.   Did the SEC establish by a preponderance of the
evidence that <u>Nathan Fayyer</u> violated Section 17(a)(3)
of the Securities Act?

YES _____          NO _____

19.   If your answer to Question 18 is YES, did the SEC
establish by a preponderance of the evidence that
<u>Sergey Pustelnik</u> knowingly or recklessly provided
substantial assistance to Nathan Fayyer in doing so?

YES _____          NO _____

20.  Did the SEC establish by a preponderance of the
     evidence that Sergey Pustelnik violated Section
     17(a)(3) of the Securities Act?

              YES _____              NO _____


21.  If your answer to Question 20 is YES, did the SEC
     establish by a preponderance of the evidence that
     Nathan Fayyer knowingly or recklessly provided
     substantial assistance to Sergey Pustelnik in doing
     so?

              YES _____              NO _____


**Issue IV:  Section 9(a)(2) of the Exchange Act and Substantial
Assistance Under Section 20(e)**

22.  Did the SEC establish by a preponderance of the
     evidence that Avalon violated Section 9(a)(2) of the
     Exchange Act?

              YES _____              NO _____


23.  If your answer to Question 22 is YES, did the SEC
     establish by a preponderance of the evidence that
     Nathan Fayyer knowingly or recklessly provided
     substantial assistance to Avalon in doing so?

              YES _____              NO _____


24.  If your answer to Question 22 is YES, did the SEC
     establish by a preponderance of the evidence that
     Sergey Pustelnik knowingly or recklessly provided
     substantial assistance to Avalon in doing so?

              YES _____              NO _____

25. Did the SEC establish by a preponderance of the evidence that <u>Nathan Fayyer</u> violated Section 9(a)(2) of the Exchange Act?

             YES _____             NO _____

26. If your answer to Question 25 is YES, did the SEC establish by a preponderance of the evidence that <u>Sergey Pustelnik</u> knowingly or recklessly provided substantial assistance to Nathan Fayyer in doing so?

             YES _____             NO _____

**<u>Issue V:   Section 20(a) of the Exchange Act (Control Person Liability)</u>**

27. Did the SEC establish by a preponderance of the evidence that any of <u>Avalon's Traders</u> violated Section 10(b) of the Exchange Act and Rule 10b-5(a) or (c)?

             YES _____             NO _____

If your answer to Question 27 is YES, answer Questions 28 through 31:

28. Is <u>Avalon</u> liable as a control person under Section 20(a) of the Exchange Act for the Avalon's Traders' violation of Section 10(b) of the Exchange Act and Rule 10b-5(a) or (c)?

             YES _____             NO _____

29. Did <u>Avalon</u> know, or was Avalon reckless in not knowing, that the Avalon Traders were engaged in a violation of Section 10(b) of the Exchange Act and Rule 10b-5(a) or (c)?

             YES _____             NO _____

30.   Is Nathan Fayyer liable as a control person under
      Section 20(a) of the Exchange Act for the Avalon
      Traders' violation of Section 10(b) of the Exchange
      Act and Rule 10b-5(a) or (c)?

                    YES _____          NO _____


31.   Did Nathan Fayyer know, or was he reckless in not
      knowing, that the Avalon Traders were engaged in a
      violation of Section 10(b) of the Exchange Act and
      Rule 10b-5(a) or (c)?

                    YES _____          NO _____


32.   Did the SEC establish by a preponderance of the
      evidence that any of Avalon's Traders violated Section
      9(a)(2) of the Exchange Act?

                    YES _____          NO _____


If your answer to Question 32 is YES, answer Questions 33
through 36:

33.   Is Avalon liable as a control person under Section
      20(a) of the Exchange Act for the Avalon's Traders'
      violation of Section 9(a)(2) of the Exchange Act?

                    YES _____          NO _____


34.   Did Avalon know, or was Avalon reckless in not
      knowing, that the Avalon Traders were engaged in a
      violation of Section 9(a)(2) of the Exchange Act?

                    YES _____          NO _____


35.   Is Nathan Fayyer liable as a control person under
      Section 20(a) of the Exchange Act for the Avalon
      Traders' violation of Section 9(a)(2) of the Exchange
      Act?

                    YES _____          NO _____

36. Did <u>Nathan Fayyer</u> know, or was he reckless in not knowing, that the Avalon Traders were engaged in a violation of Section 9(a)(2) of the Exchange Act?

    YES &#95;&#95;&#95;&#95;&#95;    NO &#95;&#95;&#95;&#95;&#95;


If you found in answer to Question 1 that Avalon violated Section 10(b) of the Exchange Act and Rules 10b-5(a) or (c), answer Questions 37 and 38:


37. Is <u>Sergey Pustelnik</u> liable as a control person under Section 20(a) of the Exchange Act for the Avalon violation of Section 10(b) of the Exchange Act and Rules 10b-5(a) or (c)?

    YES &#95;&#95;&#95;&#95;&#95;    NO &#95;&#95;&#95;&#95;&#95;


38. Did <u>Sergey Pustelnik</u> know, or was he reckless in not knowing, that Avalon was engaged in a violation of Section 10(b) of the Exchange Act and Rule 10b-5(a) or (c)?

    YES &#95;&#95;&#95;&#95;&#95;    NO &#95;&#95;&#95;&#95;&#95;


If you found in answer to Question 22 that Avalon violated Section 9(a)(2) of the Exchange Act, answer Questions 39 and 40:


39. Is <u>Sergey Pustelnik</u> liable as a control person under Section 20(a) of the Exchange Act for the Avalon violation of Section 9(a)(2) of the Exchange Act?

    YES &#95;&#95;&#95;&#95;&#95;    NO &#95;&#95;&#95;&#95;&#95;


40. Did <u>Sergey Pustelnik</u> know, or was he reckless in not knowing, that Avalon was engaged in a violation of Section 9(a)(2) of the Exchange Act?

    YES &#95;&#95;&#95;&#95;&#95;    NO &#95;&#95;&#95;&#95;&#95;

## Issue VI:  The Layering and Cross-Market Strategies

If you have answered any question with a YES, answer
Questions 41 through 44:

41.  Did the SEC prove by a preponderance of the evidence
     that orders placed by Avalon constituted a layering
     strategy?

                    YES _____          NO _____


42.  If your answer to Question 43 is YES, did the SEC
     prove by a preponderance of the evidence that the
     layering strategy constituted a manipulation of the
     securities markets?

                    YES _____          NO _____

43.  Did the SEC prove by a preponderance of the evidence
     that orders placed by Avalon constituted a cross-
     market strategy?

                    YES _____          NO _____


44.  If your answer to Question 45 is YES, did the SEC
     prove by a preponderance of the evidence that the
     cross-market strategy constituted a manipulation of
     the securities markets?

                    YES _____          NO _____

**After completing the form, each juror who agrees with this verdict must sign below:**

_____        _____
Foreperson

_____        _____

_____        _____

_____        _____

_____        _____