UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> LEK SECURITIES CORPORATION, SAMUEL LEK, VALI MANAGEMENT PARTNERS dba AVALON FA LTD, NATHAN FAYYER, and SERGEY PUSTELNIK, a/k/a SERGE PUSTELNIK, <br><br> Defendants. | Case No. 17-CV-1789(DLC) |

# FINAL JUDGMENT AGAINST DEFENDANTS
## AVALON FA LTD, NATHAN FAYYER, AND SERGEY PUSTELNIK

This matter having come before the Court following trial by jury, and the jury unanimously having found in favor of Plaintiff Securities and Exchange Commission ("SEC" or the "Commission") and against Defendants Vali Management Partners dba Avalon FA Ltd ("Avalon"), Nathan Fayyer ("Fayyer"), and Sergey Pustelnik a/k/a Serge Pustelnik ("Pustelnik") on liability; and the Court having considered the evidence and the parties' submissions regarding remedies, and the record herein; the Court hereby enters final judgment in favor of the SEC and against each of the said Defendants.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Avalon, Fayyer, and Pustelnik each are permanently restrained and enjoined from violating Section 10(b)

of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Avalon, Fayyer, and Pustelnik each are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Avalon, Fayyer, and Pustelnik each are permanently restrained and enjoined from violating Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)], directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or for any member of a national securities exchange to:

> effect, alone or with one (1) or more other persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Avalon, Fayyer, and Pustelnik are jointly and severally liable for disgorgement of $4,495,564, together with prejudgment interest thereon in the amount of $131,750, for a total of $4,627,314.

Defendants shall satisfy this obligation by paying the amount remaining due for disgorgement as set forth in accordance with the terms of section VIII, below.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying by name the Defendant as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Defendant making such payment shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendants Avalon, Fayyer, and Pustelnik shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Avalon,

5

Fayyer, and Pustelnik are each individually liable for a civil penalty in the amount of $5,000,000, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendant Avalon shall satisfy its obligation under this section by paying the remaining amount due for its penalty in accordance with the terms of section VIII, below. Defendants Fayyer and Pustelnik shall each individually satisfy this obligation by paying $5,000,000 each to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants Avalon, Fayyer, and Pustelnik may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants Avalon, Fayyer, and Pustelnik may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying by name the Defendant as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Defendant making such payment shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

6

Each Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within 14 days after being served with a copy of this Final Judgment, Lek Securities Corporation ("Lek Securities") shall take the following action with regard to any and all money and assets that it holds pursuant to this Court's order entered on July 31, 2017 (ECF No. 95) in the name of or for the benefit of Defendant Avalon, together with any interest that has accrued thereon:

(A) To the extent any assets so held are securities or other non-cash assets, Lek Securities shall liquidate them at market prices and convert them to cash; and

(B) Lek Securities shall transfer to the SEC the entire balance of the funds held by Lek Securities pursuant to said order of the Court.

Lek Securities may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Lek Securities may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; stating that the payment is being made by Lek Securities; and specifying that payment is made pursuant to this Final Judgment.

Lek Securities shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Lek Securities relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Lek Securities or to any Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk of Court is ordered to turn over to the SEC all funds held in the Registry of the Court with regard to Avalon pursuant to the Order entered by this Court in this case on July 31, 2017 (ECF No. 95), together with any interest remaining after deducting any applicable fee not exceeding the fee authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office. The Clerk of Court may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The Clerk of Court may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; stating that the payment is being made by the Clerk of Court; and specifying that payment is made pursuant to this Final Judgment.

The Clerk of Court shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the amounts remitted to the SEC by Lek Securities and by the Clerk of Court pursuant to sections VI and VII above shall be applied first to the prejudgment interest, then disgorgement owed by Avalon pursuant to this Final Judgment, and if any amounts are left over, they shall be applied towards the penalty owed by Avalon pursuant to this Final Judgment. Within 14 days of receiving the funds from both Lek Securities and the Clerk of Court pursuant to sections VI and VII, above, the SEC shall file a notice indicating the amounts received from Lek Securities and the Clerk of Court, and indicating the remaining amount of disgorgement, if any, that is due from Defendants Avalon, Fayyer and Pustelnik in accordance with section IV above, and the amount of penalties due from Avalon, after application of the funds received. Within 14 days after the SEC files such notice:

(A) Defendants Avalon, Fayyer and Pustelnik shall pay to the SEC any remaining disgorgement amounts owed as set forth in section IV, above; and

(B) Defendant Avalon shall pay to the SEC any remaining penalty amount that it owes as set forth in section V, above.

## IX.

The Court shall retain jurisdiction of this matter for purposes of enforcing this judgment.

Dated: April 14, 2020

_____
DENISE COTE
United States District Judge

9