UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                        Plaintiff,<br><br>               v.<br><br>LEK SECURITIES CORPORATION,<br>SAMUEL LEK,<br>VALI MANAGEMENT PARTNERS dba<br>    AVALON FA LTD,<br>NATHAN FAYYER, and<br>SERGEY PUSTELNIK a/k/a<br>    SERGE PUSTELNIK,<br>                        Defendants. | CASE NO. 17-CV-1789 (DLC) |

**PLAINTIFF SEC'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR PAYMENT OF ATTORNEYS' FEES**

Plaintiff Securities and Exchange Commission ("SEC") states the following in opposition to the motion of Defendants Avalon FA LTD, Nathan Fayyer and Sergey Pustelnik ("Defendants") for payment of their counsel's attorneys' fees (ECF No. 576), and their memorandum in support ("Def. Mem.") (ECF No. 577).

**INTRODUCTION**

This Court entered an order on July 31, 2017, freezing funds of Avalon totaling about $5.5 million. ECF No. 95. That order granted the SEC's motion for an asset freeze, which had sought the freeze so that Avalon's funds could be frozen to be applied towards Avalon's liability, "which would include not only disgorgement of illicit profits and prejudgment interest, but

substantial penalties as well."[1]  SEC's Mem. in Supp. of Mot. for Preliminary Relief (ECF No. 12), at 21.

On November 12, 2019, following a three-week trial, the jury returned a verdict in favor of the SEC and against Defendants on all claims and questions submitted.  ECF No. 527.  On March 20, 2020, this Court entered an order finding that Defendants were jointly and severally liable for disgorgement of $4,495,564 plus prejudgment interest ("pji") in the amount of $131,750, for a total of $4,627,314.  ECF No. 574, at 25.  The Court also assessed penalties of $5 million against each Defendant.  *Id.*

On April 14, 2020, the Court entered Final Judgment against the Defendants, ordering that the frozen funds be paid to the SEC to satisfy the disgorgement and pji amounts, and that the remaining frozen funds be paid to the SEC to be applied toward the $5 million penalty owed by Avalon.  ECF No. 580, Sections VI-VIII.  Application of the frozen funds in this manner will exhaust the frozen funds, and will still leave over $4 million of Avalon's penalty – and the entirety of Fayyer's and Pustelnik's $5 million penalties – unpaid.

Defendants argue that the frozen funds should only be used to satisfy the SEC's claim for disgorgement and pji, but not penalties.  Thus, they argue, once the SEC's claims for approximately $4.5 million in disgorgement and pji is satisfied, Defendants' counsel should have their fees paid from the remainder.  Def. Mem. 3.  For the reasons set forth below, Defendants' motion should be denied.

---

[1] The SEC's March 2017 motion for an asset freeze stated that the ill-gotten proceeds were over $21 million, which was the amount of illegal proceeds generated by the Defendants' layering scheme.  ECF No. 12, at 21.  The evidence adduced in this case confirmed that Defendants' layering scheme generated $21 million in proceeds and that Defendants' cross-market scheme generated in addition about $8 million.  *See* SEC's Mem. in Supp. of Mot. for Remedies (ECF No. 563), at 5.  Because evidence adduced during discovery and in preparation for trial indicated that most of those proceeds were paid to the traders themselves, the SEC sought disgorgement of only $4,495,564, which the evidence indicates is the approximate amount that was retained by Avalon.  *Id.* at 5-6.

**ARGUMENT**

I.     **Frozen Funds Can and Should Be Used to Satisfy Disgorgement, Prejudgment Interest and Penalties**

Defendants argue that funds beyond the amount needed to pay disgorgement and pji should not have been frozen, and therefore should be available for payment of defense counsel's fees.  Def. Mem. 3.  But in SEC enforcement cases, defendants' funds appropriately are frozen so that they can be applied to satisfy not just disgorgement and pji, but also penalties.  *SEC v. Unifund SAL*, 910 F.2d 1028, 1041 (2d Cir. 1990) (upholding order freezing "funds in an amount sufficient to cover not just the profits that might have to be disgorged ***but the civil penalty.***" (emphasis added)).  In the present case, the total amount of disgorgement, pji and penalties due from Avalon alone ($9,627,314) far exceeds the frozen funds.  Therefore, the funds properly were frozen throughout the case, and should be used now to pay the amounts for which Avalon is liable for disgorgement, pji and penalties.

Defendants erroneously argue that *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999), precludes a freeze of funds beyond the amount needed to pay disgorgement.  Def. Mem. 3 n.1.  But *Grupo* held only that the equitable relief of an asset freeze was not available where the plaintiff was seeking only money damages but no equitable relief.

As courts in this very district have recognized, the holding of *Grupo* is inapposite where, as here, the SEC seeks equitable relief (such as injunctive relief and disgorgement) in addition to penalties.  *SEC v. Babikian*, No. 14 Civ. 1740(PAC), 2014 WL 2069348, at *3 n.3 (S.D.N.Y. Apr. 21, 2014) ( "[T]he Supreme Court's decision in *Grupo Mexicano* does not bar equitable prejudgment remedies in a case that claims equitable relief as well as money damages.").  In

3

*Babikian*, as in this case, the SEC sought equitable relief such as an injunction and disgorgement, in addition to penalties. *Id.* at *3. And there, as here, the court froze the defendant's assets to enable the SEC to recover on the full judgment that it might obtain, noting that "the Second Circuit has affirmed prejudgment remedies securing assets necessary **to cover civil penalties**, and not just disgorgement." *Id.* (emphasis added) (citing *Unifund SAL*, 910 F.2d at 1042).

