**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>          v.<br><br>LEK SECURITIES CORPORATION,<br>SAMUEL LEK,<br>VALI MANAGEMENT PARTNERS dba<br>    AVALON FA LTD,<br>NATHAN FAYYER, and<br>SERGEY PUSTELNIK a/k/a SERGE<br>    PUSTELNIK<br><br>              Defendants. | Case No. **17-CV-1789 (DLC)** |

**DEFENDANT AVALON'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR PAYMENT OF EARNED LEGAL FEES AND EXPENSES**

Contrary to the SEC's misleading suggestion (Mem. at 2), defendants do not contend that the frozen assets not be used to satisfy the Court's money penalties. Rather, defendants respectfully request that of that almost $1 million in frozen funds that exceeded the disgorgement requested by the SEC and ordered by this Court, $191,600 should be allocated to satisfy Avalon's outstanding debt to its legal counsel. That debt was incurred in good faith for services rendered prior to the jury verdict in this case. The SEC has offered no legal support for why its subsequent civil penalties award should take priority over Avalon's legitimate debt to its counsel.

The SEC also misstates (Mem. at 3) the Supreme Court's holding in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1990). That Court held that it was beyond the power of a court sitting in equity to preliminarily freeze assets for the purpose of ensuring those assets' availability to satisfy subsequent money damages. *Id.* at 333. The Court's decision was based on the traditional limits of equity jurisdiction – in which equity claims and common law claims where brought in separate courts. *Id.* Because modern jurisprudence allows for both types of claims to be asserted in federal district courts does nothing to abrogate the traditional limits on this Court's equity powers. The SEC offers no logical argument why the addition of a civil penalty claim that did not exist at the time this Court's equitable jurisdiction was decreed by the Judiciary Act of 1789 should somehow expand the Court's equitable authority beyond that granted by Congress. Because the Court of Equity of England did not possess the authority to freeze assets in aid of civil penalty claims in 1789, this Court also lacks the equitable authority to do so in 2017.

Moreover, the SEC's argument ignores that more recently the Supreme Court in *Kokesh v. SEC*, ___ U.S. ___, 137 S. Ct. 1635 (2017) which held that disgorgement remedies sought by the SEC are punitive in nature and "thus bear[] all the hallmarks of a penalty." *Id* at 1644.

1

Whether or not the *Kokesh* decision can be interpreted as eliminating disgorgement as a remedy available to the SEC, it cannot be contested that the Supreme Court held that remedy when sought by the SEC "represent[s] a penalty." Thus, contrary to the SEC's argument (Mem. at 3) its complaint *did not state any equitable claims*, and thus under *Grupo*, provided no authority for this Court to issue preliminary injunctive relief. The funds frozen by this Court should therefore have been available to the Defendants to pay their attorneys; an injustice that should now be rectified by this Court.

### Conclusion

This Court previously recognized that the purpose of its freeze order was to ensure "that there are 'sufficient funds to satisfy *any disgorgement remedy* that might be ordered in the event a violation is established at trial.'" *SEC v. Lek Securities Corp.,* 17-cv-1789 (DLC), 2017 WL 1184318, at *1 (S.D.N.Y. Mar. 29, 2017) (emphasis added) (quoting *SEC v.* Stein, 07-cv-3125 (GEL), 2009 WL 1181061, at *1 (S.D.N.Y. Apr. 30, 2009). There are almost $1 million in frozen assets beyond those necessary to satisfy the disgorgement amount requested by the SEC and granted by this Court. Defense counsel earned the modest compensation requested by this Motion working for months without pay before and during trial. The Court repeatedly recognized and commended defense counsels' assistance in significantly aiding in the efficient and orderly resolution of this matter. Avalon incurred this modest debt for services faithfully rendered before it owed any debt to the SEC. Respectfully, the Court should order that a very small portion of the frozen funds be allocated to satisfy that debt and to compensate counsel for its work.

Dated: May 1, 2020

James M Wines
SDNY Bar. No. JW5859
**Law Office of James M Wines**
1802 Stirrup Lane
Alexandria, VA 22308
202.297.6768
winesj@wineslegal.com