```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 -------------------------------------- X
                                        :
 SECURITIES AND EXCHANGE COMMISSION,    :
                                        :
                           Plaintiff,   :    17cv1789 (DLC)
                                        :
                 -v-                    :    MEMORANDUM
                                        :    OPINION AND
 LEK SECURITIES CORPORATION, SAMUEL     :       ORDER
 LEK, VALI MANAGEMENT PARTNERS dba      :
 AVALON FA LTD, NATHAN FAYYER, and      :
 SERGEY PUSTELNIK,                      :
                                        :
                           Defendants.  :
                                        :
 -------------------------------------- X
```

Appearances

For the plaintiff:
David J. Gottesman
Olivia S. Choe
Sarah S. Nilson
U.S. Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549

For the defendants:
James M. Wines
Law Office of James Wines
1802 Stirrup Lane
Alexandria, VA 22308

DENISE COTE, District Judge:

This case was filed on March 10, 2017. On the same day, the Court entered a temporary restraining order (the "freeze order") freezing approximately $5.5 million in assets (the "frozen funds") of defendant Vali Management Partners dba Avalon FA Ltd ("Avalon"). On November 12, 2019, following a trial, a jury found that Nathan Fayyer, Sergey Pustelnik, and Avalon

(collectively, the "Defendants") had violated several anti-fraud and anti-manipulation provisions of the Securities Exchange Act of 1934 and the Securities Act of 1933.  On March 20, 2020, the Court largely granted plaintiff Securities and Exchange Commission's (the "SEC") motion for judgement including remedies.  <u>Sec. & Exch. Comm'n v. Lek Sec. Corp.</u>, No. 17CV1789 (DLC), 2020 WL 1316911, at *1 (S.D.N.Y. Mar. 20, 2020) (the "Remedies Opinion").

On April 10, 2020, the Defendants filed a motion seeking the release of $191,600 from the frozen funds to satisfy outstanding legal expenses.  The SEC opposed the release of funds to the Defendants' counsel on April 24.  The motion became fully submitted on May 1.

Meanwhile, the Court entered final judgment on April 14, 2020.  In addition to injunctive relief, the Court found the defendants jointly and severally liable for $4,627,314 in disgorgement and prejudgment interest.  Each defendant was also assessed $5 million in civil penalties.  Approximately $1 million of the frozen assets remained after application of the funds to disgorgement and prejudgment interest.  On April 28, 2020, the Clerk of Court distributed $2,633,146.32 of the frozen assets and defendant Lek Securities Corporation surrendered $2,650,452.29 of funds that were held in its accounts for the benefit of Avalon and that were subject to the freeze order.  On

May 27, 2020, the SEC acknowledged receipt of these funds and represented that they satisfied the disgorgement amount, prejudgment interest, and a portion of Avalon's civil penalty. Avalon remains liable for the remainder of its civil penalty -- totaling $4,343,715.39 -- while Fayyer and Pustelnik are liable for the full $5 million in civil penalties.

"It is well established that Section 22(a) of the Securities Act of 1933 and Section 27 of the Securities Exchange Act of 1934 confer general equity powers upon the district courts that are invoked by a showing of a securities law violation."  Smith v. S.E.C., 653 F.3d 121, 127 (2d Cir. 2011) (citation omitted).  "Once the equity jurisdiction of the district court properly has been invoked, the court has power to order all equitable relief necessary under the circumstances." Id. (citation omitted).  "The purpose of such an asset freeze is to ensure that any funds that may become due can be collected." Id. (citation omitted).  Asset freeze orders in SEC enforcement cases may be granted "in an amount sufficient to cover not just the profits that might have to be disgorged but the civil penalty."  S.E.C. v. Unifund SAL, 910 F.2d 1028, 1041 (2d Cir. 1990); S.E.C. v. Compania Internacional Financiera S.A., No. 11 CIV 4904 DLC, 2011 WL 3251813, at *12 (S.D.N.Y. July 29, 2011) ("[T]he Second Circuit has authorized an order freezing both the amount of disgorgement and . . . civil penalt[ies].").

As this Court explained in denying Avalon's motion to access the frozen funds before trial to pay attorney's fees, "[t]o modify a temporary restraining order freezing assets to permit the payment of attorney's fees or expert fees, the applicant must establish that such a modification is in the interest of the defrauded investors." Sec. & Exch. Comm'n v. Lek Sec. Corp., No. 17CV1789 (DLC), 2017 WL 1184318, at *1 (S.D.N.Y. Mar. 29, 2017) (citation omitted). "The applicant must establish both that the funds he seeks to release are untainted, and that there are sufficient funds to satisfy any disgorgement remedy that might be ordered in the event a violation is established at trial." Id. (emphasis supplied) (citation omitted).

The Defendants' April 10 motion is denied. Defendants apparently agree that the frozen funds can be used satisfy the disgorgement award and the civil penalties set forth in the April 14 final judgment. They argue, however, that principles of equity counsel in favor of allowing the Defendants to access the frozen funds for outstanding legal fees. They do not.

First, the Defendants do not suggest that the funds they now seek to use for their personal legal debts were untainted by illegality. Although the frozen assets exceed the disgorgement amount, they pale in comparison to the sum generated by the Defendants' illegal market manipulation; as described in the

4

Remedies Opinion, the revenue that could be traced to illegal activity exceeded $29 million.[1]  Sec. & Exch. Comm'n v. Lek Sec. Corp., 2020 WL 1316911, at *2.

Second, the Defendants offer no evidence that they are unable to pay counsel.  In their brief in opposition to the SEC's motion for judgment including remedies, Fayyer and Pustelnik asserted that they have limited resources.  Defendants have not, at any stage, provided evidence of Avalon's financial condition.  Furthermore, as the Court explained in the Remedies Opinion, Fayyer and Pustelnik's current financial condition does not foreclose their being able to satisfy the obligations that they incurred as a result of their years-long schemes to manipulate the securities markets.

Nor does denying access to the frozen funds imperil the Defendants' right to a fair trial.  In contrast to the cases upon which the Defendants rely, they have not claimed that due process demands that they have access to the funds to pay counsel.  Having already been found liable by a jury with the full benefit of their attorneys, their fair trial rights have been fully vindicated.

Accordingly, it is hereby

---

[1] The remainder of the revenue generated by the Defendants' securities fraud was distributed to Avalon's traders.  Sec. & Exch. Comm'n v. Lek Sec. Corp., 2020 WL 1316911, at *2.

ORDERED that the Defendants' April 10 motion is denied.

SO ORDERED:

Dated:   New York, New York
         June 5, 2020

_____<br>
DENISE COTE<br>
United States District Judge