UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>     v.<br><br>LEK SECURITIES CORPORATION,<br>SAMUEL LEK,<br>VALI MANAGEMENT PARTNERS dba<br>  AVALON FA LTD,<br>NATHAN FAYYER, and<br>SERGEY PUSTELNIK a/k/a<br>SERGE PUSTELNIK,<br><br>       Defendants. | CASE NO. 17-CV-1789 (DLC) |

## AMENDED FINAL JUDGMENT AGAINST DEFENDANTS
## AVALON FA LTD, NATHAN FAYYER, AND SERGEY PUSTELNIK

    This matter having come before the Court following trial by jury, and the jury unanimously having found in favor of Plaintiff Securities and Exchange Commission ("SEC" or the "Commission") and against Defendants Vali Management Partners dba Avalon FA Ltd ("Avalon"), Nathan Fayyer ("Fayyer"), and Sergey Pustelnik a/k/a Serge Pustelnik ("Pustelnik") on liability; and the Court having considered the evidence and the parties' submissions regarding remedies, and the record herein; the original final judgment having been appealed to the U.S. Court of Appeals for the Second Circuit and this case having been remanded to this Court; and this Court having considered the further submissions of the parties, the Court hereby enters this Amended Final Judgment in favor of the SEC and against each of the said Defendants.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Avalon, Fayyer, and Pustelnik each are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise: (a) Each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants Avalon, Fayyer, and Pustelnik each are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise: (a) Each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants Avalon, Fayyer, and Pustelnik each are permanently restrained and enjoined from violating Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)], directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce,

or of any facility of any national securities exchange, or for any member of a national securities exchange to:

effect, alone or with one (1) or more other persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise: (a) Each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each of Defendants Avalon, Fayyer, and Pustelnik is liable for a civil penalty in the amount of $7,500,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

The SEC has already collected $5,283,598.61 from Avalon. This amount shall be applied towards the civil penalty ordered herein against Avalon, leaving $2,216,401.39 owing from Avalon for the civil penalty ordered against it. Avalon shall satisfy this obligation by paying $2,216,401.39 to the Securities and Exchange Commission within 30 days after entry of

4

this Amended Final Judgment.  Defendants Fayyer and Pustelnik each shall satisfy their obligations under this section by each paying $7,500,000 to the Securities and Exchange Commission within 30 days after entry of this Amended Final Judgment.

Defendants Avalon, Fayyer, and Pustelnik may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants Avalon, Fayyer, and Pustelnik may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur
> Boulevard Oklahoma City, OK
> 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying by name the Defendant as a defendant in this action; and specifying that payment is made pursuant to this Amended Final Judgment.

The Defendant making such payment shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Amended Final Judgment to the United States Treasury.

Each Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

The Court shall retain jurisdiction of this matter for purposes of enforcing this judgment.

Dated: February 9, 2021

_____
DENISE COTE
United States District Judge

6