A number of other courts within this district, decided after *Grupo Mexicano*, have ordered asset freezes to cover penalties in addition to disgorgement in SEC cases. *SEC v. Genovese*, 18 CV 942, 2018 WL 2244466, at *2 (S.D.N.Y. Feb. 16, 2018) (holding that freeze was necessary "to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties"); *SEC v. Compania Internacional Financiera*, No. 11 Civ. 4904(DLC), 2011 WL 3251813, at *12 (S.D.N.Y. Jul. 29, 2011) (imposing freeze of funds to cover illegal profits "plus a civil penalty"); *SEC v. Aragon Capital Advisors, LLC*, No. 07 Civ. 919(FM), 2011 WL 3278642, at *3 & 10 (S.D.N.Y. Jul. 26, 2011) (granting SEC's request for asset freeze of amounts sufficient "to preserve its ability to collect additional disgorgement, prejudgment interest, and penalties"); *see also SEC v. Zafar*, CV 06-1578 (JG)(MDG), 2008 WL 11435618, at *4 (E.D.N.Y. Nov. 24, 2008) (freezing assets in amount above defendant's ill-gotten gains because "[i]n addition to the equitable remedy of disgorgement, the Commission may also seek monetary civil penalties for violations of the securities laws").

## II.    Equity and Fairness Do Not Support Defendants' Position

Defendants argue that "[e]quity and fairness support reasonably compensating legal counsel." Def. Mem. 2. The argument is not well taken. First, the Defendants have failed to prove that they cannot pay their own counsel. As this Court noted in its March 20, 2020 opinion,

4

"Defendants have submitted no evidence of Avalon's current financial state." ECF No. 574, at 21. Indeed, the record contains substantial evidence that Pustelnik and one of his companies, Algo Design, received over $1.5 million between March 2015 and September 2016, but Pustelnik has failed to explain what became of that money. ECF No. 570, at 9. Because Defendants have failed to establish that they cannot pay their counsel, there is no basis to use the frozen funds to do so.

Moreover, this would not be the first time that Defendants claimed to have no funds to pay for litigation but somehow found funds. In connection with the SEC's motion for a preliminary injunction in March 2017, Defendants argued that "Avalon has no assets other than those frozen by this Court's order" and that "[i]t is unreasonable to expect Avalon to be able to retain counsel or obtain an expert without any means to pay fees or expenses." ECF No. 31, at 4. Yet, Defendants later hired two experts who issued lengthy reports. *See* ECF Nos. 245, 246, 248 (motion to exclude Ronald Filler); 258, 259, 260 (motion to exclude Haim Bodek). In short, Defendants' claim that they lack resources to pay counsel rings hollow.

Further, even if Defendants lack sufficient funds to pay their counsel now, they can pay their counsel over time. As the Court noted in its order granting the SEC's motion for remedies, Fayyer and Pustelnik have decades of their working lives ahead of them. ECF No. 574, at 21. Early in the case, the Court denied Defendants' request to release frozen funds to pay their defense counsel. ECF No. 48, at 3. Defense counsel thus were aware early on that they might not get paid immediately.

Second, equity and fairness call for the Defendants to pay their penalties first, before paying their counsel. Even if Defendants had shown that they lack any funds at the present time, it does not follow that they should be allowed to escape paying penalties now so that they can

pay their own lawyer. That would simply allow them to further escape the consequences of their wrongful conduct.

The cases cited by Defendants do not support paying their counsel out of frozen funds. Defendants cite *SEC v. Duclaud Gonzalez de Castilla*, 170 F. Supp. 2d 427 (S.D.N.Y. 2001), in which the court released preliminarily frozen funds to pay attorney's fees of certain defendants. But the court did so because it found that the SEC had not met its burden of showing likelihood of success on the merits of its claim against those defendants, and thus the basis for the freeze no longer existed. *Id.* at 430 (citing *SEC v. Gonzalez de Castilla*, 145 F. Supp. 2d 402, 419 (S.D.N.Y. 2001)). In the present case, in contrast, the SEC already has prevailed on the merits of its claims after a jury trial.

Defendants also cite *SEC v. Dowdell*, 175 F. Supp. 2d 850 (W.D. Va. 2001). In that case, the court indicated it would release funds for attorneys' fees necessary for an upcoming preliminary injunction hearing. The court reasoned that it did "not believe that it could achieve a fair result at the preliminary injunction hearing were it to deny defendants the ability to retain counsel." *Id.* at 856. In the present case, the trial was fair and has been completed. The evidence clearly established Defendants' liability. Using frozen funds to pay Defendants' counsel is not necessary to reach a "fair result."

## CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

Dated: April 24, 2020                                            Respectfully submitted,

                                                                       /s/ David J. Gottesman
                                                                       David J. Gottesman
                                                                       Olivia S. Choe
                                                                       Sarah S. Nilson

U.S. Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549
Tel: (202) 551-4470 (Gottesman)
GottesmanD@sec.gov
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2020, a true and correct copy of the above document was served on all counsel of record by filing this document using the CM/ECF system.

                                                      /s/ David J. Gottesman